VENABLE LLP
J. DOUGLAS BALDRIDGE (*pro hac vice*)
Email:    jbaldridge@venable.com
ANDREW T. HERNACKI (*pro hac vice*)
Email:    athernacki@venable.com
575 7th Street, NW
Washington D.C., 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300

TAMANY VINSON BENTZ (SBN 258600)
Email:    tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Taylor A. Swift, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>                         Plaintiffs,<br><br>                 v.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation,  TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, and AMERICAN GREETINGS CORPORATION, an Ohio Corporation.<br><br>                         Defendants. | CASE NO. 8:14-cv-00782<br><br>Honorable Cormac J. Carney<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6); MEMORANDUM IN SUPPORT THEREOF**<br><br><br>Action Filed:  June 10, 2014<br><br>Hearing Date: September 22, 2014, 1:30 p.m.<br><br>Trial Date:     Not set |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on September 22, 2014 at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701, Defendants Taylor Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., TAS Rights Management, LLC, and American Greetings Corporation ("American Greetings") (collectively, "Defendants") hereby move to dismiss the First Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Plaintiffs have failed to state a plausible claim for trademark dilution because they have not – and cannot – plead facts to demonstrate an essential element of a dilution claim under the Lanham Act: that Plaintiffs' asserted mark is "famous."   Further, Plaintiffs have failed to plead facts to support any likelihood of confusion and, therefore, have failed to state a plausible claim for trademark infringement or unfair competition under the Lanham act.  As there is no likelihood of confusion and subsequently no trademark infringement or unfair competition, Plaintiffs' state-law claim for unfair competition under California Business and Professions Code § 17200 must also fail.  Finally, California's common-law misappropriation doctrine does not extend to trademark infringement, which is the sole basis for Plaintiffs' misappropriation claim, and therefore must be dismissed.  For these and other reasons described more fully in the accompanying Memorandum of Points and Authorities, Plaintiffs' First Amended Complaint should be dismissed in its entirety with prejudice.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, a Request for Judicial Notice filed concurrently herewith, all pleadings, papers and files herein, and such further arguments and evidence that are presented at or before or after the hearing on this matter.

1

Defendants notified Plaintiffs of this motion on July 23, 2014, at which time Defendants tried to schedule either an in-person or telephonic conference to discuss the bases for the motion.  The parties conferred on July 25, 2014, regarding the motion and Defendants' arguments made herein.


DATED:      August 4, 2014              VENABLE LLP


                              By: /s/ Tamany Vinson Bentz
                                  J. Douglas Baldridge
                                  Tamany Vinson Bentz
                                  Andrew T. Hernacki
                                  Attorneys for Defendants TAYLOR A.
                                  SWIFT, TAYLOR NATION, LLC, TAYLOR
                                  SWIFT PRODUCTIONS, INC., SWIFT
                                  MERCHANDISING, INC., TAS RIGHTS
                                  MANAGEMENT, LLC, and AMERICAN
                                  GREETINGS CORPORATION

8320041-v13                              Motion To Dismiss; Memorandum

1
2

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ..................................................................................1

II.     PROCEDURAL BACKGROUND ........................................................2

III.    LEGAL PRINCIPLES GOVERNING THIS MOTION .........................3

IV.     PLAINTIFFS' TRADEMARK DILUTION CLAIM SHOULD BE
        DISMISSED ........................................................................................4

        A.      Plaintiffs Have Failed to Sufficiently Plead Fame ...................4

V.      WITH NO PLAUSIBILE FACTS TO SUPPORT LIKELIHOOD OF
        CONFUSION, PLAINTIFFS HAVE FAILED TO STATE CLAIMS
        FOR TRADEMARK INFRINGEMENT AND UNFAIR
        COMPETITION ...................................................................................8

        A.      There Was No Likelihood of Confusion Between Lucky 13 and
                Ms. Swift or American Greetings ..........................................11

        B.      There Was No Likelihood of Confusion Between Any Products
                or Goods ...............................................................................13

                1.      There Was No Likelihood of Confusion Between Any
                        Lucky 13 Goods and American Greetings' Greeting
                        Cards or the Sweepstakes ...........................................13

                2.      There Was No Likelihood of Confusion Between Any
                        Lucky 13 Goods and the Allegedly Infringing T-Shirt .........15

VI.     PLAINTIFFS' CLAIM UNDER § 17200 AND FOR COMMON
        LAW MISAPPROPRIATION SHOULD BE DISMISSED .....................16

VII.    PLAINTIFFS FIRST AMENDED COMPLAINT SHOULD BE
        DISMISSED WITH PREJUDICE ........................................................17

VIII.   CONCLUSION ..................................................................................19

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

8320041-v13                                      Motion To Dismiss; Memorandum

# TABLE OF AUTHORITIES

**Cases**

*AMF, Inc. v. Sleekcraft Boats*, 559 F.2d 341, 348-49 (9th Cir. 1979)..........................9

*Anheuser-Busch, Inc. v. Andy's Sportswear, Inc.*, No. C-96-2783 TAG, 1996 WL 657219 (N.D. Cal. Aug. 28, 1996)..........................5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)..........................3

*Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999)..........................5, 6

*Bd. of Regents, Univ. of Texas Sys. v. KST Elect., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex 2008)..........................5, 6

*Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007)..........................3, 10

*Belluomini v. Citigroup, Inc.*, Case No. 13-01743 CRB, 2013 WL 5645168, at *3 (N.D. Cal., Oct. 16, 2013)..........................17

*Blue Sphere, Inc. v. H&H Sports Protection USA, Inc.*, Case No. 8:13-cv-01343-AJW, Complaint at ¶¶ 9, 11 (C.D. Cal, filed Aug. 29, 2013)..........................7

*Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994)..........................16

*Coalition for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010)..........................3

*Dahon N. Am., Inc. v. Hon*, No. 2:11-cv-5835-ODW, 2012 WL 1413681, at *9 (C.D. Cal. Apr. 24, 2012)..........................4, 5, 6

*Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1992)..........................9

*Gottlieb Development LLC v. Paramount Pictures*, 590 F.Supp.2d 625, 635-36 (S.D.N.Y. 2008)..........................9

*Green v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007)..........................5, 7

*KP permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004)..........................9

*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)..........................17

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1161 (9th Cir. 2011)..........................4

*Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985)..........................9

*Mattel Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1157 (C.D. Cal. 1998)..........................17

*Mattel, Inc. v. J. Com, Inc.*, No. 97 Civ. 7191 (S.S.), 1998 WL 766711 (S.D.N.Y. Sept. 10, 1998)..........................5

*Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n. 19 (9th Cir. 2003)..........................9

*Mejia & Assoc. v. IBM Corp.*, 920 F. Supp. 540, 547–48 (S.D.N.Y.1996)..........................13

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

*Murray v. Cable NBC,* 86 F.3d 858, 861 (9th Cir. 1996) ................................................9

*Nike, Inc. v. Variety Wholesalers, Inc.*, 274 F. Supp. 2d 1352, 1372 (S.D. Ga. 2003), *aff'd* 107 Fed. Appx. 183 (11th Cir. 2004) ...........................................................5

*Palm Bay Imports, Inc. v. Veuve Clicquot Ponsardin Mason Fondee En 1772*, 396 F.3d 1369, 1375 (Fed. Cir. 2005) ...................................................................7

*Philbrick v. eNom, Inc.*, 593 F. Supp. 2d 352, 366-67 (D.N.H. 2009) ......................5, 6

*Planet Coffee Roasters, Inc. v. Dam,* No. 2009 WL 2486457, at *3 (C.D. Cal, Aug. 12, 2009) ..................................................................................................8

*R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-C-1174, 2004 WL 1613563 (N.D. Ill. July 19, 2004) ...........................................................5

*Spearmint Rhino Companies Worldwide, Inc. v. Chiappa Firearms, Ltd.*, 2012 WL 8962882, at *3 (C.D. Cal. Jan. 20, 2012)........................................9, 10, 11, 14

*Spreewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) ......................4

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009) ........5

*TCPIP Holding Co. v. Haar Comms., Inc.*, 244 F.3d 88, 99 (2d Cir. 2001) ..................5

*Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir. 2002) ................5

*Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981) .................10, 13, 17

*Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) .........................................................................................................5

*Walsh Bishop Assoc., Inc. v. O'Brien*, 2012 WL 669069, at *8 (D. Minn. Feb. 28, 2012)..........9

*Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) ....................................8

*Xen, Inc. v. Citrix Systems, Inc.*, 2012 WL 5289609, at *6 (C.D. Cal, Oct. 5, 2012).................8

**Statutes**

15 U.S.C. § 1125.................................................................................4, 5, 8

California Business and Professions Code § 17200 ..........................................16

**Treatises**

Thomas McCarthy, 4 *McCarthy on Trademarks and Unfair Competition*, § 24:104 (4th ed. 2014) ...............................................................................................5

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

iii

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The gravamen of Plaintiffs' First Amended Complaint ("FAC)" is that Defendants "marketed and sold Lucky 13 apparel" and developed and advertised a "Lucky 13" sweepstakes without first obtaining a license.[1]  The objective of Plaintiffs' lawsuit, however, does not appear to be to redress harm caused by Defendants; rather, it is to lever unearned commercial relationships with Ms. Swift and American Greetings to promote and endorse Plaintiffs' little-known apparel company.

Plaintiffs' claims, however, should be dismissed because they are legally and factually unsupportable.

- **Trademark Dilution:** Trademark dilution claims are reserved for a class of truly elite trademarks including those that have become household names, such as "Coca-Cola," "Starbucks," and "Kodak."   While Plaintiffs make conclusory allegations about fame, their factual allegations make clear that they do not have a famous mark.  Indeed, many of Plaintiffs' factual allegations contradict their trademark dilution claim.  For instance, Plaintiffs repeatedly allege that Lucky 13 is "small" and "tiny," which is wholly inconsistent with alleging a famous mark.  Plaintiffs' dilution claim is further undermined by allegations they have made in other trademark disputes.  In another matter before this Court, Plaintiffs did not allege dilution or a famous mark and, instead, admitted they had a limited

---

[1] The claims as to the allegedly infringing apparel are brought only against Taylor Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., and TAS Rights Management, LLC (collectively, "the Swift Defendants"), and not against American Greetings. The only claim as to American Greetings is that Lucky 13 customers bought or might buy American Greetings' greeting cards after allegedly being confused by or participating in the "American Greetings and Taylor Swift's 'Lucky 13' Sweepstakes."

8320041-v13                                          Motion To Dismiss; Memorandum

customer base, specifically the Orange County rock and "rockabilly scene."[2]

- **Trademark Infringement and Unfair Competition:** Plaintiffs have not, and indeed cannot, plead any facts to demonstrate a likelihood of consumer confusion.  Defendants' allegedly infringing conduct–a sweepstakes and the Swift Defendants' selling a St. Patrick's Day t-shirt–are drastically different and totally unrelated to Plaintiffs' use of "Lucky 13."  Plaintiffs' own allegations make it evident that no consumer would mistakenly enter the sweepstakes or purchase the t-shirt thinking them to be associated with Plaintiffs.  Without a likelihood of confusion, Plaintiffs have not and cannot assert a claim for trademark infringement or unfair competition.

- **Misappropriation:**  As a matter of law, Plaintiffs cannot assert a common law misappropriation claim based upon trademark infringement.  Here, however, that is the only alleged basis for Plaintiffs' claim and it should be dismissed.

Plaintiffs recently amended their complaint in a possible attempt to rectify the deficiencies in their claims.  The amendment, however, only made the flaws in their claims more evident.  There are more allegations in the amended pleading that undercut Plaintiffs' infringement and dilution claims and even more reasons to dismiss the claims.  Since Plaintiffs have already amended their pleadings once and failed to correct the inadequacies in their claims, Defendants respectfully seek dismissal of all claims with prejudice.

## II.   PROCEDURAL BACKGROUND

Plaintiffs filed their original Complaint on May 20, 2014, alleging trademark infringement, dilution, and unfair competition under the Lanham Act as well as

---

[2] Defendants filed a Request for Judicial Notice (Document 22) concurrently with this motion, in which Defendants request the Court take judicial notice of the complaint filed in this other litigation referenced herein.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   unfair competition and misappropriation under California law.

2     On June 26, 2014, before the deadline for Defendants to respond to the

3   initial Complaint, Plaintiffs filed their FAC. In the FAC, Plaintiffs added

4   American Greetings as a defendant and revised some of their factual allegations.

5   Document No. 11. The FAC includes approximately 220 pages of exhibits, many

6   of which are wholly unrelated to Plaintiffs' claims.

7   **III.** **LEGAL PRINCIPLES GOVERNING THIS MOTION**

8     Federal Rule 8 "demands more than an unadorned, the-defendant-

9   unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10   Therefore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

11   recitation of the elements of a cause of action will not do.'" *Bell Atl. v. Twombly*,

12   550 U.S. 544, 555-57 (2007). Nor does a complaint suffice if it tenders 'naked

13   assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678.

14   (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted)).

15     To survive a motion to dismiss, a complaint must contain sufficient factual

16   matter, accepted as true, to "state a claim for relief that is plausible on its face."

17   *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "The plausibility standard is not

18   akin to a probability requirement, but it asks for more than a sheer possibility that a

19   defendant has acted unlawfully.... Where a complaint pleads facts that are merely

20   consistent with a defendant's liability, it stops short of the line between possibility

21   and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

22   550 U.S. at 556-57) (internal quotation marks omitted). Further, "factual

23   allegations must be enough to raise a right to relief above the speculative level."

24   *Twombly*, 550 U.S. at 555. All allegations of material fact are taken as true and are

25   construed in the light most favorable to the non-moving party. *Coalition for*

26   *ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

27   However, a court is not required to accept as true conclusory allegations,

28   unreasonable inferences, or unwarranted deductions of fact. *Dahon N. Am., Inc. v.*

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

3

                   Motion To Dismiss; Memorandum

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

*Hon*, No. 2:11-cv-5835-ODW, 2012 WL 1413681, at *9 (C.D. Cal. Apr. 24, 2012)

(citing *Spreewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   PLAINTIFFS' TRADEMARK DILUTION CLAIM SHOULD BE DISMISSED

In order to plead a trademark dilution claim, Plaintiffs must plead that they have a famous trademark and facts to support the fame allegation.  The standard for fame is high and Plaintiffs' factual allegations in this case and others make it clear they cannot meet the standard.  In fact, the factual allegations in this and other litigation are so adverse to Plaintiffs' fame allegation that it would be impossible for Plaintiffs to allege facts to support fame without admitting that their FAC and pleadings in other cases made material misrepresentations to the Court. For this reason, Count III should be dismissed with prejudice.

### A.   Plaintiffs Have Failed to Sufficiently Plead Fame

Plaintiffs' dilution claim should be dismissed because Plaintiffs failed to allege facts to support the most important element of a dilution claim – that they have a "famous" mark.  The Lanham Act requires a plaintiff asserting a dilution claim to show, in relevant part, that the plaintiff is the owner of a mark that is famous.  15 U.S.C. § 1125(c)(1); *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1161 (9th Cir. 2011).  A mark is "famous" if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner."  15 U.S.C. § 1125(c)(2)(A).

While the Lanham Act provides several guideposts in assessing whether a mark possesses the requisite fame,[3] courts from across the country, including this

---

[3] The non-exclusive considerations listed in the Lanham Act are: (1) the duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or third parties; (2) the amount, volume, and geographic extent of sales of goods and services offered under the mark; (3) the extent of actual recognition of the mark; and (4) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on

(continued…)

1    Court, have routinely and unequivocally explained that dilution claims are

2    restricted to "truly famous marks."[4] A "famous" mark is one that is a household

3    name, such as Budweiser, Barbie, and Coca-Cola.  *Dahon N. Am., Inc. v. Hon*, No.

4    2:11-cv-5835-ODW, 2012 WL 1413681, at *9 (C.D. Cal., Apr. 24, 2012)

5    ("dilution claims are restricted to truly famous marks, such as Budweiser beer,

6    Camel cigarettes, and Barbie dolls" and "Coca-Cola").  Simply notable marks,

7    such as the University of Texas Longhorns logo, are not "famous" marks.  *Bd. of*

8    *Regents, Univ. of Texas Sys. v. KST Elect., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D.

9    _____

10   (continued)

11   the principal register.  15 U.S.C. § 1125(c)(2)(A).  Plaintiffs' allegations here do not rely on
     these guideposts.  Nowhere in the FAC do Plaintiffs allege the volume or amount of sales by
12   geographic region or anything other than a conclusory allegation that the mark is of any actual
     recognition.

13   [4] *Dahon N. Am., Inc. v. Hon*, No. 2:11-cv-5835-ODW, 2012 WL 1413681, at *9 (C.D. Cal. Apr.
     24, 2012) ("dilution claims are restricted to truly famous marks, such as Budweiser beer, Camel
14   cigarettes, and Barbie dolls" and "Coca-Cola") (citing *Bd. of Regents, Univ. of Texas Sys. v. KST
     Elect., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex 2008) (holding that the University of Texas
15   Longhorn logo was not a famous mark)); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874
     (9th Cir. 1999) (explaining that federal dilution as a cause of action is "reserved for a select class
16   of marks – those with such powerful consumer associations that even non-competing uses can
     impinge on their value"); *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir.
17   2002) (limiting dilution protection to only those whose marks are a "household name."); Thomas
     McCarthy, 4 *McCarthy on Trademarks and Unfair Competition*, § 24:104 (4th ed. 2014)
18   (explaining that the fame requirement "is a difficult and demanding requirement" which limits
     the extraordinary relief of the federal anti-dilution act to "truly prominent and renowned" and
19   "truly elite" marks); *see also Anheuser-Busch, Inc. v. Andy's Sportswear, Inc.*, No. C-96-2783
     TAG, 1996 WL 657219 (N.D. Cal. Aug. 28, 1996) (Budweiser is a famous mark); *R.J. Reynolds
20   Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-C-1174, 2004 WL 1613563 (N.D. Ill. July
     19, 2004) (Camel cigarettes is a famous mark); *Mattel, Inc. v. J. Com, Inc.*, No. 97 Civ. 7191
21   (S.S.), 1998 WL 766711 (S.D.N.Y. Sept. 10, 1998) (Barbie is a famous mark); *Philbrick v.
     eNom, Inc.*, 593 F. Supp. 2d 352, 366-67 (D.N.H. 2009) (noting that the standard for fame is
22   "rigorous and extends protection only to highly distinctive marks that are well-known throughout
     the country," and holding that even sales in 50 states and reliance on a mark for 25 years is
23   "manifestly insufficient to create a genuine issue as to whether a mark is famous.") (citing *Green
     v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007))*; Volvo Trademark Holding AB v.
24   Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) (finding the "VOLVO" mark
     famous because it enjoys "widespread recognition in the United States"); *Nike, Inc. v. Variety
25   Wholesalers, Inc.*, 274 F. Supp. 2d 1352, 1372 (S.D. Ga. 2003), *aff'd* 107 Fed. Appx. 183 (11th
     Cir. 2004) (noting that court has no difficulty in concluding that the Nike "swoosh" qualifies as a
26   famous mark); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009)
     ("STARBUCKS" is a famous mark); *TCPIP Holding Co. v. Haar Comms., Inc.*, 244 F.3d 88, 99
27   (2d Cir. 2001) (explaining that marks such as Dupont, Buick, and Kodak exemplify famous
     marks entitled to anti-dilution protection).

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

8320041-v13

Tex. 2008) (holding that the University of Texas Longhorn logo was not a famous mark).

Plaintiffs' allegations concerning its "LUCKY 13" mark do not even come close to meeting the requisite degree of nationwide fame required for a federal dilution claim.  Indeed, the factual allegations contradict Plaintiffs' dilution claim.

First, Plaintiffs' allegations of nationwide fame are merely conclusory and lack the factual support necessary to allege a plausible claim for relief.  *See e.g.,* Document 11, FAC at ¶¶ 26 ("Lucky 13 has built up extensive and valuable business and goodwill in connection with the marketing and sale of its LUCKY 13 goods throughout the world"); 28 ("Lucky 13 has invested and continues to invest substantial time, money, and effort in promoting and advertising its LUCKY 13 goods in United States commerce"); 29 ("Lucky 13 has also marketed and sold the LUCKY 13 Goods" in other countries); 30 (Lucky 13 has engaged in "extensive worldwide marketing" and "enjoy[s] significant consumer goodwill"); 31 ("Lucky 13 and its licensing partners have sold a significant amount of LUCKY 13 branded goods in the United States and worldwide" earning "several million dollars," and "[a]s such Lucky 13's consumers have come to associate Lucky 13 as the source of LUCKY 13 consumer goods.").  Plaintiffs' conclusory assertions fail to satisfy the basic pleading standards under *Twombly* and *Iqbal* and, therefore, this claim should be dismissed.  *See e.g., Dahon N. Am. Inc.*, 2012 WL at *9 (granting motion to dismiss where Plaintiff "supplied only conclusions relating to fame").

Second, even if true and factually supported, these allegations fall woefully short of establishing that Lucky 13 is a truly elite mark capable of being diluted.  Alleging distinctiveness of a mark is not enough to plead fame.  *See e.g., Avery Dennison Corp.*, 189 F.3d at 878 ("famousness requires a showing more than mere distinctiveness").  Alleging nationwide sales and lengthy use of the mark is also not enough to allege fame.  *See Philbrick v. eNom, Inc.*, 593 F. Supp. 2d at 366-67 (noting that the standard for fame is "rigorous and extends protection only to

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6

1    highly distinctive marks that are well-known throughout the country," and holding

2    that even sales in 50 states and reliance on a mark for 25 years is "manifestly

3    insufficient to create a genuine issue as to whether a mark is famous.") (citing

4    *Green v. Fornario*, 486 F.3d 100, 105 (3d Cir. 2007)).

5        Third, Plaintiffs' factual allegations contradict their fame allegations and,

6    thus, show they cannot plead fame.  *Palm Bay Imports, Inc. v. Veuve Clicquot*

7    *Ponsardin Mason Fondee En 1772*, 396 F.3d 1369, 1375 (Fed. Cir. 2005)

8    ("dilution fame is an either/or proposition – fame either does or does not exist").

9    Plaintiffs affirmatively pled "Lucky 13 is a small, individually owned company"

10   (FAC ¶¶ 1 & 24) and "tiny Lucky 13" (*id*. at ¶ 5).  Taken as a whole, the

11   allegations show Blue Sphere's true colors: it is a small, regional apparel company

12   that focuses on selling to "motorcycle riders, custom bike riders, custom chopper

13   owners, hot rodders, surfers, and skateboarders."  *Blue Sphere, Inc. v. H&H Sports*

14   *Protection USA, Inc.*, Case No. 8:13-cv-01343-AJW, Complaint at ¶¶ 9, 11 (C.D.

15   Cal., filed Aug. 29, 2013), Document 22, Defendants' Request for Judicial Notice.

16   Likewise, Plaintiffs admitted the limited reach of their own marks when it suited

17   their purpose in prior litigation.  In a trademark lawsuit filed by Blue Sphere in

18   August 2013, Blue Sphere affirmatively pled the limited reach of its own "Lucky-

19   13" trademark and stated: "Lucky-13 *is* Orange County" (emphasis in original) and

20   Mr. Kloetzly "created an apparel company that was and is synonymous with the

21   Orange County rock and rockabilly scene, including motorcycle aficionados and

22   the fun-loving, tattoo-wearing, consumers."   *Blue Sphere, Inc. v. H&H Sports*

23   *Protection USA, Inc.*, Complaint at ¶ 14; Document 22, Defendants' Request for

24   Judicial Notice.  "Orange County" and "rockabilly" are not national or

25   international fame.

26       Plaintiffs must have recognized the deficiencies of their original complaint

27   because they feebly attempted to satisfy this rigorous standard by adding to their

28   FAC the naked and conclusory assertions that "Indeed, LUCKY 13 is a famous

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

7

Motion To Dismiss; Memorandum

trademark," (FAC ¶ 38) and the mark has "become famous and distinctive through Lucky 13's decades of advertising, marketing, and selling LUCKY goods" (*id.* ¶ 105).  However, simply saying that you are famous does not make it so.

While Lucky 13 may have some "goodwill" and some recognition among a small market of "Lucky 13's consumers," such allegations do not – because they cannot – meet the demanding standard for nationwide fame.  15 U.S.C. § 1125(c)(2)(A); *Xen, Inc. v. Citrix Systems, Inc.*, 2012 WL 5289609, at *6 (C.D. Cal., Oct. 5, 2012) ("Niche market fame is insufficient."); *Planet Coffee Roasters, Inc. v. Dam*, No. 2009 WL 2486457, at *3 (C.D. Cal., Aug. 12, 2009) (noting that federal law was amended to define "fame" and specifically exclude "niche fame").

Accordingly, Plaintiffs simply have not and cannot plead any facts to demonstrate that their mark is famous without admitting that their FAC and pleadings in other cases made material misrepresentations to the Court.  Plaintiffs' dilution claim should therefore be dismissed.

## V.   WITH NO PLAUSIBILE FACTS TO SUPPORT LIKELIHOOD OF CONFUSION, PLAINTIFFS HAVE FAILED TO STATE CLAIMS FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Blue Sphere's Lanham Act trademark infringement and unfair competition claims (Counts I and II) mirror each other.  *See* FAC ¶¶ 78-89, 90-100.  For these claims, Blue Sphere needed to allege plausible facts to support that Defendants' use of the Lucky 13 mark is likely to confuse consumers. 15 U.S.C. §1125(a); *Walter v. Mattel, Inc.*, 210 F.3d 1108, 1111 (9th Cir. 2000) (explaining that the test for infringement, false designation of origin, and unfair competition under the Lanham Act is the same: whether there was a likelihood of confusion).  Likelihood of confusion must "be probable, not simply a possibility." *Murray v. Cable NBC,*

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

Motion To Dismiss; Memorandum

86 F.3d 858, 861 (9th Cir. 1996).  Because Blue Sphere has not alleged facts to show confusion is probable, these claims should be dismissed.[5]  *See Spearmint Rhino Companies Worldwide, Inc. v. Chiappa Firearms, Ltd.*, 2012 WL 8962882, at *3 (C.D. Cal. Jan. 20, 2012) (granting motion to dismiss trademark infringement claim because "there is no likelihood of confusion as a matter of law"); *Walsh Bishop Assoc., Inc. v. O'Brien*, 2012 WL 669069, at *8 (D. Minn. Feb. 28, 2012) (granting motion to dismiss trademark complaint where plaintiff "failed to state facts from which the court could draw a reasonable inference of a likelihood of confusion"); *Gottlieb Development LLC v. Paramount Pictures*, 590 F.Supp.2d 625, 635-36 (S.D.N.Y. 2008) (granting motion to dismiss trademark infringement claim where plaintiff's allegations did not support plausible claim of likelihood of confusion).

The hallmark of any claim for trademark infringement is whether defendants' uses are likely to cause consumer confusion about the source of the good.  *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985); *Spearmint Rhino*, 2012 WL  at *1 (C.D. Cal., Jan. 20, 2012).[6]  Confusion is likely when a "reasonably prudent consumer," is likely to be confused as to the origin of a good or service.  *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1992).[7]  On a motion to dismiss, "courts may determine that

---

[5] Notably, Plaintiffs have also not alleged a single instance of actual confusion or point to any consumers who actually purchased the allegedly infringing products as a result of confusion.

[6] Even Plaintiffs asserting incontestable marks have the burden of alleging and proving likelihood of confusion.  *See KP permanent Make-up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 124 (2004) ("plaintiff claiming infringement of an incontestable mark must show likelihood of consumer confusion as part of the prima facie case…").

[7] In evaluating likelihood of confusion, courts may consider a non-exhaustive list of factors including: (1) strength of the mark; (2) relatedness to the goods; (3) similarity of sight, sound, and meaning; (4) evidence of actual confusion; (5) marketing channels; (6) type of goods and purchaser care; (7) intent; and (8) likelihood of expansion.  *AMF, Inc. v. Sleekcraft Boats*, 559 F.2d 341, 348-49 (9th Cir. 1979), *abrogation in part on other grounds recognized by Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 810 n. 19 (9th Cir. 2003).

Motion To Dismiss; Memorandum

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

likelihood of confusion does not exist as a matter of law when no facts are alleged which permit a conclusion that consumers are likely to be confused as to source of sponsorship." *Spearmint Rhino*, 2012 WL at *1 (citing *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788 (9th Cir. 1981)).

A detailed analysis of the *Sleekcraft* factors is not necessary here, as it is readily apparent from Plaintiffs' allegations that they have failed to plead any facts to demonstrate "above the speculative level" that a "reasonably prudent consumer" was likely to be confused.  *See Twombly*, 550 U.S. at 555.  Plaintiffs attempt to allege likelihood of confusion in several paragraphs, for instance:

> Swift's infringement of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks is clear-cut.  Lucky 13 is concerned that Swift's past use and any future use of the term "Lucky 13" to market and sell apparel and related products is likely to cause and will continue to cause confusion with and dilute the significant value of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks.  (FAC ¶ 62);

> Swift has caused and is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Lucky 13's LUCKY 13® Goods, (b) as to an affiliation, connection or association between Lucky 13 and Swift, and (c) as to the sponsorship or approval of Swift's "Lucky 13" apparel by Lucky 13.  (FAC ¶ 68);

> As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, or deception.  Many individuals familiar with Lucky 13's LUCKY 13® Goods, reputation and favorable goodwill are likely to (a) purchase Swift's "Lucky 13" goods; and (b) upon encountering the "Lucky 13" Sweepstakes offered by Defendants, purchase greeting cards or other goods available to be purchased on the www.taylorswiftcards.com website and other similar points of purchase, under the mistaken belief that such goods and/or services are offered or authorized by Lucky 13. (FAC ¶ 84); [and]

> Defendants' unauthorized use and continued use in interstate commerce of "Lucky 13" apparel and/or other goods and/or services have caused and are likely to continue to cause confusion, mistake or deception (a) as to the characteristics, qualities, or origin of Lucky 13's LUCKY 13® and LUCKY 13™ goods, services, and/or

10

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

commercial activities, (b) as to an affiliation, connection or association between Lucky 13 and Defendants, and (c) as to the sponsorship or approval of Swift's "Lucky 13" apparel and Defendants' other goods, services and/or commercial activities by Lucky 13.   Consumers are likely to purchase products from Defendants under the mistaken belief that Defendants and their "Lucky 13" Sweepstakes are affiliated, connected, or associated with Lucky 13 itself. (FAC ¶ 96).

These allegations amount to nothing more than merely conclusory assertions of likelihood of confusion, while Plaintiffs' factual allegations in their pleadings undercut any likelihood of confusion argument.  Plaintiffs' factual allegations demonstrate that there was a) no likelihood of confusion between Plaintiffs and Ms. Swift or American Greetings, and b) no likelihood of confusion between any products or goods.

## A.   There Was No Likelihood of Confusion Between Lucky 13 and Ms. Swift or American Greetings

This Court has explained that where two companies are "engaged in greatly different fields . . . which are in no way related" then there is no likelihood of confusion as a matter of law.  *Spearmint Rhino*, 2012 WL at *1 (dismissing plaintiffs' infringement claim where "Plaintiff has not been able to demonstrate a single instance of actual consumer confusion, and indeed cannot show that any reasonable consumer is likely to be confused as to the relationship between these two companies").

Here, Plaintiffs admit that American Greetings is the "world's largest greeting card company" (FAC ¶ 3) that:

- "sells paper greeting cards, electronic greeting cards, party products, and electronic expressive content (*e.g.,* ringtones and images for cell phones)." (FAC ¶ 3);

- maintains a "toy design and licensing division [that] includes copyrighted properties such as Strawberry Shortcake, the Care Bears, The Get Along Gang, Popples, and Holly Hobbie, as well as

11

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

Nickelodeon characters."  (FAC ¶ 4);

- owns "major domestic greeting card brands" including "American Greetings, Recycled Paper Greetings, Papyrus, Carlton Cards, Gibson, Tender Thoughts, and Just for You."  (FAC ¶ 55); [and]

- "topped the list of the most-trustworthy retail websites" and "was named the <u>best</u> online retailer and e-commerce site." (FAC ¶ 57).

Plaintiffs also admit in their pleadings that Ms. Swift is an international celebrity that:

- is a "highly successful, multi-talented, widely respected, and influential international recording artist."  (FAC ¶ 2);

- was listed by Billboard magazine as the highest earning musical act in 2013.  (FAC ¶ 54);

- sold "at least 26 million albums and over 75 million digital downloads worldwide under the Taylor Swift trademark."  (FAC ¶ 54); [and]

- has endorsement deals with "business partners include[ing], but … not limited to, AirAsia Berhad, American Greetings, Cover Girl, Elizabeth Arden, Papa John's Pizza, and Keds."  (FAC ¶ 53).

In stark contrast, Plaintiffs describe themselves by contending that:

- "Lucky 13 is a small, individually owned business located in Orange County California that markets and sells LUCKY-13 branded apparel, posters, and other paper products . . . ." (FAC ¶ 1); [and]

- "Lucky 13 has become a staple in Southern California, especially in the punk rock, psychobilly and rockabilly music scenes." (FAC Exhibit C).

Crucially, Plaintiffs ignore the reality that there is a complete lack of any meaningful similarity between Lucky 13 and American Greetings or Ms. Swift such that a "reasonably prudent consumer" would likely to be confused by Defendants' use of "Lucky" and "13."

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## B.    <u>There Was No Likelihood of Confusion Between Any Products or Goods</u>

Plaintiffs have failed to plead any facts to demonstrate a likelihood of confusion concerning any goods, and indeed explicitly plead striking dissimilarities. The law is well-settled in the Ninth Circuit that there can be no infringement as a matter of law where goods are unrelated. *Toho v. Sears, Roebuck*, 645 F.2d at 790; *Sleekcraft*, 599 F.2d at 348 ("If the goods are totally unrelated, there can be no infringement because confusion is unlikely. *See also Mejia & Assoc. v. IBM Corp.*, 920 F. Supp. 540, 547–48 (S.D.N.Y. 1996) (noting that "[r]elevant considerations [for the proximity of goods factor] include the extent to which the goods or services fall within the same class or are used together, as well as any differences in content, purpose, geographic distribution, market position, and audience appeal").

### 1.   <u>There Was No Likelihood of Confusion Between Any Lucky 13 Goods and American Greetings' Greeting Cards or the Sweepstakes</u>

The core of Plaintiffs' infringement claim as to American Greetings is that Lucky 13 customers bought or might buy American Greetings' greeting cards after being confused by seeing or participating in the "American Greetings and Taylor Swift 'Lucky 13' Sweepstakes." Indeed, Plaintiffs go to great lengths in their Complaint to identify all of the products over which they assert a Lucky 13 trademark, including "(1) clothing for men and women, namely t-shirts, jackets, headwear and footwear, (2) jewelry; (3) body sprays and pomade; (4) license plates, license plate holders, key chains, and vehicle seat and steering wheel covers; (5) motorcycle helmets; and (6) paper products, including desk calendars." (FAC ¶ 27; FAC Exhibit I). Tellingly, Plaintiffs do not allege anywhere in their FAC that they are engaged in the sale of greeting cards or the sponsorship of sweepstakes. Plaintiffs also do not allege that "Lucky 13" was used on any

13

                                       Motion To Dismiss; Memorandum

American Greetings' greeting card.

Plaintiffs' threadbare assertions as to likelihood of confusion concerning American Greetings therefore fail as a matter of law because there is simply no rational or plausible relationship between a sweepstakes to win a trip to see Ms. Swift perform in concert, American Greetings' greeting cards, and *any* of Lucky 13's products – which includes "hitch plugs," "mustache wax," "candlesticks not of precious metal," and "distilled spirits." FAC Exhibit I; *see Spearmint Rhino*, 2012 WL at *1 (explaining that "[i]t is highly unlikely that a consumer would accidentally purchase one when he intended to purchase the other.").

Further, other documents that Plaintiffs attach to their complaint also directly undermine their claim of likelihood of confusion. For example, Plaintiffs attach to their FAC a screen capture of the "Official Rules" of the "American Greetings and Taylor Swift's 'Lucky 13' Sweepstakes." (FAC ¶¶ 46-47, & Exhibit J). While the very name of the sweepstakes mollifies any potential likelihood of confusion about its sources, the "Official Rules" document attached to the FAC includes in large, prominent letters:

> a) "TAYLOR SWIFT GREETING CARDS";
>
> b) "TAYLOR SWIFT SWEEPSTAKES"; and
>
> c) "Taylor Swift has a sweepstakes going on right now. You can enter once every day until the sweepstakes ends on 06/11/2013. Winners will receive an all-expense paid trip to see Taylor's final concert on The RED Tour in Nashville!" (*Id.*)

In addition, and as Plaintiffs point out, the "Official Rules" make clear that the use of "Lucky 13" as part of the description of the sweepstakes is wholly unrelated to Blue Sphere or its mark, as the sweepstakes 1) began on March 13, 2013, 2) had thirteen (13) entry periods, and 3) had thirteen (13) weekly winners. *Id.* Plaintiffs ignore the obvious reality that no reasonable consumer was likely to confuse the source of the sweepstakes.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

8320041-v13                                    Motion To Dismiss; Memorandum

2.      <u>There Was No Likelihood of Confusion Between Any Lucky</u>
        <u>13 Goods and the Allegedly Infringing T-Shirt</u>

While the allegedly infringing St. Patrick's Day t-shirt falls into the category of 'apparel,' and Lucky 13 has alleged it is in the business of selling apparel, this is as far as the similarity goes.  As Plaintiffs' allegations make abundantly clear, the allegedly infringing t-shirt is a simple, green t-shirt bearing the word "Lucky" above Ms. Swift's signature logo and next to the number "13" inside of a green shamrock image.  (FAC ¶¶ 41-43).  In vast and striking contrast, Plaintiffs included numerous images of their ornate "rockabilly" clothing featuring leopard-prints, skull-and-crossbones, flames, and low-cut neckline designs.  (FAC ¶¶ 28, 32, Exh. C).  A visual comparison of the images Plaintiffs included to purportedly demonstrate a likelihood of confusion in fact demonstrate the exact opposite:



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900



*Compare* FAC Exh. C *with* FAC ¶ 43.  Given these and other striking

dissimilarities pled in Plaintiffs' FAC, it is highly implausible that any reasonable

consumer could possibly be confused about the source, affiliation, or sponsorship

of these goods.  Accordingly, Plaintiffs have failed to demonstrate any likelihood

of confusion and therefore have failed to state a plausible claim for trademark

infringement or unfair competition, and these claims should be dismissed.

## VI.   <u>PLAINTIFFS' CLAIM UNDER § 17200 AND FOR COMMON LAW</u>
## <u>MISAPPROPRIATION SHOULD BE DISMISSED</u>

Under California law, claims for unfair competition in the context of

trademark infringement are governed by California Business and Professions Code

§ 17200.  However, the Ninth Circuit Court of Appeals has made clear that courts

are to use the same factors as Lanham Act cases in interpreting these claims.

*Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (affirming dismissal

of plaintiff's § 17200 claim because it is "substantially congruent" to claims made

16

under the Lanham Act, and explaining that "under both, the 'ultimate test' is whether the public is likely to be deceived or confused") (internal citations omitted). Accordingly, based on the foregoing arguments demonstrating that Plaintiffs have failed to plead likelihood of confusion, Plaintiffs' § 17200 claim should also be dismissed.

Similarly, Plaintiffs' claim for common law misappropriation is based solely on Defendants' alleged trademark infringement and unfair competition. (FAC ¶ 121, alleging that "[i]n committing the acts of trademark infringement and unfair competition as alleged herein," Defendants have engaged in misappropriation). Black-letter law holds that California's common-law doctrine of misappropriation does not extend to trademark infringement claims. *Toho Co., Ltd. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981) (stating that there is no case "extending the misappropriation theory to trademark infringement. We believe that California courts would refuse to make such an extension."); *Mattel Inc. v. MCA Records, Inc.*, 28 F. Supp. 2d 1120, 1157 (C.D. Cal. 1998) (same). Accordingly, Plaintiffs' common law misappropriation claim should be dismissed.

## VII.   PLAINTIFFS FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

It is axiomatic that a claim should be dismissed with prejudice when, as here, further amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Here, there are simply no additional facts that Plaintiffs could allege that would enhance their claim of fame in order to satisfy the Lanham Act's rigorous dilution standard. Further, there are no other facts that could amplify Plaintiffs' allegations of likelihood of confusion.

Leave to amend should be denied in this case on the additional ground that Plaintiffs' previous amendment has not cured the pleading deficiencies. *See e.g. Belluomini v. Citigroup, Inc.*, Case No. 13-01743 CRB, 2013 WL 5645168, at *3 (N.D. Cal., Oct. 16, 2013) (dismissing a complaint with prejudice where plaintiffs'

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

17

allegations in its first amended complaint were not "meaningfully different from those in the original complaint"). On the dilution claim, the fundamental shortcomings detailed in Section IV above were equally apparent in Plaintiffs' original complaint, and Plaintiffs failed to cure these deficiencies in its First Amended Complaint. Plaintiffs' attempts to demonstrate fame by adding the conclusory assertions "Indeed, LUCKY 13 is a famous trademark," (FAC ¶38) and the mark has become famous and distinctive "through Lucky 13's decades of advertising, marketing, and selling LUCKY goods" (FAC ¶ 105) are obvious yet unavailing attempts to avoid a motion to dismiss on the issue of fame. These paltry assertions, however, highlight the reality that Plaintiffs simply cannot allege any *facts* to support a federal dilution claim. Accordingly, dismissal of Count III with prejudice is warranted here.

As to likelihood of confusion, Plaintiffs did not add any new facts to their FAC to support likelihood of confusion. Indeed, Plaintiffs only mirrored the conclusory allegations against Ms. Swift from the original Complaint and added the same conclusory allegations against American Greetings in the FAC. For instance, Complaint ¶ 48 alleges in conclusory fashion:

> Swift's infringement of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks is clear-cut. Lucky 13 is concerned that Swift's past use and any future use of the term "Lucky 13" to market and sell apparel and related products is likely to cause and will continue to cause confusion with and dilute the significant value of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks.

By comparison, FAC ¶ 74 simply replaces "Swift" with "American Greetings:

> American Greetings' infringement of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks is clear-cut. Lucky 13 is concerned that American Greetings' past use and any future use of the term "Lucky 13" to market and sell greeting cards is likely to cause and will continue to cause confusion with and dilute the significant value of Lucky 13's Federally registered and incontestable LUCKY 13® trademarks.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

18

Plaintiffs' failure to cure their pleading deficiencies by alleging any *facts* to amplify their assertion of likelihood of confusion is readily apparent.  If Plaintiffs actually had any new factual allegations beyond their mere conclusory assertions, they would have added them to the FAC.  Accordingly, further amendment would be futile and Plaintiffs' claims should be dismissed with prejudice.

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' First Amended Complaint should be dismissed with prejudice.


DATED:        August 4, 2014                    VENABLE LLP


By: <u>/s/ Tamany Vinson Bentz</u>
J. Douglas Baldridge
Tamany Vinson Bentz
Andrew T. Hernacki
Attorneys for Defendants TAYLOR A. SWIFT, TAYLOR NATION, LLC, TAYLOR SWIFT PRODUCTIONS, INC., SWIFT MERCHANDISING, INC., TAS RIGHTS MANAGEMENT, LLC, and AMERICAN GREETINGS CORPORATION