UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00782-CJC(DFMx)            Date: September 17, 2014

Title: <u>BLUE SPHERE, INC., ET. AL V. TAYLOR SWIFT, ET. AL</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

| <u>Melissa Kunig</u> | <u>    N/A    </u> |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                      None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANTS' MOTION TO DISMISS** [filed 8/4/14]

       Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 22, 2014 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION AND BACKGROUND**

       Plaintiffs Blue Sphere, Inc., doing business as Lucky 13 ("Lucky 13"), and Robert A. Kloetzly (together, "Plaintiffs") filed this action against Defendants Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., TAS Rights Management, LLC, and American Greetings Corporation (collectively, "Defendants"). The First Amended Complaint ("FAC") alleges (1) trademark infringement under 15 U.S.C. §1114; (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. §1125(c); (4) unfair competition under California Business & Professions Code §17200; and (5) common law misappropriation. (Dkt. No. 11 [FAC].) Before the Court is Defendants' motion to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 23 ["Defs.' Mot."].) For the reasons stated below, Defendants' motion is **DENIED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 14-00782-CJC(DFMx) | Date: September 17, 2014 |
| | Page 2 |

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**ANALYSIS**

To establish trademark infringement under the Lanham Act, Plaintiffs must establish that Defendants "us[ed] a mark confusingly similar to [the] valid, protectable trademark" of Plaintiffs' mark, LUCKY 13. *See Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1072 (N.D. Cal. 2012) (quoting *Brookfield Comm's, Inc. v. W. Coast Entm't*, 174 F.3d 1036, 1046 (9th Cir.1999)). Defendants contend that Plaintiffs have failed to show a likelihood of confusion. (Defs.' Mot. at 13–16.) While it is possible that Plaintiffs may not be able to present sufficient evidence to survive a summary judgment motion, they have plausibly alleged facts to survive a motion to dismiss.

Plaintiffs allege facts that, taken as true, show a likelihood of confusion. Lucky 13 holds several registered trademarks for LUCKY 13 in connection with, *inter alia*, clothing apparel, jewelry, and paper products. (FAC ¶¶ 27, 33–36; Exh. I.) Plaintiffs allege that the sale of LUCKY 13 goods online and through various licensing partners reaches an international customer base and garners significant consumer goodwill. (FAC ¶¶ 28–31.) The FAC further alleges that the Defendants' use of the identical LUCKY 13 mark in connection with the sale of t-shirts online and through the online promotion of a "Lucky 13 Sweepstakes" is likely to cause confusion. (FAC ¶¶ 41, 46.) Accepting these allegations as true, Plaintiffs have sufficiently pled facts to support their trademark

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00782-CJC(DFMx)            Date: September 17, 2014
                                                                                                                    Page 3

infringement, unfair competition, and common law misappropriation claims. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (holding that the Ninth Circuit has consistently held that California common law and statutory unfair competition claims are "substantially congruent" to claims for trademark infringement); *see also Meta–Film Assocs., Inc. v. MCA, Inc.,* 586 F. Supp. 1346, 1362 (C.D. Cal. 1984) (concluding that misappropriation deemed "unfair" under the Lanham Act is also "wrongful" and proscribed under § 17200).

       Plaintiffs have also sufficiently pled facts to establish a claim for trademark dilution. Dilution is "the lessening of the capacity of a famous mark to identify and distinguish goods or services." *Nissan Motor Co. v. Nissan Computer Corp.*, 378 F.3d 1002, 1011 (9th Cir. 2004). The FAC alleges that, at least as early as May 1992, Lucky 13 invested substantial time, money, and effort in promoting its goods in connection with its registered mark. (FAC ¶ 28.) Lucky 13 has marketed and sold its goods internationally, generating millions of dollars per year in sales and building significant consumer goodwill. (FAC ¶¶ 29–31.) At the pleading stage, this adequately alleges that Plaintiffs' LUCKY 13 mark is famous.[1] (*See* FAC ¶ 38.)

//
//
//
//
//
//
//
//
//

---

[1] Defendants requested that the Court take judicial notice of the Plaintiffs' complaint filed in the separate action, *Blue Sphere, Inc. v. H&H Sports Protection USA, Inc.*, No. 8:13-cv-01343-AJW (C.D. Cal. Aug. 29, 2013). (Defs.' Mot. at 7; Dkt. No. 22.) Defendants seek to introduce the complaint to show that Plaintiffs have elsewhere described themselves as regional and thus cannot allege the requisite level of fame here. (Defs.' Mot. at 7.) However, the relevance and significance of the allegations of Plaintiffs' earlier complaint are more appropriately considered on a motion for summary judgment. On a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual allegations of Plaintiffs' complaint filed in *this* action, drawing inferences from those allegations in light most favorable to Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-00782-CJC(DFMx)          Date: September 17, 2014
Page 4

**CONCLUSION**

Accordingly, Defendants' motion is **DENIED.**

ssh

MINUTES FORM 11
CIVIL-GEN          Initials of Deputy Clerk MKU