STRADLING YOCCA CARLSON & RAUTH, P.C.
Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094
Attorneys for Plaintiffs

VENABLE LLP
J. Douglas Baldridge (*pro hac vice*)
  jbaldridge@venable.com
Andrew T. Hernacki (*pro hac vice*)
  athernacki@venable.com
575 7th Street, NW
Washington D.C., 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300

Tamany Vinson Bentz
Email:  tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA (S. DIV.)**

| | |
|---|---|
| BLUE SPHERE, INC., d/b/a LUCKY 13 and ROBERT A. KLOETZLY,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR A. SWIFT, TAYLOR NATION, LLC, TAYLOR SWIFT PRODUCTIONS, INC., SWIFT MERCHANDISING, INC., TAS RIGHTS MANAGEMENT, LLC, AND AMERICAN GREETINGS CORPORATION,<br><br>Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>Hon. Cormac J. Carney<br><br>**JOINT REPORT OF EARLY MEETING OF COUNSEL PURSUANT TO FED. R. CIV. P. 26**<br><br>Complaint Filed May 20, 2014<br><br>Trial Date:  Not set |

**JOINT REPORT OF EARLY MEETING OF COUNSEL**

Plaintiffs Blue Sphere, Inc., doing business as Lucky 13 ("Lucky 13"), and Robert A. Kloetzly (collectively, "Plaintiffs"), and Defendants American Greetings Corporation ("American Greetings"), and Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., and TAS Rights Management, LLC (collectively "Swift Defendants" and collectively with American Greetings, "Defendants"), having conducted their early meeting of counsel on: (1) for Plaintiffs and American Greetings, on <u>September 19, 2014</u>; and, (2) for Plaintiffs and the Swift Defendants, on <u>August 4, 2014</u>, pursuant to Federal Rule of Civil Procedure 26(f), Central District of California Local Rule 26-1, and the Court's Notice of Intent (Dkt. No. 28), hereby submit the following Joint Report of Counsel for this Court's consideration.

### 1. NATURE AND BASIS OF THE CLAIMS.

Pursuant to Rule 26(f)(2), the parties hereby submit a short statement concerning the nature and basis of their claims and defenses.

**Plaintiffs' Statement:** Plaintiff Lucky 13, founded in Orange County, California in 1991, markets and sells LUCKY 13® branded apparel, paper goods, and other products. It maintains ownership of several federally registered and incontestable LUCKY 13® trademarks under a plethora of classifications, including, *inter alia*: International Classification 16 for various paper products, International Classification 25 for "[c]lothing and footwear for men and women" (including t-shirts), and International Classification 35 for "on-line retail services available via the Internet in the field of . . . CDs, records and video tapes, . . . stationery, printed publications and printed matter, [and] cards . . . ."

LUCKY 13® has been used in connection with the marketing and sale of clothing for men and women (including t-shirts, jackets, headwear, and footwear), paper goods, and many other products. Lucky 13 and its numerous licensees market and sell LUCKY 13® branded products throughout the world. Lucky 13

1   has earned several million dollars per year for the past decade from its worldwide
2   sales and license agreements.
3         Without Lucky 13's consent, American Greetings and the Swift Defendants
4   developed and marketed a "Lucky 13" sweepstakes contest through which they
5   sold greeting cards.  In addition, without Lucky 13's consent, the Swift Defendants
6   marketed and sold "Lucky 13" apparel.  Specifically, the Swift Defendants
7   marketed and sold t-shirts containing the identical "Lucky 13" mark that Lucky 13
8   has owned, cultivated, and protected for over twenty years.
9         On <u>May 20, 2014</u>, Plaintiffs filed their initial Complaint (Dkt. No. 1) against
10  the Swift Defendants.  On <u>June 26, 2014</u>, Plaintiffs filed their First Amended
11  Complaint ("FAC," Dkt. No. 11).
12        In the FAC, Lucky 13 asserts the following five causes of action against
13  Defendants:  trademark infringement in violation of 15 U.S.C. § 1114; unfair
14  competition in violation of 15 U.S.C. § 1125(a); trademark dilution in violation of
15  15 U.S.C. § 1125(c); unfair competition in violation of Cal. Bus. & Prof. Code
16  §§ 17200 *et seq.*; and, misappropriation under California common law.
17  **Defendants Statement:**  The gravamen of Plaintiffs' First Amended
18  Complaint ("FAC)" is that Defendants marketed and sold a St. Patrick's Day t-shirt
19  and developed and advertised a sweepstakes without first obtaining a license.  The
20  objective of Plaintiffs' lawsuit, however, does not appear to be to redress harm
21  caused by Defendants; rather, it is to lever unearned commercial relationships with
22  Ms. Swift and American Greetings to promote and endorse Plaintiffs' little-known
23  apparel company.
24        Plaintiffs' trademark dilution and infringement claims are legally and
25  factually baseless.  Trademark dilution claims are reserved for a class of truly elite
26  trademarks such as those that have become household names, such as "Coca-
27  Cola," "Starbucks," and "Kodak."  Plaintiffs do not have a famous trademark and
28  have indeed repeatedly alleged facts that contradict and undermine this claim.

1  Plaintiffs will be unable to show that they have a mark that enjoys nationwide
2  fame.
3     Plaintiffs' other claims require Plaintiffs to demonstrate a likelihood of
4  confusion.  However, Defendants' allegedly infringing conduct – a sweepstakes
5  and the Swift Defendants' selling a St. Patrick's Day t-shirt – are drastically
6  different and totally unrelated to Plaintiffs' use of "Lucky 13" such that no
7  consumers are likely to be confused.  Plaintiffs' will be unable to demonstrate that
8  there is any likelihood of confusion between Plaintiffs' ornate, self-described
9  Rockabilly clothing and either a plain, green St. Patrick's Day t-shirt featuring
10 Taylor Swift's signature logo or a sweepstakes to win a trip to see Ms. Swift
11 perform in concert.
12    Defendants will contest each element of Plaintiffs' claims, showing, among
13 other things, that Plaintiffs' do not have a famous mark and there is no likelihood
14 of confusion.  Defendants anticipate filing dispositive motions to resolve these
15 claims.

## 2. DISCOVERY PLAN.

Pursuant to Rule 26(f), the parties propose the following discovery plan:

| RULE | STATEMENT |
| --- | --- |
| 26(f)(3)(A) | The parties will produce their initial disclosures on or prior to November 22, 2014. |
| 26(f)(3)(B) | The parties agree that discovery should be completed at one time. |
| 26(f)(3)(C) | The parties are not aware of any issues about disclosure or discovery of electronically stored information.  The parties are in the process of negotiating a stipulation to govern the discovery of electronically stored information. |
| 26(f)(3)(D) | The parties intend to negotiate a protective order for the Court's approval. |

| RULE | STATEMENT |
| --- | --- |
| 26(f)(3)(E) | The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District of California's Local Rules. |
| 26(f)(3)(F) | The parties do not propose any other orders that the Court should issue under Fed. R. Civ. P. 26(c) or 16(b) and (c). |

### 3. COMPLEX CASE.

The parties agree that this case is not a complex case.

### 4. MOTION SCHEDULE.

The parties propose a cutoff date of August 17, 2015 for the filing of any dispositive or partially dispositive motions (*see* Section 7 below).

**Plaintiffs' Statement:** At present, Plaintiffs do not contemplate filing any dispositive or partially dispositive motions.

**Defendants' Statement:** Defendants anticipate filing dispositive or partially dispositive motions.

### 5. ADR.

Pursuant to L.R. 16-15.4, the parties agree to utilization of ADR Procedure No. 2, which states that "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel." The parties agree that any mediator selected from the Court's Mediation Panel will have experience mediating trademark or other intellectual property matters. The parties agree that the mediation should occur by March 1, 2015.

### 6. ADDITIONAL PARTIES.

At present, the parties do not contemplate the addition of any other parties.

### 7. PROPOSED DATES.

The parties propose the following deadlines and trial estimate:

/ / /

| DATE | MATTER |
|---|---|
| December 20, 2014 | Cut-off for filing motions to amend the pleadings by adding claims or parties. |
| April 17, 2015 | Fact discovery cut-off.[1] |
| May 15, 2015 | Expert witness disclosure under Fed. R. Civ. P. 26(a)(2). |
| June 19, 2015 | Rebuttal expert witness disclosure under Fed. R. Civ. P. 26(a)(2). |
| July 17, 2015 | Expert discovery cut-off. |
| August 17, 2015 | Dispositive or partially dispositive motion cut-off. |
| November 12, 2015 | Pre-trial hearing date. |
| November 16, 2015 | Trial. The parties contemplate a 5-6 day jury trial. |

Dated: November 6, 2014   STRADLING YOCCA CARLSON & RAUTH, P.C.

By: *s/ Justin Klaeb*
Mark L. Skaist
Jason de Bretteville
Justin Klaeb
Attorneys for Plaintiffs

Dated: November 6, 2014   VENABLE LLP

By: *s/ Tamany Vinson Bentz*
J. Douglas Baldridge (*pro hac vice*)
Tamany Vinson Bentz
Andrew T. Hernacki (*pro hac vice*)
Attorneys for Defendants

---

[1] The parties selected the fact and expert discovery cut-off dates herein based on their mutual expectations of how long discovery is expected to take in this matter. Additionally, out of professional courtesy Plaintiffs further agreed to extend certain dates so as to allow counsel for Defendants to focus on a trial in another matter scheduled for March 2015.

-5-

**JOINT REPORT OF EARLY MEETING OF COUNSEL**