STRADLING YOCCA CARLSON & RAUTH, P.C.
Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Attorneys for Plaintiffs

VENABLE LLP
J. Douglas Baldridge (*pro hac vice*)
  jbaldridge@venable.com
Andrew T. Hernacki (*pro hac vice*)
  athernacki@venable.com
575 7th Street, NW
Washington D.C., 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300

Tamany Vinson Bentz (SBN 258600)
  tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE SPHERE, INC., a California corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual, | Case No. 8:14-cv-00782 CJC-DFMx |
| | The Hon.  Cormac J. Carney |
| Plaintiffs, | [Discovery Document:  Referred to Magistrate Judge Douglas F. McCormick] |
| vs. | [~~PROPOSED~~] PROTECTIVE ORDER |
| TAYLOR A. SWIFT, TAYLOR NATION, LLC, TAYLOR SWIFT PRODUCTIONS, INC., SWIFT MERCHANDISING, INC., TAS RIGHTS MANAGEMENT, LLC, and AMERICAN GREETINGS CORPORATION, an Ohio corporation, | Complaint Filed: May 20, 2014 |
| Defendants. | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

# [PROPOSED] PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

The parties are in agreement that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties have stipulated to be bound by the following Protective Order ("Order") in this action.

## 2. DEFINITIONS

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: sensitive business information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and are kept confidential in the ordinary course of business, such as (a) nonpublic, private information, (b) financial data, (c) business and marketing plans, and (d) trade secrets, whose public disclosure could result in harm to the Producing Party.

2.3 <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

2.4 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive and confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as highly confidential company organization or ownership documents or competitive business plans.

2.8     In-House Counsel: attorneys who are employees of a Party to this action who are responsible for this action and, therefore, it is necessary for them to access information in order to perform those responsibilities.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

**[PROPOSED] PROTECTIVE ORDER**

1   demonstrations, and organizing, storing, or retrieving data in any form or medium)

2   and their employees and subcontractors.

3       2.13   Protected Material:  any Disclosure or Discovery Material that is

4   designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY."

6       2.14   Receiving Party:  a Party that receives Disclosure or Discovery

7   Material from a Producing Party.

8

9   3.   SCOPE

10      The protections conferred by this Order cover not only Protected Material

11  (as defined above), but also (1) any information copied or extracted from Protected

12  Material; (2) all copies, excerpts, summaries, or compilations of Protected

13  Material; and (3) any testimony, conversations, or presentations by Parties or their

14  Counsel that might reveal Protected Material.  However, the protections conferred

15  by this Order do not cover the following information:  (a) any information that is in

16  the public domain at the time of disclosure to a Receiving Party or becomes part of

17  the public domain after its disclosure to a Receiving Party as a result of publication

18  not involving a violation of this Order, including becoming part of the public

19  record through trial or otherwise; and (b) any information known to the Receiving

20  Party prior to the disclosure or obtained by the Receiving Party after the disclosure

21  from a source who obtained the information lawfully and under no obligation of

22  confidentiality to the Designating Party.  Further, the protections conferred by this

23  Order apply only to Disclosure or Discovery Material and to court filings that

24  might reveal Protected Material, and do not apply to evidence presented at any

25  court hearings or proceedings.  The parties agree not to disclose another party's

26  Protected Material during court hearings or proceedings without prior written

27  consent or seeking a Court order providing the same protections provided by this

28  stipulated Protective Order.  Any such use of Protected Material shall be governed

by a separate order from the judicial officer conducting the hearing or proceeding, at the appropriate time.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Only Disclosure or Discovery Material containing sensitive business information that is kept confidential in the ordinary course of business, such as (a) financial data, (b) business and marketing plans, and (c) trade secrets, whose public disclosure could result in harm to the Producing Party, may properly be designated as "CONFIDENTIAL" under this Order.

1    Only Disclosure or Discovery Material containing extremely sensitive and

2 confidential information and whose disclosure to other parties to this action would

3 create a substantial risk of serious harm that could not be avoided by less

4 restrictive means, such as highly confidential company organization or ownership

5 documents or competitive business plans, or certain trade secrets that warrant this

6 heightened protection, may properly be designated as "HIGHLY

7 CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

8    Mass, indiscriminate, or routinized designations are prohibited.

9 Designations that are shown to be clearly unjustified or that have been made for an

10 improper purpose (*e.g.*, to unnecessarily encumber or retard the case development

11 process or to impose unnecessary expenses and burdens on other parties) expose

12 the Designating Party to sanctions.

13    If it comes to a Designating Party's attention that information or items that it

14 designated for protection do not qualify for protection at all or do not qualify for

15 the level of protection initially asserted, that Designating Party must promptly

16 notify all other Parties, in writing, that it is withdrawing the mistaken designation.

17    5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

18 this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

19 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

20 under this Order must be clearly so designated before the material is disclosed or

21 produced.  Designation in conformity with this Order requires:

22    (a) <u>for information in documentary form</u> (*e.g.*, paper or electronic

23 documents, but excluding transcripts of depositions or other pretrial or trial

24 proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or

25 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

26 contains protected material.  If only a portion or portions of the material on a page

27 qualifies for protection, the Producing Party also must clearly identify the

28

protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if

1   that period is properly invoked, that the entire transcript shall be treated as
2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
3   ONLY."

4          Transcripts containing Protected Material shall have an obvious legend on
5   the title page that the transcript contains Protected Material, and the title page shall
6   be followed by a list of all pages (including line numbers as appropriate) that have
7   been designated as Protected Material and the level of protection being asserted by
8   the Designating Party.  The Designating Party shall inform the court reporter of
9   these requirements.  Any transcript that is prepared before the expiration of a 21-
10  day period for designation shall be treated during that period as if it had been
11  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its
12  entirety unless otherwise agreed.  After the expiration of that period, the transcript
13  shall be treated only as actually designated.

14         (c) for information produced in some form other than documentary and for
15  any other tangible items, that the Producing Party affix in a prominent place on the
16  exterior of the container or containers in which the information or item is stored
17  the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS'
18  EYES ONLY."  If only a portion or portions of the information or item warrant
19  protection, the Producing Party, to the extent practicable, shall identify the
20  protected portion(s) and specify the level of protection being asserted.

21         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent
22  failure to designate qualified information or items does not, standing alone, waive
23  the Designating Party's right to secure protection under this Order for such
24  material.  Upon timely correction of a designation, the Receiving Party must make
25  reasonable efforts to assure that the material is treated in accordance with the
26  provisions of this Order.

27
28

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

**[PROPOSED] PROTECTIVE ORDER**

1   whichever is later.  Each such motion must be accompanied by a competent

2   declaration affirming that the movant has complied with the meet and confer

3   requirements imposed in the preceding paragraph.  Any such motion must be made

4   in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation

5   requirement).  Failure by the Designating Party to make such a motion including

6   the required declaration within 21 days (or 14 days, if applicable) shall

7   automatically waive the confidentiality designation for each challenged

8   designation.  In addition, the Challenging Party may file a motion challenging a

9   confidentiality designation at any time if there is good cause for doing so,

10  including a challenge to the designation of a deposition transcript or any portions

11  thereof.  Any motion brought pursuant to this provision must be accompanied by a

12  competent declaration affirming that the movant has complied with the meet and

13  confer requirements imposed by the preceding paragraph.  Any such motion must

14  be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint

15  stipulation requirement).

16          The burden of persuasion in any such challenge proceeding shall be on the

17  Designating Party.  Frivolous challenges and those made for an improper purpose

18  (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

19  expose the Challenging Party to sanctions.  Unless the Designating Party has

20  waived the confidentiality designation by failing to file a motion to retain

21  confidentiality as described above, all parties shall continue to afford the material

22  in question the level of protection to which it is entitled under the Producing

23  Party's designation until the Court rules on the challenge.

24

25  7.    ACCESS TO AND USE OF PROTECTED MATERIAL

26          7.1    Basic Principles.  A Receiving Party may use Protected Material that

27  is disclosed or produced by another Party or by a Non-Party in connection with this

28  case only for prosecuting, defending, or attempting to settle this litigation.  Such

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

**[PROPOSED] PROTECTIVE ORDER**

1  Protected Material may be disclosed only to the categories of persons and under
2  the conditions described in this Order.  When the litigation has been terminated, a
3  Receiving Party must comply with the provisions of section 13 below (FINAL
4  DISPOSITION).

5  Protected Material must be stored and maintained by a Receiving Party at a
6  location and in a secure manner that ensures that access is limited to the persons
7  authorized under this Order.

8  7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
9  otherwise ordered by the Court or permitted in writing by the Designating Party, a
10  Receiving Party may disclose any information or item designated
11  "CONFIDENTIAL" only to:

12  (a) the Receiving Party's In-House Counsel and Outside Counsel of
13  Record in this action, as well as employees of said Outside Counsel of Record to
14  whom it is reasonably necessary to disclose the information for this litigation and
15  who have signed the "Acknowledgment and Agreement to Be Bound" that is
16  attached hereto as Exhibit A;

17  (b) two officers, directors, or employees of the Receiving Party to whom
18  disclosure is reasonably necessary for this litigation and who have signed the
19  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20  (c) Experts (as defined in this Order) of the Receiving Party to whom
21  disclosure is reasonably necessary for this litigation and who have signed the
22  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23  (d) the Court and its personnel;

24  (e) court reporters and their staff, professional jury or trial consultants,
25  and Professional Vendors to whom disclosure is reasonably necessary for this
26  litigation and who have signed the "Acknowledgment and Agreement to Be
27  Bound" (Exhibit A);

28

1    (f) during their depositions, witnesses in the action to whom disclosure is

2    reasonably necessary and who have signed the 'Acknowledgment and Agreement

3    to Be Bound' (Exhibit A), unless otherwise agreed by the Designating Party or

4    ordered by the Court.  Pages of transcribed deposition testimony or exhibits to

5    depositions that reveal Protected Material must be separately bound by the court

6    reporter and may not be disclosed to anyone except as permitted under this

7    Stipulated Protective Order; and

8        (g) the author or recipient of a document containing the information or a

9    custodian or other person who otherwise possessed or knew the information.

10       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11   ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted

12   in writing by the Designating Party, a Receiving Party may disclose any

13   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY" only to:

15       (a) the Receiving Party's Outside Counsel of Record in this action, as

16   well as employees of said Outside Counsel of Record to whom it is reasonably

17   necessary to disclose the information for this litigation and who have signed the

18   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

19   A;

20       (b) Experts of the Receiving Party (1) to whom disclosure is reasonably

21   necessary for this litigation, (2) who have signed the "Acknowledgment and

22   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth

23   in paragraph 7.4(a), below, have been followed;

24       (c) the Court and its personnel;

25       (d) court reporters and their staff, professional jury or trial consultants,

26   and Professional Vendors to whom disclosure is reasonably necessary for this

27   litigation and who have signed the "Acknowledgment and Agreement to Be

28   Bound" (Exhibit A);

-11-

**[PROPOSED] PROTECTIVE ORDER**

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who are witnesses for the Producing Party or who appear as an author, recipient, or addressee on the face of the document, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6)

---

[1]     If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  Additionally, any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**[PROPOSED] PROTECTIVE ORDER**

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
       IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this action as
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification
shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Order.  Such notification shall include a copy
of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking
protection in that court of its confidential material – and nothing in these
provisions should be construed as authorizing or encouraging a Receiving Party in
this action to disobey a lawful subpoena issued in another action.


9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
       PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a
Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced
by Non-Parties in connection with this litigation is protected by the remedies and
relief provided by this Order.  Nothing in these provisions should be construed as
prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons

-15-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**[PROPOSED] PROTECTIVE ORDER**

to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Order.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing

**[PROPOSED] PROTECTIVE ORDER**

1   Party shall be responsible for identifying any such controlled technical data, and

2   the Receiving Party shall take measures necessary to ensure compliance.

3       12.4   <u>Filing Protected Material</u>.  In accordance with Local Rule 79-5.1, if

4   any papers to be filed with the Court contain information and/or documents that

5   have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

6   ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an

7   application to file the papers or the portion thereof containing the designated

8   information or documents (if such portion is segregable) under seal; and the

9   application shall be directed to the judge to whom the papers are directed.  For

10  motions, the parties shall publically file a redacted version of the motion and

11  supporting papers.

12

13  **13.   <u>FINAL DISPOSITION</u>**

14      Within 60 days after the final disposition of this action, as defined in

15  paragraph 4, each Receiving Party must return all Protected Material to the

16  Producing Party or destroy such material.  As used in this subdivision, "all

17  Protected Material" includes all copies, abstracts, compilations, summaries, and

18  any other format reproducing or capturing any of the Protected Material.  Whether

19  the Protected Material is returned or destroyed, the Receiving Party must submit a

20  written certification to the Producing Party (and, if not the same person or entity, to

21  the Designating Party) by the 60 day deadline that (1) identifies (by category,

22  where appropriate) all the Protected Material that was returned or destroyed and

23  (2) affirms that the Receiving Party has not retained any copies, abstracts,

24  compilations, summaries or any other format reproducing or capturing any of the

25  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain

26  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

27  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

28

reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.    GOOD CAUSE STATEMENT

In accordance with Fed. R. Civ. Proc. Rule 26(c), good cause exists for entry of this Order.  The Parties have and may further seek from one another, third parties, and their respective agents and affiliates confidential business and financial information in connection with their respective claims and defenses in this matter, which the Parties maintain cannot be made accessible to the public without harming their businesses.  The Parties also anticipate that they may seek confidential and sensitive information from third parties.  The Order will facilitate the efficient exchange of sensitive information, documents and things without improperly undermining public access to non-confidential information.

IT IS SO ORDERED.

DATED:  April 2, 2015      _____
                          Honorable Douglas F. McCormick
                          United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order ("Order") that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Blue Sphere, Inc.*

*et al. v. Swift et al.*, Case No. 8:14-cv-00782-CJC-DFM.  I agree to comply with

and to be bound by all the terms of this Order, and I understand and acknowledge

that failure to so comply could expose me and/or my employer to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**EXHIBIT A**