VENABLE LLP
J. DOUGLAS BALDRIDGE (*pro hac vice*)
Email: jbaldridge@venable.com
ANDREW T. HERNACKI (*pro hac vice*)
Email: athernacki@venable.com
575 7th Street, NW
Washington D.C., 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300

TAMANY VINSON BENTZ (SBN 258600)
Email: tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Taylor Nation, LLC, et al.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, and AMERICAN GREETINGS CORPORATION, an Ohio Corporation. <br><br> Defendants. | CASE NO. 8:14-cv-00782 <br><br> Honorable Cormac J. Carney <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER** <br><br> Hearing: August 10, 2015 <br> Time: 1:30 pm <br> Courtroom: 9B <br><br> Complaint Filed: May 20, 2014 <br> Trial: November 17, 2015 |

Defendants' Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., TAS Rights Management, LLC, Taylor A. Swift (collectively the "Swift Defendants"), and American Greetings Corporation, respectfully submit this opposition to Plaintiff Blue Sphere's motion to amend the Scheduling Order (Document 35).

## I.   INTRODUCTION

Plaintiffs' request to continue the schedule should be denied because Plaintiff has not and cannot show there is good cause for a 6 week extension in discovery and a two month extension in the trial date.

First, Plaintiff recently dismissed one of its primary claims, trademark dilution. Plaintiffs' request for Defendants to stipulate to the withdrawal came one business day after Plaintiffs' corporate designee and owner gave damaging testimony and made it clear Plaintiff had no basis to plead dilution and no ability to prove it. As a result, Plaintiff has dismissed half its case, which dramatically streamlines the issues for all the parties. And, yet, Plaintiff is inexplicably still asking for an extensive extension of the schedule.

Second, Plaintiff can cite only a single piece of discovery that cannot be completed by the parties under the current schedule – the deposition of Taylor Swift. Plaintiff lacks any basis to depose Ms. Swift because she has already declared, under penalty of perjury, that she has no fact or evidence remotely relevant to this dispute. As stated in her declaration, she had no role whatsoever in the design, marketing, advertising, distribution, sale, or operation of the allegedly infringing t-shirt or the sweepstakes. Document 55-3. Even if Plaintiff had a basis to depose her, it was not diligent in noticing Ms. Swift's deposition and, thus, this cannot be the basis for the extension. Plaintiff did not request her deposition until 10 months into the discovery period and more than 7 weeks after Defendants confirmed they completed their document production. Whether Ms. Swift will sit for a deposition is a discovery dispute that is currently pending before Magistrate

Judge McCormick. If Plaintiff is allowed to depose Ms. Swift and is awarded any relief from this motion, then it should simply be given leave to take Ms. Swift's deposition after the close of discovery. No other extension of the schedule is warranted.

Finally, Plaintiffs' requested extension will prejudice Defendants. Plaintiff has shown a pattern and practice of using the discovery process to harass Defendants and third parties that have no role in the alleged infringement. Plaintiff has served approximately 8 third party subpoenas and Plaintiff lacks any factual basis to subpoena most of them. Plaintiff has served 100s of requests for production, many of which are duplicative and result in nothing more than Defendants pointing to documents that have already been produced. Plaintiff served over 100 requests for admission, most of which were improper because they were interrogatories rather than requests that related to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). In fact, Plaintiffs' final set of written discovery is salacious and serves no purpose in the litigation other than to harass the Swift Defendants.

## II. BACKGROUND

Plaintiffs' recitation of discovery in this case is inaccurate revisionist history. The fact is, Plaintiffs have already obtained and been given access to information responsive to their requests. Plaintiff does not need additional time for unfettered discovery or to prepare for trial.

On November 6, 2014, the parties submitted a joint proposed schedule to the Court. The parties proposed a fact discovery cut-off date of April 17, 2015, and a trial date of November 16, 2015. Plaintiff insisted on specifically noting in the proposal that:

> The parties selected the fact and expert discovery cut-off dates herein based on their mutual expectations of how long discovery is expected to take in this matter. Additionally, out of a professional courtesy

Plaintiffs further agreed to extend certain dates so as to allow counsel for Defendants to focus on a trial in another matter scheduled for March.

Document 34 at 5 n.1. Essentially, Plaintiff wanted discovery to close faster than April 17, 2015, but agreed to extend it by about a month to accommodate Defense counsel's trial schedule. The Court granted the parties a much longer discovery period, however, and the Scheduling Order set the close of discovery as August 10, 2015, which created a long 14 month discovery period.[1] Document 35, Scheduling Order.

During a meet and confer regarding responses to written discovery, which took place on February 12, 2015, the parties agreed to complete their document productions on or before April 30, 2015.[2] Declaration of Tamany Vinson Bentz at ¶¶ 2-3. Before this agreed upon production deadline, Plaintiff inexplicably notified Defendants that it intended to move to compel documents from Defendants and, in fact, filed its motion on April 29, 2015. Document 41, Plaintiffs Motion to Compel. Plaintiff requested that the Court compel responses to approximately 79 requests for production, many of which were moot because Defendants planned to produce responsive documents by April 30, 2015, and pursuant to the parties' agreement. Document 41-1, Joint Stipulation.

Not surprisingly, the Court rejected most of Plaintiffs' motion to compel since Defendants produced the vast majority of documents at issue in the motion on or before April 30th. Of the approximately 79 requests in Plaintiffs' motion, only 30 were the subject of the Court's order. Document 43.

---

[1] Defendants agreed to start discovery prior to the Rule 26(f) conference of parties and Plaintiff served its first set of discovery on August 14, 2014.

[2] As further evidence of Plaintiff's bad faith, it fails to mention this agreement or Defendants representations about completing their document productions in its motion to modify the schedule. *See* Document 48 at 2.

On April 24, 2015, Plaintiff served corporate deposition notices on Taylor Nation, LLC and American Greetings. Bentz Decl. at ¶ 4. On June 17, 2015, Plaintiff served individual deposition notices for Taylor A. Swift, Charles A. Fish, Francisco Dominguez, and Patrice Sadd. Bentz Decl. at ¶ 5; *see also* Document 48-5, Exhibit 4 to Plaintiffs' Motion. With the exception of Ms. Swift's deposition, all of these depositions will take place before this motion is heard and well before the scheduled close of discovery. Taylor Nation is scheduled for deposition on July 21st, Charles A. Fish is scheduled for deposition on July 22nd, American Greetings and Patrice Sadd are scheduled for deposition on July 23rd, and Francisco Dominguez is scheduled for deposition on July 28th. Thus, all of the depositions Plaintiff have requested will occur in advance of the August 10th deadline.

### III. LEGAL ARGUMENT

The schedule in this case can only be modified for "good cause". Fed. R. Civ. P. 16(b)(4). Determining whether there is "good cause" requires the Court to consider "the diligence of the party seeking the amendment" and whether the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In addition, the Court should consider "the existence or degree of prejudice to the party opposing the modification." *Id*.

Plaintiff cannot meet the "good cause" standard here and its motion should be denied. Plaintiff has not established that it has been diligent in discovery or that the current schedule cannot reasonably be met without an extension. Under these circumstance, such a drastic change in the trial date is inconsistent with this Court's statements about the importance of trial dates:

> The Court sets FIRM trial dates and will not change them without good cause having been shown.

FAQs about Judge's Procedures and Schedules: Hon. Cormac J. Carney,

http://court.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c90 07fa070/f97a9c7aab12666d882579f5006b081d?OpenDocument (last accessed on July 16, 2015). Even if "good cause" could be met, there is significant prejudice to Defendants by extending discovery by six weeks and continuing the trial date for 2 months.

### A. Plaintiff Cannot Establish that the Discovery Deadline Cannot Reasonably Be Met or That There is Good Cause for an Extension

All of the pertinent fact discovery served by Plaintiff in this case is completed or scheduled to be completed by the August 10th fact discovery deadline. The only outstanding requests Plaintiff has are those it served on the final day to serve discovery and Defendants will respond to those on August 10th, as required by the Federal Rules of Civil Procedure. In any event, the fact that Plaintiffs waited to the last day to serve the discovery means it cannot base its request for an extension on these requests.

- Plaintiff served 186 Requests for Production.[3] The vast majority of Defendants' documents responsive to these requests were produced prior to April 30, 2015.[4] Any additional documents that Defendants have discovered or were subject to Magistrate Judge McCormick's Order on Plaintiffs' Motion to Compel were produced no later than July 3, 2015. Bentz Decl. at ¶ 12.
- Plaintiff served 25 Interrogatories, which have all been responded to and multiple supplements have been provided for many interrogatories as

---

[3] Plaintiff served 98 Requests for Production on the Swift Defendants and 88 Requests for Production on American Greetings.

[4] On July 8, 2015, the last day to serve written discovery by email, Plaintiff served a Third Set of Requests for Production on the Swift Defendants containing an additional 28 Requests and a Second Set of Requests for Production on American Greetings containing an additional 8 Requests. Upon an initial review, Defendants do not believe they will need to produce additional documents.

Defendants have investigated Plaintiffs' allegations.[5]

- Plaintiffs served 169 Requests for Admission, which have all been responded to.[6]
- Plaintiffs served six deposition notices in this case. Five of the depositions are scheduled to occur well in advance of August 10, 2015. The only remaining deposition is the deposition of Ms. Swift. Assuming Plaintiff is permitted to take the deposition, then it can be scheduled outside of the close of discovery and does not warrant an extension of all discovery or moving the trial date.

The parties are further poised to meet the non-discovery deadlines in this litigation. For instance, the parties are scheduled to mediate with a Panel Mediator, Anthony Keates, on August 27, 2015, which is in advance of the September 8, 2015, deadline for mediation.

The only discovery Plaintiff contends it cannot complete by the current fact discovery cut-off is the deposition of Ms. Swift. Document 48 at Part III.D. Plaintiff, however, has no basis to demand a deposition of Ms. Swift. She has declared, under penalty of perjury, that she has no knowledge relating to the t-shirt or the accused sweepstakes. Document 55-3, Declaration of Taylor A. Swift.

Furthermore, Plaintiff has not been diligent in pursuing the deposition of Ms. Swift. Plaintiff included Ms. Swift as a named defendant in its originally filed Complaint and her presence as a named defendant cannot be a surprise to Plaintiff. Document 1. Thus, Plaintiff could have noticed Ms. Swift's deposition at any point

---

[5] Also on July 8, 2015, Plaintiff served additional interrogatories; however, Defendants will not need to respond to these because they are past the 25 interrogatory limit mandated by the Federal Rules of Civil Procedure 33(a)(1).

[6] Plaintiff served 160 Requests for Admission on the Swift Defendants and 9 on American Greetings. Also on July 8, 2015, Plaintiff served a Third Set of Requests for Admission on the Swift Defendants containing an additional 29 RFAs, and Defendants will respond to the RFAs on August 10, 2015.

in discovery, but did not. Instead, Plaintiff waited until 10 months into the discovery period and a mere seven weeks before the close of discovery to serve a deposition notice for Ms. Swift.

Plaintiff cannot reasonably argue that it was waiting for any document productions from Defendants before noticing Ms. Swift's deposition because Plaintiff served corporate deposition notices on Taylor Nation LLC and American Greetings on April 24, 2015 -- six days in advance of the date when Defendants represented they would complete the production of their documents. Bentz Decl. at ¶ 4. The corporate deposition notices, of course, required Plaintiff to include the list of topics for deposition. Fed. R. Civ. P. 30(b)(6). If Plaintiff could serve a list of deposition topics, then it could have served individual witnesses with a simple deposition notice. Yet, inexplicably, Plaintiff waited over seven more weeks to serve individual deposition notices, including a deposition notice for Taylor Swift.

Plaintiff cannot reasonably contend that it needs to keep discovery open until it takes Ms. Swift's deposition because Plaintiff selected July 21st for Ms. Swift's deposition, which is a mere 19 days before the close of discovery. Document 55-2 at 33, Plaintiffs' Notice of Deposition Ms. Swift. Plaintiff could not reasonably have expected to serve any follow-up written discovery or notice any other depositions within 19 days of the end of discovery period.

Plaintiff also cannot contend that Defendants unduly delayed in notifying them that Ms. Swift would not appear for a deposition and was filing a motion for protective order. Defendants notified Plaintiff of Ms. Swift's objection within hours of the conclusion of Mr. Kloetzly's deposition. Bentz Decl. at ¶ 6. Plaintiff falsely claims Defendants waited 9 days to notify Plaintiff, which simply is not true. Defendants could not have notified Plaintiff before the deposition because Defendants could not have predicted that Plaintiff would testify, under oath, that it had no factual basis to (1) link Ms. Swift to the alleged acts of infringement, (2) show she knew about the alleged infringement, or (3) show that she knew about

Plaintiffs' alleged trademark. Document 55-1 at 1-2, Joint Stipulation re: Defendants Motion for Protective Order.

Finally, Plaintiff makes a few vague references to third party discovery that it cannot complete before the close of discovery, namely Elizabeth Arden.[7] Plaintiff has not been diligent about pursuing discovery from Elizabeth Arden. On December 12, 2014, Elizabeth Arden notified Plaintiff that it was not producing documents or a witness in response to the subpoenas. Bentz Decl. at ¶ 7. Plaintiff waited until January 26, 2015, to follow-up on the issue. *Id*. Eventually, the parties agreed that the Swift Defendants would produce documents in response to Plaintiffs' Elizabeth Arden related document requests to the Swift Defendants and then revisit a production by Elizabeth Arden. Defendants completed their production of documents prior to April 30th. Plaintiff waited over a month, until June 5, 2015, to notify Defendants and Elizabeth Arden that it thought the production was incomplete. Bentz Decl. at ¶ 8. All in, Plaintiff delayed over 2 months in seeking discovery and should not be allowed to use this delay as a basis for an extension in the schedule.

In any event, a production by Elizabeth Arden should not be a reason to extend all of discovery and the trial because Elizabeth Arden's information and documents are not likely to lead to admissible evidence. Elizabeth Arden has repeatedly represented to Plaintiff that it does not have correspondence with the Swift Defendants concerning "lucky 13", Plaintiff, or Plaintiffs' alleged trademark. Bentz Decl. at ¶ 9. Furthermore, Elizabeth Arden never ran a trademark search on "lucky 13" in conjunction with a Swift perfume. *Id*. Elizabeth Arden offered to produce evidence to support both of these representations and that offer was rejected by Plaintiff who maintains it is entitled to Elizabeth Arden's internal

---

[7] Plaintiff also refers to William Morris Endeavor in its motion, but William Morris has produced or will produce all the responsive documents in its possession.

communications that have nothing to do with any of the parties in this case. *Id*.

## B. Plaintiffs' Proposed Discovery Extension Will Prejudice Defendants

Any extension of the discovery deadline or trial date will prejudice Defendants. "An amendment is prejudicial to the non-moving party if it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay resolution of the dispute." Wayne D. Brazil, 16 Moore's Federal Practice - Civil § 16.14 (Matthew Bender & Company, Inc. 2015).

Allowing Plaintiff additional time for discovery will prejudice Defendants. Plaintiff has shown that it views discovery as a vehicle to harass Defendants. Plaintiff served a subpoena on Coca-Cola Company, Proctor & Gamble Company, Keds, LLC, Chegg, Inc., Toyota Motor Sales, U.S.A., and Papa John's International, Inc. without any basis to believe they would have information that could be discoverable in this case.

Plaintiff has escalated its harassing tactics since the Plaintiffs' deposition that caused the dismissal of half of the case. For instance, Plaintiff served a final set of written discovery on Defendants that requested irrelevant material such as:

> REQUEST FOR PRODUCTION NO. 114: All PHOTOGRAPHS and VIDEOS of YOU in which YOUR breasts are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.
>
> REQUEST FOR PRODUCTION NO. 115: All PHOTOGRAPHS and VIDEOS of YOU in which YOUR buttocks are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

Bentz Decl. at ¶ 10. Rather than use discovery as a tool to prove its case, Plaintiff is intent on using discovery in hopes of harassing Defendants into a settlement. To this end, Plaintiffs' counsel has started taking interviews with reporters and alerting them to the status of discovery in this case, including commenting on motions that were filed under seal. Bentz Decl. at ¶ 11. When, as here, a party is abusing the discovery process the Court must deny a request to extend the discovery period and should never give the abusive party more time to try to extort its opponent.

Defendants furthermore are entitled to the trial date that has been set in this case. It is very near the date that was agreed to by the parties. Defense counsel has other trials in the fall and winter, which have been scheduled around this case. It is not possible at this junction for any other counsel to try this case on behalf of Defendants.

## IV. CONCLUSION

Plaintiffs' motion should be denied because Plaintiff cannot meet the "good cause" standard and show that its requested extension is necessary and it has been diligent in seeking discovery. If Plaintiff is granted any relief in response to this motion, it should simply be to allow discrete discovery after the close of discovery.

DATED: July 20, 2015          VENABLE LLP

By: /s/ Tamany Vinson Bentz
J. Douglas Baldridge
Tamany Vinson Bentz
Andrew T. Hernacki
Attorneys for Defendants Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., TAS Rights Management, and American Greetings Corporation