VENABLE LLP
J. DOUGLAS BALDRIDGE (*pro hac vice*)
Email:    jbaldridge@venable.com
ANDREW T. HERNACKI (*pro hac vice*)
Email:    athernacki@venable.com
575 7th Street, NW
Washington D.C., 20004
Telephone: (202) 344-4703
Facsimile: (202) 344-8300

TAMANY VINSON BENTZ (SBN 258600)
Email:    tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Taylor Nation, LLC, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation,  TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, and AMERICAN GREETINGS CORPORATION, an Ohio Corporation.<br><br>                              Defendants. | CASE NO. 8:14-cv-00782<br><br>Honorable Cormac J. Carney<br><br>[Discovery Document:  Referred to Hon. Magistrate Judge Douglas F. McCormick]<br><br>**DECLARATION OF TAMANY VINSON BENTZ IN SUPPORT OF JOINT STIPULATION RE: DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>Hearing: August 10, 2015<br>Time:  1:30 am<br>Courtroom: 9B<br><br>Complaint Filed: May 20, 2014<br>Trial:  November 17, 2015 |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1     I, Tamany Vinson Bentz, declare as follows:

2         1.   I am counsel for Defendants Taylor Nation, LLC, Taylor Swift Productions,

3     Inc., Swift Merchandising, Inc., TAS Rights Management, LLC, and Taylor A.

4     Swift in the above-captioned matter.  I submit this declaration in support of

5     Defendant's Opposition to Plaintiffs' Motion to Amend the Scheduling Order.

6         2.   On February 17, 2015, I met and conferred with counsel for Plaintiffs, Justin

7     Klaeb.  During this call, I proposed, and Mr. Klaeb agreed, that Plaintiffs and

8     Defendants would begin document production on March 2, 2015.  I also proposed

9     that the parties would complete document production by April 30, 2015.  Mr.

10    Klaeb stated that he had no objection to this agreement, but needed to confirm with

11    his co-counsel.

12        3.   Neither Mr. Klaeb nor any of his co-counsel informed me that they refused

13    the April 30, 2015 date.  Rather, they confirmed the April 30, 2015 date, through

14    several email exchanges between February 18, 2015 and February 24, 2015.

15    Copies of these emails have already been filed with Court and are Document 41-16

16    in the record.

17        4.   Attached hereto as **Exhibit A** are copies of Plaintiffs' Deposition Notices to

18    Taylor Nation, LLC and American Greetings Corporation.

19        5.   Attached hereto as **Exhibit B** are true and correct copies of the deposition

20    notices for Charles A. Fish, Francisco Dominguez and Patrice Sadd.

21        6.   On Jun 26, 2015, shortly after concluding Mr. Kloetzly's deposition, I sent a

22    letter to Plaintiffs' counsel, Justin Klaeb, notifying him that "Ms. Swift has no

23    information that is discoverable in this case, as she has no first-hand knowledge of

24    the issues in this case and will not be a witness at any trial in this matter."

25    Attached hereto as **Exhibit C** is a true and correct copy of my letter to Mr. Klaeb.

26        7.   Attached hereto as **Exhibit D** is a true and correct copy of my letter to Mr.

27    Klaeb dated December 12, 2014.  Plaintiffs' counsel responded to this letter on

28

1

January 26, 2015.  Attached hereto as **Exhibit E** is a true and correct copy of the letter I received from Mr. Klaeb.

8.  Attached hereto as **Exhibit F** is a true and correct copy of the letter I received from Mr. Klaeb on June 5, 2015.

9.  On July 1, 2015, Plaintiffs filed a motion to compel in the United States District Court for the Southern District of Florida seeking to compel Elizabeth Arden to respond to Plaintiffs subpoena for documents and deposition testimony. *Blue Sphere, Inc. et al. v. Elizabeth Arden*, Case No.: 1:15mc22493.  Attached hereto as **Exhibit G** is a true and correct copy of Elizabeth Arden's opposition to Plaintiffs' motion to compel.  At page 3 of the Opposition, Elizabeth Arden confirms that it has represented to Plaintiff that it does not have correspondence with the Swift Defendants concerning "lucky 13", Plaintiff, or Plaintiff's alleged trademark.  Also at page 3 of the Opposition, Elizabeth Arden states that it never ran a trademark search on "lucky 13" in conjunction with a Swift perfume.  On the same page, Elizabeth Arden's counsel states that Elizabeth Arden offered to a log of names that were subject to a trademark search and that offer was rejected by Plaintiff.

10.  Attached hereto as **Exhibit H** is a copy of Plaintiffs' Third Set of Requests for Production, which include the following requests:

REQUEST FOR PRODUCTION NO. 114: All PHOTOGRAPHS and VIDEOS of YOU in which YOUR breasts are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

REQUEST FOR PRODUCTION NO. 115: All PHOTOGRAPHS and VIDEOS of YOU in which YOUR buttocks are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

2

11.  Attached hereto as **Exhibit I** is a copy of the Hollywood Reporter article, which is also available at http://www.hollywoodreporter.com/thr-esq/taylor-swift-resisting-deposition-trademarks-808852.  I personally last accessed this webpage on July 20, 2015, and caused a copy to be taken to be used as Exhibit I to this declaration.

12. On July 2, 2015, Defendants produced a few additional documents that were newly discovered or were subject to Magistrate Judge McCormick's Order on Plaintiff's Motion to Compel.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed this 20th day of July, 2015 at Nashville, Tennessee.


/s/ Tamany Vinson Bentz
Tamany Vinson Bentz

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

3

# EXHIBIT A

Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

Attorneys for Plaintiffs Blue Sphere, Inc.
doing business as Lucky 13 and Robert
A. Kloetzly

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>          Plaintiffs,<br><br>          vs.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, AMERICAN GREETINGS CORPORATION, an Ohio Corporation; et al.,<br><br>          Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>**PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION OF DEFENDANT TAYLOR NATION, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

1      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Plaintiff Blue Sphere, Inc.

3   doing business as Lucky 13, pursuant to Federal Rule of Civil Procedure 30(b)(6),

4   will take the oral and videotaped deposition of Defendant Taylor Nation, LLC on

5   the topics set forth below on June 30, 2015 beginning at 10:00 a.m.  The deposition

6   will take place at the office of Stradling Yocca Carlson & Rauth, P.C., 100

7   Wilshire Boulevard, 4th Floor, Santa Monica, CA 90401, and shall continue from

8   day-to-day until completed.  The deposition shall be taken before a certified court

9   reporter and will be recorded on videotape as well as by stenographic means,

10  which shall be accessible real time.

11

12  DATED:  April 24, 2015          STRADLING YOCCA CARLSON
                                    & RAUTH, P.C.
13

14

15                                  By:   /s/ Justin Klaeb
                                          Justin Klaeb
16                                        Attorneys for Plaintiff Blue Sphere, Inc.
                                          doing business as Lucky 13
17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC
EXHIBIT A - Page 5
LITIOC/2116183v2/102261-0094

## DEFINITIONS AND INSTRUCTIONS

As used herein:

1.      The term "ACTION" shall mean and refer to the above captioned matter.

2.      The term "AMERICAN GREETINGS" shall mean and refer to Defendant American Greetings Corporation, AG Interactive, Inc., and AGC, LLC, their agents, employees, servants, representatives, accountants, attorneys, related companies, and all other persons acting or purporting to act on their behalf.

3.      The term "COMPLAINT" shall mean and refer to the Complaint and First Amended Complaint filed in the ACTION.

4.      The terms "CONCERNING," "REGARDING," "RELATED," and "RELATING" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting on, having any connection, association, or concern with, or any relevance, relation, pertinence, or applicability to, or any implication or bearing upon, or constituting evidence of the subject of the inquiry.

5.      The term "ELIZABETH ARDEN" shall mean and refer to Elizabeth Arden, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

6.      The term "GMR" shall mean and refer to GMR Marketing, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

7.      The term "LUCKY 13" shall mean and refer to Plaintiff Blue Sphere, Inc., a California corporation doing business as Lucky 13.

8.      The term "LUCKY 13 MARKS" shall mean and refer to:

          a.      United States Trademark Registration No. 2,970,316 for the mark LUCKY 13 in International Classification 18 for "Athletic bags, backpacks, beach bags, book bags, carry-on bags, duffel bags, gym bags,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

LITIOC/2116183v2/102261-0094

**LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC**
**EXHIBIT A - Page 6**

school bags, shoulder bags, sports bags, tote bags, travel bags, hand bags, billfold, day packs, pocketbooks, purses, wallets," and International Classification 26 for "Belt Buckles not of precious metal";

b.      United States Trademark Registration No. 2,974,104 for the mark LUCKY 13 in International Classification 12 for "Hitch plugs, license plate holders, vehicle seat covers, automobile seat belt shoulder pads, steering wheel covers";

c.      United States Trademark Registration No. 3,022,964 for the mark LUCKY 13 in International Classification 06 for "Metal key chains, metal key holders, metal key rings, metal money clips, metal license plates"; International Classification 16 for "Bags for merchandise packaging namely plastic and paper, bumper stickers, calendars, organizers for stationary use, decals, desk calendars, paper emblems, printed emblems, graphics for application to automobiles, litter bags, merchandising bags, plastic bags, stickers, temporary tattoos"; and, International Classification 21 for "Beverage glassware, bottle openers, candle holders not of precious metal, candlesticks not of precious metal, coffee cups, drinking glasses, shot glasses, flasks, hair combs, mugs, plastic cups, plastic coasters, rubber coasters, and travel tumblers";

d.      United States Trademark Registration No. 3,207,294 for the mark LUCKY 13 in International Classification 25 for "Clothing and footwear for men and women, namely, athletic shoes, athletic sports suits, belts, blouses, body suits, cardigans, coats, dresses, gowns, gloves, gym suits, hats, jackets, jeans, jogging suits, overalls; pants, namely, capri pants, chino pants, work pants; shirts namely, polo shirts, jersey shirts, diner shirts, bowling shirts, flannel shirts, sport shirts; shoes, shorts, namely, board shorts, chino shorts, walking shorts, hiking shorts; skirts, sleepwear, slippers, sneakers, suspenders, sweaters, sweatshirts, swimwear, tops, T

-4-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

LITIOC/2116183v2/102261-0094

**LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC**
**EXHIBIT A - Page 7**

1   shirts, warm-up suits, beach clothes and surf wear, namely, board shorts,

2   camisole tops, midriff tops, pants, skirts, sweatshirts, sweat pants, tank tops,

3   tie tops; vests, sweaters, sandals, head wear, namely, caps, hats"; and,

4   International Classification 35 for "Retail store services and on-line retail

5   services available via the Internet in the field of electrical goods, lamps,

6   optical goods and sunglasses, CDs, records and video tapes, jewelry,

7   stationery, printed publications and printed matter, cards, gift wrap,

8   furniture, furnishings and decorations, bed and table linen, comforters,

9   towels, clothing, footwear, headgear, playthings sporting goods and

10   accessories, namely, belt buckles, candles, clocks, coaster sets, gear bags,

11   lighters, posters";

12        e.    United States Trademark Registration No. 3,250,642 for the

13   mark LUCKY 13 in International Classification 14 for "body-piercing rings,

14   body-piercing studs, bracelets, charms, chokers, costume jewelry, earrings,

15   ear studs, ear plug earrings, jewelry, navel rings, necklaces, pendants";

16        f.    United States Trademark Registration No. 3,623,660 for

17   LUCKY 13 in International Classification 03 for "Body sprays; Greases for

18   cosmetic purposes; Hair care creams; Hair creams; Hair gels; Hair pomades;

19   Hair shampoo; Hair styling gel; Mustache wax; Perfumed creams; Pomades;

20   Sculpting gel; Styling gels; Gel for molding hair"; and,

21        g.    United States Trademark Registration No. 4,550,063 for

22   LUCKY 13 in International Classification 09 for "Motorcycle helmets;

23   Protective helmets; Riding helmets".

24       9.    The term "LUCKY 13 SWEEPSTAKES" shall mean and refer to the

25   "Lucky 13" sweepstakes contest offered through at least the TAYLOR SWIFT

26   CARDS WEBSITE beginning on or about March 13, 2013.

27       10.   The LUCKY 13 T-SHIRT shall mean and refer to the "Lucky 13" t-

28   shirt sold by Swift as alleged in the COMPLAINT.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

LITIOC/2116183v2/102261-0094

-5-

LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC
EXHIBIT A - Page 8

11.     The term "LUCKY 13 WEBSITE" shall mean and refer to the domain at http://www.lucky13.com/.

12.     The term "PERSON" shall mean and refer to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

13.     The term "PRODUCT" shall mean and refer to a tangible or intangible article or good that is manufactured and/or offered for sale.

14.     The term "SWIFT," "YOU," and "YOUR" shall mean and refer to:

a.     Defendant Taylor A. Swift, her agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on her behalf;

b.     Defendant Taylor Nation, LLC, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

c.     Defendant Taylor Swift Productions, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

d.     Defendant Swift Merchandising, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

e.     Defendant TAS Rights Management, LLC, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

15.     The term "SWIFT PERFUME" shall mean and refer to any perfume product contemplated, designed, or created in connection with a business partnership between SWIFT and ELIZABETH ARDEN.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

16.     The term "TAYLOR SWIFT CARDS" shall mean and refer to all PRODUCTS offered for sale pursuant to the business relationship between AMERICAN GREETINGS and SWIFT.

17.     The term "TAYLOR SWIFT CARDS WEBSITE" shall mean and refer to the domain at https://www.taylorswiftcards.com/ and all products available for purchase on this website at any time.

18.     The term "WME" shall mean and refer to William Morris Endeavor Entertainment, LLC, 9601 Wilshire Blvd., Beverly Hills, California 90210, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

19.     The terms "and" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request all responses which that might otherwise be construed to be outside of its scope. The singular form of any word includes the plural, and vice versa.

20.     All words and phrases shall be construed as masculine, feminine, or neuter gender, according to the context.

## DEPOSITION TOPICS

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Taylor Nation, LLC shall designate one or more officers, directors, managing agents, or other representatives to testify on its behalf as to matters known or reasonably available to it on the following topics:

**TOPIC NO. 1:**

The individuals involved in YOUR business relationship with AMERICAN GREETINGS and the substance of that involvement.

**TOPIC NO. 2:**

The individuals involved in the creation, marketing, or sale of the LUCKY 13 T-SHIRT and the substance of that involvement.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC**
**EXHIBIT A - Page 10**
LITIOC/2116183v2/102261-0094

**TOPIC NO. 3:**

The PERSONS outside of SWIFT with whom YOU collaborated CONCERNING the LUCKY 13 SWEEPSTAKES or the LUCKY 13 T-SHIRT and the substance of that involvement.

**TOPIC NO. 4:**

The PERSONS responsible for YOUR trademark selection, search, and clearance processes, including the PERSONS involved in any such processes CONCERNING the LUCKY 13 SWEEPSTAKES and the LUCKY 13 T-SHIRT.

**TOPIC NO. 5:**

YOUR policies and procedures for ensuring that the goods and services YOU or YOUR licensees produce and/or offer for sale do not infringe upon the intellectual property of others.

**TOPIC NO. 6:**

All agreements entered into by SWIFT CONCERNING the LUCKY 13 SWEEPSTAKES and the LUCKY 13 T-SHIRT.

**TOPIC NO. 7:**

YOUR first awareness of LUCKY 13, the LUCKY 13 MARKS, and the LUCKY 13 WEBSITE.

**TOPIC NO. 8:**

The period of time during which YOU used in United States commerce the phrases "Lucky 13" or "Lucky 13 Sweepstakes," or a phrase containing "Lucky" and "13" therein.

**TOPIC NO. 9:**

Trademark search reports, trademark clearance reports or studies, and trademark opinion letters generated or obtained by YOU CONCERNING use of the phrases "Lucky 13" or "Lucky 13 Sweepstakes," or a phrase containing "Lucky" and "13" therein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

**LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC**
LITIOC/2116183v2/102261-0094    **EXHIBIT A - Page 11**

**TOPIC NO. 10:**

The physical and online locations where PRODUCTS offered pursuant to YOUR relationship with AMERICAN GREETINGS were and/or are advertised and sold.

**TOPIC NO. 11:**

YOUR marketing, advertising, and promotional efforts REGARDING the LUCKY 13 SWEEPSTAKES, the TAYLOR SWIFT CARDS, and the LUCKY 13 T-SHIRT.

**TOPIC NO. 12:**

Amounts YOU budgeted and spent on marketing, advertising, and promoting the LUCKY 13 SWEEPSTAKES, the TAYLOR SWIFT CARDS, and the LUCKY 13 T-SHIRT.

**TOPIC NO. 13:**

The PRODUCTS offered for sale pursuant to YOUR relationship with AMERICAN GREETINGS.

**TOPIC NO. 14:**

YOUR former or current plans to introduce new PRODUCTS to be marketed and sold by YOU or AMERICAN GREETINGS RELATED to YOUR business relationship with AMERICAN GREETINGS, including as part of the LUCKY13 SWEEPSTAKES.

**TOPIC NO. 15:**

YOUR website traffic volume on the TAYLOR SWIFT CARDS WEBSITE, including any changes in website traffic volumes during the pendency of the LUCKY 13 SWEEPSTAKES.

**TOPIC NO. 16:**

YOUR total revenues and profits RELATING to YOUR business relationship with AMERICAN GREETINGS, including profits and revenues

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

derived from the LUCKY 13 SWEEPSTAKES and from sales of the

TAYLOR SWIFT CARDS.

**TOPIC NO. 17:**

YOUR total revenues and profits RELATING to the LUCKY 13 T-SHIRTS.

**TOPIC NO. 18:**

Any communications between YOU and any of AMERICAN GREETINGS, GMR, or ELIZABETH ARDEN CONCERNING the phrase "Lucky 13," LUCKY 13, the LUCKY 13 MARKS, and/or the LUCKY 13 WEBSITE.

**TOPIC NO. 19:**

The corporate relationships between and among the PERSONS defined as SWIFT herein.

**TOPIC NO. 20:**

The number of PERSONS to whom the LUCKY 13 T-SHIRT and the LUCKY 13 SWEEPSTAKES were marketed and the advertising mediums used.

**TOPIC NO. 21:**

YOUR efforts to collect materials called for in discovery in this ACTION, including the PERSONS involved in such efforts.

**LUCKY 13'S NOTICE OF DEPOSITION OF TAYLOR NATION, LLC**
**EXHIBIT A - Page 13**

LITIOC/2116183v2/102261-0094

# CERTIFICATE OF SERVICE

I certify that on April 24, 2015 the foregoing document

PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION TO DEFENDANT TAYLOR NATION, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

was served on all parties or their counsel of record through email by serving a true and correct copy at the addresses listed below:

J. Douglas Baldridge (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4703
Facsimile:  (202) 344-8300
Email:  jbaldridge@venable.com

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
Email:  tjbentz@venable.com

Andrew T. Hernacki (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4264
Facsimile:  (202) 344-8300
Email:  athernacki@venable.com

Attorneys for Defendants Taylor A. Swift; Taylor Nation, LLC; Taylor Swift Productions, Inc.; Swift Merchandising, Inc.; TAS Rights Management, LLC; and American Greetings Corporation

*s/ Justin Klaeb*_____          April 24, 2015_____
                                     Date

1   Mark L. Skaist (SBN 156090)
      mskaist@SYCR.com
2   Jason de Bretteville (SBN 195069)
      jdebretteville@SYCR.com
3   STRADLING YOCCA CARLSON & RAUTH, P.C.
    660 Newport Center Drive, Suite 1600
4   Newport Beach, California 92660
    Telephone:  (949) 725-4000
5   Facsimile:  (949) 823-5094

6   Justin Klaeb (SBN 254035)
      jklaeb@SYCR.com
7   STRADLING YOCCA CARLSON & RAUTH, P.C.
    100 Wilshire Blvd., 4th Floor
8   Santa Monica, California 90401
    Telephone:  (424) 214-7000
9   Facsimile:  (424) 214-7010

10  Attorneys for Plaintiffs Blue Sphere, Inc.
    doing business as Lucky 13 and Robert
11  A. Kloetzly

12

13              **UNITED STATES DISTRICT COURT**

14        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15                   **SOUTHERN DIVISION**

| | |
|---|---|
| 16  BLUE SPHERE, INC., a California Corporation doing business as 17  LUCKY 13, and ROBERT A. KLOETZLY, an individual, 18              Plaintiffs, 19              vs. 20  TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a 21  Tennessee Limited Liability Company, TAYLOR SWIFT 22  PRODUCTIONS, INC., a Tennessee Corporation, SWIFT 23  MERCHANDISING, INC., a Tennessee Corporation, TAS 24  RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability 25  Company, AMERICAN GREETINGS CORPORATION, an 26  Ohio Corporation; et al., 27              Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM  **PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION OF DEFENDANT AMERICAN GREETINGS CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** |

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 15**
LITIOC/2115856v5/102261-0094

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Plaintiff Blue Sphere, Inc.

3   doing business as Lucky 13, pursuant to Federal Rule of Civil Procedure 30(b)(6),

4   will take the oral and videotaped deposition of Defendant American Greetings

5   Corporation on the topics set forth below on June 29, 2015 beginning at 10:00 a.m.

6   The deposition will take place at the office of Stradling Yocca Carlson & Rauth,

7   P.C., 100 Wilshire Boulevard, 4th Floor, Santa Monica, CA 90401, and shall

8   continue from day-to-day until completed.  The deposition shall be taken before a

9   certified court reporter and will be recorded on videotape as well as by

10   stenographic means, which shall be accessible real time.

11

12   DATED:  April 24, 2015                STRADLING YOCCA CARLSON
13                                         & RAUTH, P.C.

14

15                                 By:    */s/ Justin Klaeb*_____
                                          Justin Klaeb
16                                        Attorneys for Plaintiff Blue Sphere, Inc.
17                                        doing business as Lucky 13

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 16**

LITIOC/2115856v5/102261-0094

## DEFINITIONS AND INSTRUCTIONS

As used herein:

1.      The term "ACTION" shall mean and refer to the above captioned matter.

2.      The terms "AMERICAN GREETINGS," "YOU," and "YOUR" shall mean and refer to Defendant American Greetings Corporation, AG Interactive, Inc., and AGC, LLC, their agents, employees, servants, representatives, accountants, attorneys, related companies, and all other persons acting or purporting to act on their behalf.

3.      The term "COMPLAINT" shall mean and refer to the Complaint and First Amended Complaint filed in the ACTION.

4.      The terms "CONCERNING," "REGARDING," "RELATED," and "RELATING" shall be construed in their broadest sense and shall mean describing, setting forth, discussing, mentioning, commenting on, having any connection, association, or concern with, or any relevance, relation, pertinence, or applicability to, or any implication or bearing upon, or constituting evidence of the subject of the inquiry.

5.      The term "ELIZABETH ARDEN" shall mean and refer to Elizabeth Arden, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

6.      The term "GMR" shall mean and refer to GMR Marketing, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

7.      The term "LUCKY 13" shall mean and refer to Plaintiff Blue Sphere, Inc., a California corporation doing business as Lucky 13.

8.      The term "LUCKY 13 MARKS" shall mean and refer to:

a.      United States Trademark Registration No. 2,970,316 for the mark LUCKY 13 in International Classification 18 for "Athletic bags,

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 17**

1  backpacks, beach bags, book bags, carry-on bags, duffel bags, gym bags,

2  school bags, shoulder bags, sports bags, tote bags, travel bags, hand bags,

3  billfold, day packs, pocketbooks, purses, wallets," and International

4  Classification 26 for "Belt Buckles not of precious metal";

5  b.  United States Trademark Registration No. 2,974,104 for the

6  mark LUCKY 13 in International Classification 12 for "Hitch plugs, license

7  plate holders, vehicle seat covers, automobile seat belt shoulder pads,

8  steering wheel covers";

9  c.  United States Trademark Registration No. 3,022,964 for the

10  mark LUCKY 13 in International Classification 06 for "Metal key chains,

11  metal key holders, metal key rings, metal money clips, metal license plates";

12  International Classification 16 for "Bags for merchandise packaging namely

13  plastic and paper, bumper stickers, calendars, organizers for stationary use,

14  decals, desk calendars, paper emblems, printed emblems, graphics for

15  application to automobiles, litter bags, merchandising bags, plastic bags,

16  stickers, temporary tattoos"; and, International Classification 21 for

17  "Beverage glassware, bottle openers, candle holders not of precious metal,

18  candlesticks not of precious metal, coffee cups, drinking glasses, shot

19  glasses, flasks, hair combs, mugs, plastic cups, plastic coasters, rubber

20  coasters, and travel tumblers";

21  d.  United States Trademark Registration No. 3,207,294 for the

22  mark LUCKY 13 in International Classification 25 for "Clothing and

23  footwear for men and women, namely, athletic shoes, athletic sports suits,

24  belts, blouses, body suits, cardigans, coats, dresses, gowns, gloves, gym

25  suits, hats, jackets, jeans, jogging suits, overalls; pants, namely, capri pants,

26  chino pants, work pants; shirts namely, polo shirts, jersey shirts, diner shirts,

27  bowling shirts, flannel shirts, sport shirts; shoes, shorts, namely, board

28  shorts, chino shorts, walking shorts, hiking shorts; skirts, sleepwear,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 18**

LITIOC/2115856v5/102261-0094

slippers, sneakers, suspenders, sweaters, sweatshirts, swimwear, tops, T shirts, warm-up suits, beach clothes and surf wear, namely, board shorts, camisole tops, midriff tops, pants, skirts, sweatshirts, sweat pants, tank tops, tie tops; vests, sweaters, sandals, head wear, namely, caps, hats"; and, International Classification 35 for "Retail store services and on-line retail services available via the Internet in the field of electrical goods, lamps, optical goods and sunglasses, CDs, records and video tapes, jewelry, stationery, printed publications and printed matter, cards, gift wrap, furniture, furnishings and decorations, bed and table linen, comforters, towels, clothing, footwear, headgear, playthings sporting goods and accessories, namely, belt buckles, candles, clocks, coaster sets, gear bags, lighters, posters";

e.      United States Trademark Registration No. 3,250,642 for the mark LUCKY 13 in International Classification 14 for "body-piercing rings, body-piercing studs, bracelets, charms, chokers, costume jewelry, earrings, ear studs, ear plug earrings, jewelry, navel rings, necklaces, pendants";

f.      United States Trademark Registration No. 3,623,660 for LUCKY 13 in International Classification 03 for "Body sprays; Greases for cosmetic purposes; Hair care creams; Hair creams; Hair gels; Hair pomades; Hair shampoo; Hair styling gel; Mustache wax; Perfumed creams; Pomades; Sculpting gel; Styling gels; Gel for molding hair"; and,

g.      United States Trademark Registration No. 4,550,063 for LUCKY 13 in International Classification 09 for "Motorcycle helmets; Protective helmets; Riding helmets".

9.      The term "LUCKY 13 SWEEPSTAKES" shall mean and refer to the "Lucky 13" sweepstakes contest offered through at least the TAYLOR SWIFT CARDS WEBSITE beginning on or about <u>March 13, 2013</u>.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 19**

LITIOC/2115856v5/102261-0094

10.     The term "LUCKY 13 WEBSITE" shall mean and refer to the domain at http://www.lucky13.com/.

11.     The term "PERSON" shall mean and refer to any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

12.     The term "PRODUCT" shall mean and refer to a tangible or intangible article or good that is manufactured and/or offered for sale.

13.     The term "SWIFT" shall mean and refer to:

a.     Defendant Taylor A. Swift, her agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on her behalf;

b.     Defendant Taylor Nation, LLC, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

c.     Defendant Taylor Swift Productions, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

d.     Defendant Swift Merchandising, Inc., its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

e.     Defendant TAS Rights Management, LLC, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf;

14.     The term "SWIFT PERFUME" shall mean and refer to any perfume product contemplated, designed, or created in connection with a business partnership between SWIFT and ELIZABETH ARDEN.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 20**

LITIOC/2115856v5/102261-0094

15. The term "TAYLOR SWIFT CARDS" shall mean and refer to all PRODUCTS offered for sale pursuant to the business relationship between AMERICAN GREETINGS and SWIFT.

16. The term "TAYLOR SWIFT CARDS WEBSITE" shall mean and refer to the domain at https://www.taylorswiftcards.com/ and all products available for purchase on this website at any time.

17. The term "WME" shall mean and refer to William Morris Endeavor Entertainment, LLC, 9601 Wilshire Blvd., Beverly Hills, California 90210, its agents, employees, servants, representatives, accountants, attorneys, and all other persons acting or purporting to act on its behalf.

18. The terms "and" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to bring within the scope of the request all responses which that might otherwise be construed to be outside of its scope. The singular form of any word includes the plural, and vice versa.

19. All words and phrases shall be construed as masculine, feminine, or neuter gender, according to the context.

## DEPOSITION TOPICS

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant American Greetings Corporation shall designate one or more officers, directors, managing agents, or other representatives to testify on its behalf as to matters known or reasonably available to it on the following topics:

**TOPIC NO. 1:**

YOUR divisions, and specific individuals therein, involved in YOUR business relationship with SWIFT and the substance of that involvement.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 21**
LITIOC/2115856v5/102261-0094

**TOPIC NO. 2:**

The PERSONS outside of AMERICAN GREETINGS with whom YOU collaborated CONCERNING YOUR business relationship with SWIFT and the substance of that involvement.

**TOPIC NO. 3:**

The PERSONS responsible for YOUR trademark selection, search, and clearance processes, including the PERSONS involved in any such processes CONCERNING the LUCKY 13 SWEEPSTAKES.

**TOPIC NO. 4:**

YOUR policies and procedures for ensuring that the goods and services YOU or YOUR licensees produce and/or offer for sale do not infringe upon the intellectual property of others.

**TOPIC NO. 5:**

All agreements entered into by AMERICAN GREETINGS REGARDING its business relationship with SWIFT, whether with SWIFT or other PERSONS.

**TOPIC NO. 6:**

YOUR first awareness of LUCKY 13, the LUCKY 13 MARKS, and the LUCKY 13 WEBSITE.

**TOPIC NO. 7:**

The period of time during which YOU used in United States commerce the phrases "Lucky 13" or "Lucky 13 Sweepstakes," or a phrase containing "Lucky" and "13" therein, in connection with YOUR business relationship with SWIFT.

**TOPIC NO. 8:**

Trademark search reports, trademark clearance reports or studies, and trademark opinion letters generated or obtained by YOU CONCERNING use of the phrases "Lucky 13" or "Lucky 13 Sweepstakes," or a phrase containing "Lucky" and "13" therein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-8-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 22**

LITIOC/2115856v5/102261-0094

**TOPIC NO. 9:**

The physical and online locations where PRODUCTS offered pursuant to YOUR relationship with SWIFT were and/or are advertised and sold.

**TOPIC NO. 10:**

YOUR marketing, advertising, and promotional efforts REGARDING the LUCKY 13 SWEEPSTAKES and the TAYLOR SWIFT CARDS.

**TOPIC NO. 11:**

Amounts YOU budgeted and spent on marketing, advertising, and promoting the LUCKY 13 SWEEPSTAKES and the TAYLOR SWIFT CARDS.

**TOPIC NO. 12:**

The PRODUCTS offered for sale pursuant to YOUR business relationship with SWIFT.

**TOPIC NO. 13:**

YOUR former or current plans to introduce new PRODUCTS to be marketed and sold by YOU or SWIFT RELATED to YOUR business relationship with SWIFT, including as part of the LUCKY13 SWEEPSTAKES.

**TOPIC NO. 14:**

YOUR website traffic volume on the TAYLOR SWIFT CARDS WEBSITE, including any changes in website traffic volume during the pendency of the LUCKY 13 SWEEPSTAKES.

**TOPIC NO. 15:**

YOUR total revenues and profits RELATING to YOUR business relationship with SWIFT, including profits and revenues derived from the LUCKY 13 SWEEPSTAKES and from sales of the TAYLOR SWIFT CARDS.

**TOPIC NO. 16:**

Any communications between YOU and any of SWIFT, GMR, or ELIZABETH ARDEN CONCERNING the phrase "Lucky 13," LUCKY 13, the LUCKY 13 MARKS, and/or the LUCKY 13 WEBSITE.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 23**

LITIOC/2115856v5/102261-0094

1

**TOPIC NO. 17:**

2

The number of PERSONS to whom the LUCKY 13 SWEEPSTAKES was

3

marketed and the advertising mediums used.

4

**TOPIC NO. 18:**

5

YOUR efforts to collect materials called for in discovery in this ACTION,

6

including the PERSONS involved in such efforts.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-

**LUCKY 13'S NOTICE OF DEPOSITION OF AMERICAN GREETINGS CORP.**
**EXHIBIT A - Page 24**

LITIOC/2115856v5/102261-0094

# CERTIFICATE OF SERVICE

I certify that on April 24, 2015 the foregoing document

PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION TO DEFENDANT AMERICAN GREETINGS CORPORATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)

was served on all parties or their counsel of record through email by serving a true and correct copy at the addresses listed below:

J. Douglas Baldridge (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4703
Facsimile:  (202) 344-8300
Email:  jbaldridge@venable.com

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
Email:  tjbentz@venable.com

Andrew T. Hernacki (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4264
Facsimile:  (202) 344-8300
Email:  athernacki@venable.com

Attorneys for Defendants Taylor A. Swift; Taylor Nation, LLC; Taylor Swift Productions, Inc.; Swift Merchandising, Inc.; TAS Rights Management, LLC; and American Greetings Corporation

_s/ Justin Klaeb_____     April 24, 2015_____
                              Date

1

CERTIFICATE OF SERVICE

LITIOC/2115856v5/102261-0094

# EXHIBIT B

Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

Attorneys for Plaintiffs Blue Sphere, Inc.
doing business as Lucky 13 and Robert
A. Kloetzly

GARY J. RINKERMAN
(*Pro Hac Vice*)
  Gary.Rinkerman@dbr.com
BRIAN A. COLEMAN
(*Pro Hac Vice* pending)
  Brian.Coleman@dbr.com
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone:  (202) 842-8868
Facsimile:  (202) 842-8465

Attorneys for Plaintiffs
Blue Sphere, Inc. doing business as
Lucky 13 and Robert A. Kloetzly

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, AMERICAN GREETINGS CORPORATION, an Ohio Corporation; et al.,<br><br>Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>**PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION OF CHARLES A. FISH PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(1)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**LUCKY 13'S NOTICE OF DEPOSITION OF CHARLES A. FISH**
**EXHIBIT B - Page 26**
LITIOC/2119410v1/102261-0094

1     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Plaintiff Blue Sphere, Inc.

3   doing business as Lucky 13, pursuant to Federal Rule of Civil Procedure 30(b)(1),

4   will take the oral and videotaped deposition of Charles A. Fish on July 23, 2015

5   beginning at 10:00 a.m.  The deposition will take place at the office of Cleeton

6   Davis Reporting, 402 BNA Drive, Suite 108, Nashville, TN 37217, and shall

7   continue from day-to-day until completed.  The deposition shall be taken before a

8   certified court reporter and will be recorded by audio, videotape, and/or

9   stenographic means accessible in real time.

10        Lucky 13 reserves the right to use the transcript and video recording of the

11  deposition testimony at the trial of this action and for any and all purposes

12  permitted by law.

13

14

15  DATED:  June 17, 2015          STRADLING YOCCA CARLSON
                                   & RAUTH, P.C.
16

17                          By:    /s/ Justin Klaeb
18                                 Justin Klaeb
                                   Attorneys for Plaintiff Blue Sphere, Inc.
19                                 doing business as Lucky 13

20

21

22

23

24

25

26

27

28

-2-

**LUCKY 13'S NOTICE OF DEPOSITION OF CHARLES A. FISH**
**EXHIBIT B - Page 27**
LITIOC/2119410v1/102261-0094

# CERTIFICATE OF SERVICE

1

2          I certify that on June 17, 2015 the foregoing document

3    PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION TO CHARLES A. FISH
     PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(1)

4

5    was served on all parties or their counsel of record through email by serving a true and
     correct copy at the addresses listed below:

6    J. Douglas Baldridge (*pro hac vice*)
     Venable LLP
7    575 7th Street, NW
     Washington D.C., 20004
8    Telephone:  (202) 344-4703
     Facsimile:  (202) 344-8300
9    Email:  jbaldridge@venable.com

10   Tamany Vinson Bentz
     Venable LLP
11   2049 Century Park East, Suite 2100
     Los Angeles, CA  90067
12   Telephone:  (310) 229-9900
     Facsimile:  (310) 229-9901
13   Email:  tjbentz@venable.com

14   Andrew T. Hernacki (*pro hac vice*)
     Venable LLP
15   575 7th Street, NW
     Washington D.C., 20004
16   Telephone:  (202) 344-4264
     Facsimile:  (202) 344-8300
17   Email:  athernacki@venable.com

18   Attorneys for Defendants Taylor A. Swift;
     Taylor Nation, LLC; Taylor Swift Productions,
19   Inc.; Swift Merchandising, Inc.; TAS Rights
     Management, LLC; and American Greetings
20   Corporation

21

22   *s/ Justin Klaeb*_____          June 17, 2015_____
                                           Date
23

24

25

26

27

28
                                        1
LITIOC/2119410v1/102261-0094

1   Mark L. Skaist (SBN 156090)
      mskaist@SYCR.com
2   Jason de Bretteville (SBN 195069)
      jdebretteville@SYCR.com
3   STRADLING YOCCA CARLSON &
    RAUTH, P.C.
4   660 Newport Center Drive, Suite 1600
    Newport Beach, California 92660
5   Telephone:  (949) 725-4000
    Facsimile:  (949) 823-5094
6

7   Justin Klaeb (SBN 254035)
      jklaeb@SYCR.com
8   STRADLING YOCCA CARLSON &
    RAUTH, P.C.
9   100 Wilshire Blvd., 4th Floor
    Santa Monica, California 90401
10  Telephone:  (424) 214-7000
    Facsimile:  (424) 214-7010
11

12  Attorneys for Plaintiffs Blue Sphere, Inc.
    doing business as Lucky 13 and Robert
13  A. Kloetzly

GARY J. RINKERMAN
(*Pro Hac Vice*)
  Gary.Rinkerman@dbr.com
BRIAN A. COLEMAN
(*Pro Hac Vice* pending)
  Brian.Coleman@dbr.com
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone:  (202) 842-8868
Facsimile:  (202) 842-8465

Attorneys for Plaintiffs
Blue Sphere, Inc. doing business as
Lucky 13 and Robert A. Kloetzly

14          **UNITED STATES DISTRICT COURT**

15       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

16                  **SOUTHERN DIVISION**

| | |
|---|---|
| 17  BLUE SPHERE, INC., a California Corporation doing business as 18  LUCKY 13, and ROBERT A. KLOETZLY, an individual, 19          Plaintiffs, 20          vs. 21  TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a 22  Tennessee Limited Liability Company, TAYLOR SWIFT 23  PRODUCTIONS, INC., a Tennessee Corporation, SWIFT 24  MERCHANDISING, INC., a Tennessee Corporation, TAS 25  RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability 26  Company, AMERICAN GREETINGS CORPORATION, an 27  Ohio Corporation; et al., 28          Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM  **PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION OF FRANCISCO DOMINGUEZ PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(1)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**LUCKY 13'S NOTICE OF DEPOSITION OF FRANCISCO DOMINGUEZ**
**EXHIBIT B - Page 29**
LITIOC/2119409v1/102261-0094

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that Plaintiff Blue Sphere, Inc.

3  doing business as Lucky 13, pursuant to Federal Rule of Civil Procedure 30(b)(1),

4  will take the oral and videotaped deposition of Francisco Dominguez on July 22,

5  2015 beginning at 10:00 a.m.  The deposition will take place at the office of

6  Cleeton Davis Reporting, 402 BNA Drive, Suite 108, Nashville, TN 37217, and

7  shall continue from day-to-day until completed.  The deposition shall be taken

8  before a certified court reporter and will be recorded by audio, videotape, and/or

9  stenographic means accessible in real time.

10    Lucky 13 reserves the right to use the transcript and video recording of the

11  deposition testimony at the trial of this action and for any and all purposes

12  permitted by law.

13

14

15  DATED:  June 17, 2015          STRADLING YOCCA CARLSON
                                   & RAUTH, P.C.
16

17                                 By:    /s/ Justin Klaeb
                                          Justin Klaeb
18                                        Attorneys for Plaintiff Blue Sphere, Inc.
19                                        doing business as Lucky 13

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

LUCKY 13'S NOTICE OF DEPOSITION OF FRANCISCO DOMINGUEZ
EXHIBIT B - Page 30
LITIOC/2119409v1/102261-0094

# CERTIFICATE OF SERVICE

1

2

        I certify that on June 17, 2015 the foregoing document

3

PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION TO FRANCISCO
DOMINGUEZ PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
30(B)(1)

4

5

was served on all parties or their counsel of record through email by serving a true and
correct copy at the addresses listed below:

6

7

J. Douglas Baldridge (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4703
Facsimile:  (202) 344-8300
Email:  jbaldridge@venable.com

8

9

10

11

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
Email:  tjbentz@venable.com

12

13

14

15

Andrew T. Hernacki (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4264
Facsimile:  (202) 344-8300
Email:  athernacki@venable.com

16

17

18

19

Attorneys for Defendants Taylor A. Swift;
Taylor Nation, LLC; Taylor Swift Productions,
Inc.; Swift Merchandising, Inc.; TAS Rights
Management, LLC; and American Greetings
Corporation

20

21

22

23

*s/ Justin Klaeb*_____          June 17, 2015_____
                                                      Date

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

Attorneys for Plaintiffs Blue Sphere, Inc.
doing business as Lucky 13 and Robert
A. Kloetzly

GARY J. RINKERMAN
(*Pro Hac Vice*)
  Gary.Rinkerman@dbr.com
BRIAN A. COLEMAN
(*Pro Hac Vice* pending)
  Brian.Coleman@dbr.com
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone:  (202) 842-8868
Facsimile:  (202) 842-8465

Attorneys for Plaintiffs
Blue Sphere, Inc. doing business as
Lucky 13 and Robert A. Kloetzly

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, AMERICAN GREETINGS CORPORATION, an Ohio Corporation; et al.,<br><br>Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>**PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION OF PATRICE SAAD PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(1)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

LITIOC/2119408v1/102261-0094

**LUCKY 13'S NOTICE OF DEPOSITION OF PATRICE SAAD**
**EXHIBIT B - Page 32**

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that Plaintiff Blue Sphere, Inc.

3   doing business as Lucky 13, pursuant to Federal Rule of Civil Procedure 30(b)(1),

4   will take the oral and videotaped deposition of Patrice Saad on July 15, 2015

5   beginning at 10:00 a.m.  The deposition will take place at the office of Cady

6   Reporting Services, Inc., Western Reserve Building, 1468 West 9th Street, Suite

7   440, Cleveland, OH 44113, and shall continue from day-to-day until completed.

8   The deposition shall be taken before a certified court reporter and will be recorded

9   by audio, videotape, and/or stenographic means accessible in real time.

10   Lucky 13 reserves the right to use the transcript and video recording of the

11   deposition testimony at the trial of this action and for any and all purposes

12   permitted by law.

13

14

15   DATED:  June 17, 2015            STRADLING YOCCA CARLSON
                                       & RAUTH, P.C.

16

17                                   By:   /s/ Justin Klaeb
18                                         Justin Klaeb
                                           Attorneys for Plaintiff Blue Sphere, Inc.
19                                         doing business as Lucky 13

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

LITIOC/2119408v1/102261-0094

**LUCKY 13'S NOTICE OF DEPOSITION OF PATRICE SAAD**
**EXHIBIT B - Page 33**

# CERTIFICATE OF SERVICE

1

2          I certify that on June 17, 2015 the foregoing document

3   PLAINTIFF LUCKY 13'S NOTICE OF DEPOSITION TO PATRICE SAAD
    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(1)
4

5   was served on all parties or their counsel of record through email by serving a true and
    correct copy at the addresses listed below:

6   J. Douglas Baldridge (*pro hac vice*)
    Venable LLP
7   575 7th Street, NW
    Washington D.C., 20004
8   Telephone:  (202) 344-4703
    Facsimile:  (202) 344-8300
9   Email:  jbaldridge@venable.com

10  Tamany Vinson Bentz
    Venable LLP
11  2049 Century Park East, Suite 2100
    Los Angeles, CA  90067
12  Telephone:  (310) 229-9900
    Facsimile:  (310) 229-9901
13  Email:  tjbentz@venable.com

14  Andrew T. Hernacki (*pro hac vice*)
    Venable LLP
15  575 7th Street, NW
    Washington D.C., 20004
16  Telephone:  (202) 344-4264
    Facsimile:  (202) 344-8300
17  Email:  athernacki@venable.com

18  Attorneys for Defendants Taylor A. Swift;
    Taylor Nation, LLC; Taylor Swift Productions,
19  Inc.; Swift Merchandising, Inc.; TAS Rights
    Management, LLC; and American Greetings
20  Corporation

21

22  *s/ Justin Klaeb*_____          June 17, 2015_____
                                        Date
23

24

25

26

27

28
                                  1
                       **CERTIFICATE OF SERVICE**

# EXHIBIT C



2049 CENTURY PARK EAST   SUITE 2100   LOS ANGELES, CA 90067
T 310.229.9900   F 310.229.9901   www.Venable.com

June 26, 2015

Tamany Vinson Bentz

**T 310.229.9905**
**F 310.229.9901**
tjbentz@venable.com

**VIA ELECTRONIC MAIL**

Gary Rinkerman
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington DC 20005
Gary.Rinkerman@dbr.com

Justin Klaeb
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd, Suite 440
Santa Monica, CA 90401
jklaeb@sycr.com

Re:     *Blue Sphere, Inc. v. Taylor Nation LLC, et al.*, Case No. 8:14-cv-00782-CJC-DFM

Dear Counsel:

    We are in receipt of your deposition notice directed to Taylor A. Swift.

    Ms. Swift is unavailable for deposition in this case because she is performing around the world in her 1989 Tour. Although Plaintiff could have served a deposition notice for Ms. Swift at any point since August 4, 2014, it chose to wait until the Tour was well underway and less than two months before the close of discovery.

    Furthermore, Ms. Swift has no information that is discoverable in this case, as she has no first-hand knowledge of the issues in this case and will not be a witness at any trial in this matter. Ms. Swift did not have a role, of any kind, in the design, sale, or marketing of the accused t-shirt or the accused sweepstakes. Mr. Kloetzly, in fact, testified during his deposition that Plaintiff has no evidence to show Ms. Swift was involved in either the t-shirt or sweepstakes. Likewise, Mr. Kloetzly testified that Plaintiff has no information or evidence that Ms. Swift knew about Plaintiff or its brand.  For these reasons, the burden and expense of her deposition outweigh the value of the deposition.

    If you intend to pursue the deposition of Ms. Swift despite her lack of knowledge and unavailability, then please confirm when next week you are available for a meet and confer to discuss the issue.

9860811_1

EXHIBIT C - Page 35



Gary Rinkerman
Justin Klaeb
June 26, 2015
Page 2

     We can confirm that corporate designees for Taylor Nation LLC will be available for deposition on July 21, 2015, in Nashville, TN.  We are working to confirm dates for the depositions of Austin Fish and Butch Dominguez and will make every effort to schedule these depositions the week of July 21st to limit your travel.

          Sincerely,

          /s/ Tamany Vinson Bentz

          Tamany Vinson Bentz

# EXHIBIT D



Tamany Vinson Bentz

**T** 310.229.9905
**F** 310.229.9901
TJBentz@Venable.com

2049 CENTURY PARK EAST   SUITE 2100   LOS ANGELES, CA 90067
**T** 310.229.9900   **F** 310.229.9901   www.Venable.com

December 12, 2014

**VIA EMAIL AND U.S. MAIL**
Justin Klaeb, Esq.
Stradling, Yocca, Carlson, & Routh, P.C.
100 Wilshire Blvd., Suite 400
Santa Monica, CA 90410
JKlaeb@sycr.com

      Re:    Case No. 8:14-cv-00782 – Subpoena to Produce Documents,
               Information, or Objects or to Permit Inspection of Premises in A Civil Action

Dear Mr. Klaeb,

     As you know, we represent Elizabeth Arden, Inc. ("Elizabeth Arden") for purposes of responding to your subpoenas served on October 27, 2014, in connection with the above-referenced matter. After a reasonable search for responsive documents, Elizabeth Arden has confirmed that it does not have documents to produce because it does not have any responsive, non-privileged documents that are not subject to one of Elizabeth Arden's objections stated in our November 10, 2014 letter to you.

              Sincerely,

              /s/ Tamany Vinson Bentz_____
              Tamany Vinson Bentz
              *Counsel for Elizabeth Arden, Inc.*

# EXHIBIT E

# Stradling
## Attorneys at Law

**STRADLING YOCCA CARLSON & RAUTH, P.C.**
100 WILSHIRE BOULEVARD, SUITE 440
SANTA MONICA, CA 90401
SYCR.COM

| | |
|---|---|
| NEWPORT BEACH | SAN FRANCISCO |
| 949.725.4000 | 415.283.2240 |
| SACRAMENTO | SANTA BARBARA |
| 916.449.2350 | 805.730.6800 |
| SAN DIEGO | SANTA MONICA |
| 858.926.3000 | 424.214.7000 |

JUSTIN KLAEB
424.214.7041
JKLAEB@SYCR.COM

January 26, 2015

**Via Email**

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
TJBentz@Venable.com

> **Re:**   *Lucky 13 et al. v. Swift et al. – C.D. Cal. Case No. 8:14-cv-00782*

Dear Tamany:

We write in response to your letters of November 10, 2014 and December 12, 2014 and your email of November 18, 2014 regarding the subpoena served on your client Elizabeth Arden, Inc. ("Elizabeth Arden") on October 27, 2014 in the above referenced matter.  This letter is written pursuant to Local Rule 37-1, which states that "[p]rior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."

**Summary of Letter**

On October 27, 2014, Lucky 13 served its subpoena on Elizabeth Arden.  On August 8, 2015 — which is less than seven months away, "[a]ll discovery, including discovery motions, shall be completed.  Discovery motions must be filed and heard prior to this date." (Dkt No. 35.)  So that it can begin the process of filing its Motion to Compel, and to allow Judge McCormick time to order document production from this third party and subsequently to take the deposition of Elizabeth Arden — which must take place on the East Coast — Lucky 13 would like to complete the "meet and confer" efforts within the next few weeks.

Therefore:  (1) on or before February 6, 2015, we would like to meet and confer with you concerning this matter; (2) on or before March 2, 2015, we request that Elizabeth Arden produce all documents it plans to produce, as well as a privilege log; and, then (3) if it is not satisfied with the document product production, Lucky 13 will provide its portion of the Joint Stipulation pursuant to Local Rule 37-2.2.  Prior to serving its portion of the Joint Stipulation, Lucky 13 will agree upon a reasonable briefing schedule with Elizabeth Arden.

Tamany Vinson Bentz
January 26, 2015
Page Two

Substantively, Lucky 13 is entitled to learn whether Swift[1] and Elizabeth Arden, working together, discussed marketing and selling a "Lucky 13" fragrance — which would have directly infringed upon Lucky 13's Federally registered and incontestable LUCKY 13 trademark in International Classification 03 for, "Body sprays; Greases for cosmetic purposes; Hair care creams; Hair creams; Hair gels; Hair pomades; Hair shampoo; Hair styling gel; Perfumed creams; Pomades; Sculpting gel; Styling gels; Gel for molding hair." This mark, which is mentioned in the Complaint, is United States Federal Reg. No. 3,623,660. It strongly appears Swift and Elizabeth Arden collaborated on such a project, based upon the evidence Lucky 13 has uncovered and provided to Elizabeth Arden and Swift. *See, e.g.,* the image depicted below.



Such information is directly relevant under any review of the Ninth Circuit's test for likelihood of confusion in trademark actions, *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

---

[1]   "Swift" refers to defendants Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., and TAS Rights Management, Inc.

Tamany Vinson Bentz
January 26, 2015
Page Three

### **Document Production Requests**

     In your November 10 letter, you confirm that Elizabeth Arden received Lucky 13's subpoena on October 27.  You then state that "[i]t is not possible for Elizabeth Arden to conduct a search and review any identified documents by December 1, 2014.  Thus, Elizabeth Arden needs an extension until December 12, 2014 to respond to the document subpoena."  We granted this extension request so that a "search and review" could be conducted.  Then, in your December 12 letter — rather than commit to producing any documents — you state that "Elizabeth Arden has confirmed that it does not have documents to produce because it does not have any responsive, non-privileged documents *that are not subject to one of Elizabeth Arden's objections* . . ." (emphasis added).  However, none of Elizabeth Arden's objections provide a valid basis to withhold responsive, non-privileged documents, as explained in detail below.[2]

     Plaintiff Lucky 13 served seven narrowly-tailored requests on Elizabeth Arden, who despite being a third party, still must comply with the Federal Rules of Civil Procedure.  Moreover, the contention in your November 8 email that Lucky 13 "ha[s] not sought the information in good faith from the parties to the litigation" is not a valid objection to the subpoena[3] and, in any event, is baseless.  Lucky 13 has sought all overlapping documents from Swift, whom you also represent in this action.  If you wish to lessen any purported "burden" on your client Elizabeth Arden, please advise your client Swift to properly respond to Lucky 13's discovery requests.

### **Request No. 1**

     Request No. 1 calls for "[a]ll DOCUMENTS that REFER or RELATE to any written or oral communication between YOU and SWIFT CONCERNING the COMPLAINT and/or the ACTION."  Elizabeth Arden asserts two objections other than privilege.

     *First*, Elizabeth Arden objects to the request "as unduly burdensome because it seeks documents that could be obtained from a party in the related litigation."  However, Lucky 13 has requested from Swift, and Swift has refused to produce, those materials.  Specifically, in Lucky 13's Request for Production No. 6 to Swift, Lucky 13 requested that Swift produce "[a]ll DOCUMENTS that REFER or RELATE to any written or oral communication between YOU

---

    [2]   Additionally, for documents that Elizabeth Arden purports withhold under a claim of privilege, Elizabeth Arden is required to furnish a privilege log.  *See* Fed. R. Civ. P. 45(e)(2)(A).  However, given that the requests expressly seek communications between unrelated parties, the purported application of any valid privilege objection to responsive documents seems unlikely.

    [3]   The Rules of Civil Procedure protect third parties from responding to a subpoena that "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  Rule 45 does not require that the subpoenaing party request any overlapping documents from a party to the action, although in this action Lucky 13 has done so.

**EXHIBIT E - Page 40**

Tamany Vinson Bentz
January 26, 2015
Page Four

and any PERSON, including AMERICAN GREETINGS, which reference the COMPLAINT and/or the ACTION."   Under Rules 45 and 26, "[t]o determine whether a subpoena should be enforced, the Court is guided by both Rule 45, which protects a subpoenaed party from 'undue burden,' and Rule 26, which provides that the court must limit discovery if 'the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive' or if 'the burden or expense of the proposed discovery outweighs its likely benefit." *ASUS Computer Int'l v. Micron Tech., Inc*., 2014 U.S. Dist. LEXIS 55993, at *4 (N.D. Cal. Apr. 21, 2014).  Swift has refused to produce responsive documents, and Lucky 13 is entitled to look elsewhere.  In addition, it appears that there is minimal, if any, burden to Elizabeth Arden to produce these documents.

*Second*, Elizabeth Arden objects to the request "to the extent it seeks documents not in its possession, custody, or control."  To the extent it is not clear, Lucky 13 is not requesting documents beyond Elizabeth Arden's possession, custody, or control.  However, documents concerning communications between Elizabeth Arden and Swift are highly likely to be in Elizabeth Arden's possession, custody, or control.

**Request No. 2**

Request No. 2 calls for "[a]ll DOCUMENTS that REFER or RELATE to any written or oral communication between YOU and SWIFT CONCERNING the phrase 'Lucky 13,' LUCKY 13, the LUCKY 13 MARKS, and/or the LUCKY 13 WEBSITE."  Elizabeth Arden asserts the same objections to Request No. 2 as it does to Request No. 1.

*First*, like Request No. 1, Lucky 13 has requested from Swift, and Swift has refused to produce, those materials.  Specifically, in Lucky 13's Request for Production No. 19 to Swift, Lucky 13 has requested that Swift produce  "[a]ll DOCUMENTS that REFER or RELATE to any written or oral communication between YOU and any of ELIZABETH ARDEN, COVERGIRL, DUNLOP, or LUDWIG relating to the phrase 'Lucky 13,' LUCKY 13, the LUCKY 13 MARKS, and/or the LUCKY 13 WEBSITE."

*Second*, again, Lucky 13 is not requesting documents beyond Elizabeth Arden's possession, custody, or control.

**Request No. 3**

Request No. 3 calls for "[a]ll DOCUMENTS that REFER or RELATE to YOUR trademark clearance efforts for the use and/or registration of the phrase 'Lucky 13' in United States commerce in connection with the SWIFT PERFUME, including but not limited to:  all trademark searches, trademark clearance reports or studies, and trademark opinion letters with regard to the use of the phrase 'Lucky 13' (or a phrase that contains 'Lucky 13' therein)."

Other than privilege, Elizabeth Arden objects on the sole ground that the request "seeks documents and information that are not likely to lead to the discovery of admissible evidence." This is not a valid objection to the subpoena – but in any event – materials responsive to this

Tamany Vinson Bentz
January 26, 2015
Page Five

request would undoubtedly be directly relevant and admissible in this action. Request No. 3 calls for evidence showing that Swift corresponded with Elizabeth Arden regarding the legal availability of the trademark "Lucky 13" – the very trademark Swift is accused of infringing and diluting in this action. Responsive materials are highly relevant to, among other things, Swift's *intent* in selecting the mark as well as the status of the mark itself. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d at 348-49.

Specifically, Lucky 13 is entitled to learn whether Swift and Elizabeth Arden, working together, had discussed marketing and selling a "Lucky 13" fragrance — which would directly infringe upon Lucky 13's Federally registered and incontestable LUCKY 13 trademark in International Classification 03 for, "Body sprays; Greases for cosmetic purposes; Hair care creams; Hair creams; Hair gels; Hair pomades; Hair shampoo; Hair styling gel; Perfumed creams; Pomades; Sculpting gel; Styling gels; Gel for molding hair." This mark, which is mentioned in the Complaint, is United States Federal Reg. No. 3623660.

**Request No. 4**

Request No. 4 calls for "[a]ll DOCUMENTS that REFER or RELATE to YOUR and/or SWIFT's efforts to obtain United States Federal trademark registration of the phrase 'Lucky 13' (or a phrase that contains 'Lucky 13' therein), in connection with the SWIFT PERFUME." Elizabeth Arden asserts three objections other than privilege.

*First*, Elizabeth Arden objects that the request "seeks documents and information that are not likely to lead to the discovery of admissible evidence." For the reasons we provided with respect Request No. 3, we respectfully disagree and do not find this objection credible or valid.

*Second*, Elizabeth Arden objects to the request "to the extent it seeks documents not in its possession, custody, or control." Again, Lucky 13 is not seeking such documents.

*Third*, Elizabeth Arden objects to the request "as unduly burdensome because it seeks documents that could be obtained from a party in the related litigation." Again, Lucky 13 has requested from Swift, and Swift has refused to produce, such materials. Request for Production No. 36 to Swift calls for "[a]ll DOCUMENTS that REFER or RELATE to efforts by any PERSON to determine whether the phrases 'Lucky 13,' 'Lucky 13 Sweepstakes,' or derivatives thereto were available for use as a trademark in United States commerce or for registration as a United States Federally registered trademark or copyright."

**Request No. 5**

Request No. 5 calls for "[a]ll DOCUMENTS REGARDING YOUR first awareness of the LUCKY 13 MARKS." Other than privilege, Elizabeth Arden objects on the sole ground that the request "seeks documents and information that are not likely to lead to the discovery of admissible evidence." However, since Swift and Elizabeth Arden are business partners, and it appears that they even collaborated on a "Lucky 13" Taylor Swift fragrance, whether and when Elizabeth Arden was aware of Lucky 13's trademarks is highly relevant to this action, including

Tamany Vinson Bentz
January 26, 2015
Page Six

Swift's intent in selecting the mark and whether or not Swift has knowingly and willfully infringed Lucky 13's trademarks.

**Request No. 6**

Request No. 6 calls for "[a]ll DOCUMENTS RELATING to YOUR business relationship with SWIFT, including but not limited to internal communications, mock-ups, drawings, initial advertising copy, sample signs, brochures, posters, handbills, stationary, advertisements, displays, pre-printed contracts or forms, decals, webpages, and other advertising or promotional materials, on which the phrase 'Lucky 13' appears."

Other than privilege, Elizabeth Arden objects to the request as vague and ambiguous and asserts additional objections to the extent the request is read as broadly as possible (*e.g.*, Elizabeth Arden asserts that the burden placed on it by this request would be "undue *if the request is not limited to those documents 'on which the phrase "Lucky 13" appears*' given that Elizabeth Arden is a non-party" (emphasis added)).  To be clear, the request *is* limited to those documents on which the phrase "Lucky 13" appears, which resolves all of your objections based upon a broad reading of the request that Lucky 13 did not intend.

Elizabeth Arden then asserts two additional objections.  *First*, Elizabeth Arden objects that the request "seeks documents and information that are not likely to lead to the discovery of admissible evidence."  This objection is not valid as stated above, but once again, the requested materials are directly relevant to the action, as they constitute evidence that Swift and Elizabeth Arden collaborated on "Lucky 13" products, which obviously is relevant to a trademark action involving the identical mark.  Thus, for reasons already exhaustively explained, the materials sought are highly relevant and admissible.

*Second*, Elizabeth Arden objects to the request "as unduly burdensome because it seeks documents that could be obtained from a party in the related litigation."  Again, as you are aware, Lucky 13 has requested from Swift, and Swift has refused to produce, such materials.  Requests for Production Nos. 19 and 46 to Swift call for, respectively, "[a]ll DOCUMENTS that REFER or RELATE to any written or oral communication between YOU and any of ELIZABETH ARDEN, COVERGIRL, DUNLOP, or LUDWIG relating to the phrase 'Lucky 13,' LUCKY 13, the LUCKY 13 MARKS, and/or the LUCKY 13 WEBSITE" and "[s]amples of each sign, brochure, poster, handbill, stationary, advertisement, business card, display, pre-printed contract or form, decal, badge, label, webpage, and any other advertising or promotional materials for the SWIFT LUCKY 13 APPAREL and/or on which the phrase 'Lucky 13' has been displayed or has appeared."

**Request No. 7**

Request No. 7 calls for "[a]ll DOCUMENTS that REFER or RELATE to the image depicted below [see above p. 2]."

Tamany Vinson Bentz
January 26, 2015
Page Seven

Other than privilege, Elizabeth Arden asserts three objections. *First*, Elizabeth Arden
objects to the request "to the extent it seeks documents not in its possession, custody, or control,"
which as explained above Lucky 13 is not seeking.

*Second*, Elizabeth Arden objects to the request "as unduly burdensome because it seeks
documents that could be obtained from a party in the related litigation." Lucky 13 has requested
the same documents Swift. Request for Production No. 97 to Swift contains the identical
request.

*Third*, Elizabeth Arden objects that the request "seeks documents and information that
are not likely to lead to the discovery of admissible evidence." For the reasons already
explained, this objection lacks merit. Swift's collaboration with Elizabeth Arden on a "Lucky
13" Taylor Swift fragrance is highly relevant to the dispute.

### Conclusion

We have addressed each of Elizabeth Arden's objections to producing non-privileged
materials responsive to the subpoena's requests for production. To the extent Elizabeth Arden
continues to rely on these objections as a purported basis to refuse to produce non-privileged
responsive documents, we will move to compel Elizabeth Arden's responses, as stated in our
Summary, above. We are willing to meet and confer with you concerning Elizabeth Arden's
objections, if you believe such a discussion would be helpful after you have considered our
positions in this letter. If you wish to do so, please let me know your availability on or prior to
February 6, 2015. Elizabeth Arden is not exempt from responding to a valid subpoena
containing fair and narrowly tailored requests, which this is. Finally, while this letter does not
address the deposition subpoena, we continue to reserve our right to re-notice the deposition of
Elizabeth Arden pursuant to the subpoena.

I look forward to your response.

Very truly yours,

Justin Klaeb
STRADLING YOCCA CARLSON & RAUTH, P.C.

# EXHIBIT F



**STRADLING YOCCA CARLSON & RAUTH, P.C.**
100 WILSHIRE BOULEVARD, 4TH FLOOR
SANTA MONICA, CA 90401
SYCR.COM

NEWPORT BEACH
949.725.4000

SAN FRANCISCO
415.283.2240

SACRAMENTO
916.449.2350

SANTA BARBARA
805.730.6800

SAN DIEGO
858.926.3000

SANTA MONICA
424.214.7000

JUSTIN KLAEB
424.214.7041
JKLAEB@SYCR.COM

June 5, 2015

**Via Email**

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
TJBentz@Venable.com

>        Re:   ***Lucky 13 et al. v. Swift et al. – C.D. Cal. Case No. 8:14-cv-00782***

Dear Tamany:

I write concerning Lucky 13's subpoena to Elizabeth Arden and Defendants' production of Elizabeth Arden documents, in follow-up to our email correspondence of February 18-24, 2015.

Defendants agreed to produce responsive Elizabeth Arden documents by April 30, 2015 and to let us know when all such documents have been produced.  To date we have received no notice that Defendants have produced all of the Elizabeth Arden documents they intend to produce.  Please let me know the status of Defendants' production of Elizabeth Arden materials.

We have reviewed the documents produced by Defendants to date, and based on our review it appears Defendants produced just two documents relating to Elizabeth Arden.  Thus, please confirm that Defendants have chosen to withhold responsive Elizabeth Arden documents, and explain the basis for such withholding.  Relatedly, if applicable, when do Defendants intend to provide a privilege log with respect to the Elizabeth Arden documents?

Please let me know when you are available to meet and confer regarding this matter during the week of June 8.

>        Very truly yours,
>
>        s/ Justin Klaeb
>
>        Justin Klaeb
>        STRADLING YOCCA CARLSON & RAUTH, P.C.

cc:    Andrew T. Hernacki

LITIOC/2118816v1/102261-0094

**EXHIBIT F - Page 45**

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BLUE SPHERE, INC., a California
Corporation doing business as
LUCKY 13, and ROBERT A.
KLOETZLY, an individual,

        Movants,

vs.

ELIZABETH ARDEN, INC.,

        Respondent.

_____/

CASE NO. 15-22493-CIV-SCOLA

Magistrate Judge Otazo-Reyes

### RESPONDENT ELIZABETH ARDEN'S MEMORANUM IN OPPOSITION TO MOVANTS' MOTION TO COMPEL REGARDING THIRD-PARTY SUBPOENAS

Non-party, Elizabeth Arden, Inc. ("Elizabeth Arden"), files this opposition to the Motion to Compel Elizabeth Arden, Inc. to Respond to Subpoenas in California Action; Memorandum of Points and Authorities in Support Thereof ("Motion to Compel") [ECF No. 1] of movants, Blue Sphere, Inc. and Robert A. Kloetzly (collectively, "Plaintiffs"), as follows:

## I.    <u>INTRODUCTION</u>

In 2014, Plaintiffs sued Taylor Swift and some of her companies (the "Swift Defendants") in federal court in California for alleged infringement of Plaintiffs' "Lucky 13" United States trademark ("Plaintiffs' Mark") in relation to the Swift Defendants' use of "Lucky 13" on a tee-shirt and in a sweepstakes campaign for a greeting card company (the "California Lawsuit").[1]  Elizabeth Arden is not a party to the Lawsuit, and the claims do not implicate Elizabeth Arden.

---

[1] The California Lawsuit is pending in the United States District Court for the Central District of California, Case No. 8:14-cv-00782.

Pursuant to the California Lawsuit, Plaintiffs served a documents subpoena and a deposition subpoena (collectively, the "Subpoenas") on non-party Elizabeth Arden, seeking proprietary and confidential information concerning Elizabeth Arden's business relationship with Ms. Swift in relation to a fragrance (the "Swift Fragrance").[2] Plaintiffs' justification for the Subpoenas is their belief that Elizabeth Arden has information concerning a very narrow, "key" issue in the California Lawsuit:

> [W]hen [the Swift] Defendants first became aware of [Plaintiffs'] trademarks and whether [the Swift] Defendants' infringement was willful.

Motion to Compel at 2. To this end, as confirmed by a statement given just last week by Plaintiffs' counsel to The Hollywood Reporter, Plaintiffs suspect that Elizabeth Arden performed a trademark clearance search for use of the name "Lucky 13" in relation to the Swift Fragrance, discovered Plaintiffs' Mark, notified the Swift Defendants about the existence of Plaintiffs' Mark, and as a result, "backed off" using the name "Lucky 13" for the Swift Fragrance. According to Plaintiffs' suspicions, despite learning of Plaintiff's Mark from Elizabeth Arden, the Swift Defendants nevertheless willfully infringed Plaintiffs' Mark in relation to the tee-shirt and sweepstakes campaign. *See id.* at 4; *see also* Declaration of Tamany Vinson Bentz at ¶ 10 (hereinafter "Bentz Decl."), attached as ***Exhibit A***; http://www.hollywoodreporter.com/thr-esq/taylor-swift-resisting-deposition-trademarks-808852. Plaintiffs' theory is based on suspicion only, and document discovery from the Swift Defendants, which is complete, has not yielded a single document to suggest that Plaintiffs' suspicions are based on facts. Bentz Decl., ¶¶ 5-7.

Based on this "key" issue and Plaintiffs' suspicions, the *only* possible relevant information that Elizabeth Arden could be asked to produce would be communications between it and the Swift Defendants in which Elizabeth Arden put the Swift Defendants on notice of

---

[2] Plaintiff has also served third-party subpoenas on Coca-Cola Company, Proctor & Gamble, Toyota Motor Sales, and Papa John's, among others.

Plaintiffs' Mark. However, rather than limit their discovery to the above communications, Plaintiffs' document and deposition Subpoenas seek a wholesale peek at the proprietary and confidential business relationship between Elizabeth Arden and Ms. Swift, and Elizabeth Arden's internal business communications, its proprietary process for naming and advertising fragrances, and its trademark clearance processes. Moreover, Plaintiffs seek such proprietary information without first exhausting all efforts to obtain the truly relevant information from the Swift Defendants themselves, including taking the applicable party depositions to find out whether Elizabeth Arden informed the Swift Defendants of Plaintiffs' Mark. As a result, Elizabeth Arden objects to the Subpoenas.

Nevertheless, in an effort to put this matter to rest and avoid the unnecessary expenditure of attorney's fees and, now, this Court's resources, Elizabeth Arden's counsel explained to Plaintiffs' counsel that Plaintiffs' suspicions are unfounded – that Elizabeth Arden did not notify the Swift Defendants of the Plaintiffs' Mark, and that Elizabeth Arden has no such documents evidencing such notification. Elizabeth Arden went even further to assuage Plaintiffs' suspicions by explaining to Plaintiffs' counsel that Elizabeth Arden did not perform a trademark clearance search for use of the name "Lucky 13" in relation to the Swift Fragrance. Although not responsive, Elizabeth Arden offered to provide Plaintiffs with a log of the names that were the subject of Elizabeth Arden's trademark clearance efforts in relation to the Swift Fragrance – none of which was "Lucky 13." But Plaintiffs rejected this offer, and want to pursue their broad and harassing discovery.

Plaintiffs should not be permitted to seek documents beyond communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Marks (of which no documents exist), and should not be permitted to

3

Case 1:14-cv-02073-RLC-DF Document 56-1 Filed 07/20/15 Page 4 of 15
Case 8:14-cv-02978-RLC-DF Document 66 Filed 07/20/15 Page 49 of 92 Page ID
#:1617

harass Elizabeth Arden with a needless deposition, especially when it has not yet taken the applicable defendant deposition which should obviate the need altogether of a deposition of Elizabeth Arden.

Accordingly, Plaintiffs' Motion to Compel should be denied.

## II.    <u>BACKGROUND</u>

Plaintiffs filed the California Lawsuit against the Swift Defendants and American Greetings in May 2014. Motion to Compel, Ex. 1 (Doc. 1-2). The First Amended Complaint alleges Plaintiffs hold U.S. federally registered trademarks in the phrase "Lucky 13" for various categories of goods and services. *Id.* at ¶ 33. Plaintiffs allege two discrete instances of trademark infringement: (1) the Swift Defendants' sale of a green St. Patrick's Day t-shirt, as depicted on pages 12 and 13 of Exhibit 1 to the Motion to Compel; and (2) a sweepstakes titled American Greetings and Taylor Swift's "Lucky 13" Sweepstakes. *Id.* at ¶¶ 41-46. Elizabeth Arden did not have a role in either of these alleged acts of infringement. In fact, Plaintiffs do not allege that Elizabeth Arden played any part in the infringement nor do Plaintiffs allege any claims against Elizabeth Arden. *Id.*

On October 27, 2014, Plaintiff served the Subpoenas on Elizabeth Arden, one for documents and one for testimony, believing that Elizabeth Arden had relevant information to Plaintiffs' "key" issue -- when Defendants first became aware of Plaintiffs' Mark and whether the Swift Defendants' alleged infringement was willful.[3]   Motion to Compel, Ex. 3 (Document

---

[3] Plaintiffs justify their belief based on three social media posts. The first is a reference to a blog titled Nashville Music Minute, which Plaintiffs fail to authenticate and nevertheless admit is not evidence of an actual use of "Lucky 13" or the name of one of Elizabeth Arden's fragrances. Instead, Plaintiffs state the blog "hypothesizes that the fragrance may be named 'Lucky 13.'" Motion to Compel at 2. What the blog actually sets forth is some fan "guessing" what the name of Ms. Swift's fragrance might be. *See* Motion to Compel at 2. A third party's guess cannot be the basis for unduly burdensome third party discovery. The second is a Tumblr photo on taylorswiftupdates.tumblr.com. This is not a Tumblr page that is maintained by the Swift Defendants, *see* Bentz Decl. at ¶ 8, and does not show any of the things Plaintiffs claim support their Subpoenas – it is not evidence of correspondence between the Swift Defendants and Elizabeth Arden; it is not evidence that the Swift Defendants

4

Case 1:15-cv-02073-RJS-DCF Document 56-1 Filed 07/20/15 Page 5 of 15
Case 1:14-cv-04078-RJS Document 66 Filed 10/01/15 Page 59 of 92 PageID
#:1618

1-8).  On November 10, 2014, Elizabeth Arden served objections to the document Subpoena on

Plaintiffs.  In those objections, Elizabeth Arden requested an extension during which it would

finish its investigation and search for documents.  Motion to Compel, Ex. 4 (Doc. 1-10).  On

December 12, 2014, Elizabeth Arden confirmed that it did not have any documents to produce

that were not subject to one of its stated objections.  *Id*., Ex. 4 (1-12).  On January 26, 2015, over

a month after receiving Elizabeth Arden's response to the Subpoenas, Plaintiffs sent a meet and

confer letter to Elizabeth Arden.  *Id*., Ex. 7 (Document 1-13).

In its letter to Elizabeth Arden, Plaintiffs clearly state they "ha[ve] sought all overlapping

documents from Swift."  *Id*., Ex. 4 (Doc. 1-13).  Indeed, while negotiating with Elizabeth Arden,

Plaintiffs served discovery requests on the Swift Defendants concerning Elizabeth Arden.  Bentz

Decl. at ¶¶ 3-4.  The Swift Defendants completed their production of responsive documents by

April 30, 2015, and represented to Plaintiffs that production was complete on multiple occasions.

*Id*. at ¶ 5.  The Swift Defendants further confirmed that the production of the Swift Defendants'

documents related to Elizabeth Arden was complete in response to a June 5, 2015, letter from

Plaintiffs regarding their production.  Motion to Compel, Ex. 4 (Doc. 1-16).  The Swift

Defendants undertook a thorough search for responsive information and were unable to find (1)

any correspondence between Elizabeth Arden and any Swift entity concerning "lucky 13" or the

Tumblr photo; (2) any witnesses who recalled such correspondence or photo; or, (3) document

referring to such correspondence or photo.  Bentz Decl. at ¶ 6.  Plaintiffs did not move to compel

further responses from the Swift Defendants so it has filed this Motion to Compel against

---

knew about Plaintiff's Mark; and it is not evidence that Elizabeth Arden notified the Swift Defendants of Plaintiff's Mark.  The third is a sticker on packaging for the Wonderstruck fragrance (the name chosen for the Swift Fragrance), which has no reference to "Lucky 13" and instead simply references "13."  The number "13" is not at issue in the underlying litigation, nor are uses of 13.  Accordingly, none of these items constitutes evidence that Elizabeth Arden has information that is discoverable in a dispute between Plaintiffs and the Swift Defendants.

Elizabeth Arden to improperly obtain information that would never be discoverable in the underlying action.[4]

    The undersigned counsel for Elizabeth Arden, Robert Harris, reached out to Plaintiffs' counsel who filed the Motion to Compel to discuss the substance of the Motion and whether the parties could agree to resolve it. Elizabeth Arden's counsel was referred to Plaintiffs' trademark counsel, Gary Rinkerman. Elizabeth Arden's counsel explained to Plaintiffs' counsel that Elizabeth Arden did not notify the Swift Defendants of the Plaintiffs' Mark, and that Elizabeth Arden has no such documents evidencing such notification. Elizabeth Arden went even further to assuage Plaintiffs' suspicions by explaining to Plaintiffs' counsel that Elizabeth Arden did not perform a trademark clearance search for use of the name "Lucky 13" in relation to the Swift Fragrance. Finally, although not responsive, Elizabeth Arden, in an effort to amicably resolve the dispute, offered to provide Plaintiffs with a log of the names that were the subject of Elizabeth Arden's trademark clearance efforts in relation to the Swift Fragrance – none of which was "Lucky 13." Plaintiffs' counsel rejected the offer and stated Plaintiffs' intention to proceed with this Motion to Compel.

    On or about July 15, 2015, Plaintiffs' counsel, Gary Rinkerman, gave a statement to The Hollywood Reporter, which published an article discussing the California Lawsuit, the multiple subpoenas to third parties, and specifically addressing the discovery sought from Elizabeth Arden. In the article, Plaintiffs confirmed that they believe Elizabeth Arden performed a trademark clearance search for use of the name "Lucky 13" in relation to the Swift Fragrance, discovered Plaintiffs' Mark, notified the Swift Defendants about the existence of Plaintiffs' Mark, and as a result, "backed off" using the name "Lucky 13" for the Swift Fragrance. *See*

---

[4] The scheduling order in the California Lawsuit requires that discovery motions be heard by August 10, 2015, which is the day discovery closes. *See* Bentz Decl. at ¶ 9. Plaintiffs cannot compel further documents from the Swift Defendants because the deadline to file a motion and have it heard prior to August 10, 2015 has passed.

Case 1:14-cv-22973-RLC-DSM Document 56-1 Filed 07/10/15 Page 9 of 15
Case 1:14-cv-22973-RLC-DSM Document 56-1 Entered on FLSD Docket 07/30/2015 Page 7 of 15
#:1620

Bentz Decl. at ¶ 10, http://www.hollywoodreporter.com/thr-esq/taylor-swift-resisting-deposition-trademarks-808852.

## III.    <u>LEGAL ARGUMENT</u>

The Federal Rules of Civil Procedure mandate that parties are to take "reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Fed. R. Civ. P. 45(d)(1). When, as here, a party fails to take such reasonable steps it is incumbent upon the Court to enforce this duty. *Id.* ("The court for the district where compliance is required much enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.").

In determining whether a subpoena is unduly burdensome, courts consider the following factors:

    (1)     the producing party's non-party status;
    (2)     relevancy of the information sought to the underlying litigation;
    (3)     the need of the party for the documents;
    (4)     the breadth of the document requests; and
    (5)     the time period covered by the request versus the burden imposed on the producing party.

*See Friedman v. Dollar Thrifty Automotive Group*, 2015 WL 3484743, at *2 (M.D. Fla. June 2, 2015) (listing the factors); *Cytodyne Tech., Inc. v. Biogenic Tech., Inc.*, 216 F.R.D. 533 (M.D. Fla. 2003) (same); 9 Moore's Federal Practice § 45.52 (2015). These factors are balanced against the requesting party's need for the information. Whether the harm of a third party subpoena outweighs the need "falls within the sound discretion of the trial court." *Cytodyne*, 216 F.R.D. at 536.

Here, all of the factors weigh against Plaintiffs and against compelling Elizabeth Arden to produce documents or a witness for deposition. It is undisputed that Elizabeth Arden is not a party to the underlying litigation and, most importantly, played no role in the alleged

infringement.  *See* Motion to Compel at 1.  It is further undisputed that the Subpoenas are not

limited to any particular time period, as there are no time limits in the Subpoenas.  Likewise, the

breadth of the requests in both Subpoenas extends well beyond what Plaintiffs have articulated

they need from this case and beyond what is arguably relevant in the underlying litigation.

Plaintiffs cannot use a third party subpoena to seek information that is proprietary and

confidential to Elizabeth Arden when Elizabeth Arden had no role in the underlying acts of

infringement.  Indeed, Plaintiffs assert no basis for why Elizabeth Arden's internal documents

are relevant or discoverable in the underlying litigation.  Plaintiffs' only justification for the

Subpoenas is to seek correspondence with the Swift Defendants concerning Plaintiffs' Mark,

which does not implicate Elizabeth Arden's internal information.  In such circumstances, courts

have found subpoenas unduly burdensome and taken action to quash or limit the subpoenas.

> Rule 45(d)(3)(A) requires a district court to 'quash or modify a subpoena that ...
> subjects a person to undue burden.' If a subpoena compels disclosure of
> information that is not properly discoverable, then the burden it imposes, however
> slight, is necessarily undue: why require a party to produce information the
> requesting party has no right to obtain?

*AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014).

This Court likewise denied discovery in a similar case, *American Federation of State,

County and Municipal Employees v. Scott*, 277 F.R.D. 474, 478 (S.D. Fla. 2011).  *American

Federation* concerned whether mandatory drug testing violated the Fourth Amendment of the

U.S. Constitution.   *Id*. The defendant served a subpoena on the ACLU seeking internal

information and records relating to information the ACLU had about drug testing and its

opinions about drug testing.  *Id*. at 477-78.  The Court found that the ACLU's information or

opinions about drug testing had no bearing on whether mandatory drug testing violates the

8

Fourth Amendment. Rather, the subpoena to the ACLU seemed intended to attack or harass the ACLU for the role they were playing as counsel in the underlying litigation. *Id.*

Similarly here, Plaintiffs' Subpoenas create an undue burden for Elizabeth Arden because it seeks Elizabeth's Arden's proprietary information through internal documents, information, and correspondence, even though such information has no bearing on the underlying litigation. The Court should accordingly refuse to enforce Plaintiffs' Subpoenas beyond the discrete, "key" issue Plaintiffs contend is relevant to the underlying litigation – i.e., communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark. *See Friedman*, 2015 WL 3484743 at *3 ("subpoena served upon Hertz is likewise overbroad, 'tangential' to the underlying lawsuit, potentially harmful to Hertz, and, thus, unduly burdensome under Fed.R.Civ.P. 45(d)"); *Cytodyne Tech., Inc.*, 216 F.R.D. at 536 ("the Court finds Defendant has failed to show a substantial need for the requested information and it would be unduly burdensome to require a non-party to produce the documents requested and/or gather those documents which would be needed in preparation of deposition testimony…").

## IV. PLAINTIFFS' DISCOVERY REQUESTS TO ELIZABETH ARDEN

Taking Plaintiffs' justification for the Subpoenas as true, Plaintiffs believe Elizabeth Arden has information relating to whether and when the Swift Defendants knew about Plaintiffs' Mark. Motion to Compel at 2. Under Plaintiffs' theory, the only documents and information that would be relevant are communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark. Plaintiffs' Subpoenas, however, go well beyond this information:

**Document Request 1**: **All DOCUMENTS that REFER or RELATE to any written or oral communications between YOU and SWIFT CONCERNING the COMPLAINT and/or the ACTION.**

9

<u>Basis of Objection</u>:  The only relevant communications would be those concerning Plaintiffs' Mark, of which there are none.  Discussions about the Lawsuit or the underlying complaint, which would have taken place, if at all, well after the alleged infringement, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request 2:  All DOCUMENTS that REFER or RELATE to any written or oral communications between YOU and SWIFT CONCERNING the phrase "Lucky 13," LUCKY 13, the Lucky 13 Marks, and/or the LUCKY 13 WEBSITE.**

<u>Basis of Objection</u>:  The only relevant communications would be those concerning Plaintiffs' Mark, of which there are none.  All other communications are irrelevant if they did not concern Plaintiffs' Mark, and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request 3:  All DOCUMENTS that REFER or RELATE to YOUR trademark clearance efforts for the use and/or registration of the phrase "Lucky 13" in the United States commerce in connection with the SWIFT PERFUME, including but not limited to:  all trademark searches, trademark clearance reports or studies, and trademark opinion letters with regard to the use of the phrase "Lucky 13" (or a phrase that contains "Lucky 13" therein).**

<u>Basis of Objection</u>:  The "key" issue is whether Elizabeth Arden notified the Swift Defendants about the Plaintiffs' Mark.  To this end, the only relevant documents would be communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden notifies the Swift Defendants of Plaintiffs' Mark revealed by a trademark clearance search – of which there are none.[5]  Elizabeth Arden's internal trademark clearance searches themselves, which are proprietary and contain attorney-

---

[5] As stated *supra*, Elizabeth Arden did not perform a trademark clearance search for "Lucky 13" in relation to the Swift Fragrance.

client privileged information, are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request 4:  All DOCUMENTS that REFER or RELATE to YOUR or SWIFT's efforts to obtain United States Federal trademark registration of the phrase "Lucky 13" (or a phrase that contains "Lucky 13" therein), in connection with the SWIFT PERFUME.**

Basis of Objection:  Once again, the issue is the Swift Defendants' knowledge of the Plaintiffs' Mark, and the only relevant documents would be those in which the Swift Defendants were put on notice of the Plaintiffs' Mark – of which there are none. "Efforts" by either party to obtain a registration of Lucky 13 in connection with the Swift Fragrance that did not put the Swift Defendants on notice of Plaintiffs' Mark are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.[6]

**Document Request 5:  All DOCUMENTS REGARDING YOUR first awareness of the LUCKY 13 MARKS.**

Basis of Objection:  The issue is the Swift Defendants' awareness of Plaintiffs' Mark, not Elizabeth Arden's awareness.  Therefore, this request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request 6:  All DOCUMENTS RELATING to YOUR business relationship with SWIFT, including but not limited to internal communications, mock-ups, drawings, initial advertising copy, sample signs, brochures, posters, handbills, stationary, advertisements, displays, pre-printed contracts or forms, declas, webpages, and other advertising or promotional materials, on which the phrase "Lucky 13" appears.**

Basis of Objection:  The only relevant documents would be communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark – of which there are none.  All other information requested seeks Elizabeth Arden's confidential and proprietary business information,

---

[6] *See supra* note 3.

strategies and processes, and burdens Elizabeth Arden with gathering and producing all documents concerning its business relationship with the Swift Defendants, which information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request 7**: **ALL DOCUMENTS that REFER or RELATE to the [tumbler image].**

Basis of Objection: Unless it relates to communications between Elizabeth Arden and the Swift Defendants in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark (of which there are none), the information requested is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**Deposition Category 1**: **YOUR business relationship with SWIFT.**

Basis of Objection: The only aspect of Elizabeth Arden's business relationship with any of the Swift Defendants would be communications in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark (of which there were none). Otherwise, Elizabeth Arden's business relationship with Ms. Swift is confidential and proprietary, and should not be subject to discovery by Plaintiffs, as it is wholly irrelevant. This category belies Plaintiffs' claim that they seek narrow discovery for a discrete, "key" issue. Rather, it is an attempt by Plaintiffs to learn Elizabeth Arden's proprietary and confidential business information, strategies and processes, and is inappropriate.

**Deposition Category 2**: **The process for naming the SWIFT PERFUME, including all names and taglines considered.**

Basis of Objection. Once again, the only aspect of Elizabeth Arden's process for naming the Swift Fragrance would be communications in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark (of which there were none). Otherwise,

12

Elizabeth Arden's process for naming the Swift Fragrance is confidential and proprietary, and should not be subject to discovery by Plaintiffs, as it is wholly irrelevant.

**<u>Deposition Category 3</u>: The process for developing and implementing advertising of the SWIFT PERFUME, including the content and method of all advertising considered or used.**

<u>Basis of Objection</u>. Again, the only aspect of Elizabeth Arden's advertising for the Swift Fragrance would be communications in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark (of which there were none). Otherwise, Elizabeth Arden's advertising process and strategies for naming the Swift Fragrance are confidential and proprietary, and should not be subject to discovery by Plaintiffs, as they are wholly irrelevant.

**<u>Deposition Category 4</u>: YOUR actual use or consideration of the use of the phrase "Lucky 13" in connection with the SWIFT PERFUME.**

<u>Basis of Objection</u>: The only issue is whether Elizabeth Arden put the Swift Defendants on notice of Plaintiffs' Mark – which did not happen. All other information would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**<u>Deposition Category 5</u>: YOUR trademark clearance process.**

<u>Basis of Objection</u>: As set forth above, the only aspect of Elizabeth Arden's trademark clearance process would be communications in which Elizabeth Arden puts the Swift Defendants on notice of Plaintiffs' Mark (of which there were none). Otherwise, Elizabeth Arden's trademark clearance process is confidential and proprietary, and should not be subject to discovery by Plaintiffs, as it is wholly irrelevant.

Moreover, before seeking any of this information from Elizabeth Arden, Plaintiffs should have first obtained the relevant materials directly from the Swift Defendants. Plaintiffs admit they have sought the information they deem necessary from the Swift Defendants. The Swift

Defendants concluded their production in April 2015, confirmed the complete production of the Swift Defendants' documents related to Elizabeth Arden in May 2015, and will be sitting for depositions during the week of July 21, 2015. *See* Bentz Decl. at ¶ 6. Plaintiffs should be required to complete their discovery from the parties in the case before this Court compels discovery from a third party. Nonetheless, Elizabeth Arden has searched for communications with the Swift Defendants in which Elizabeth Arden put the Swift Defendants on notice of Plaintiffs' Mark, and has not found any information.

## V.   <u>CONCLUSION</u>

For these reasons set forth above, this Court should deny Plaintiffs' Motion to Compel and sustain Elizabeth Arden's objections to the Subpoenas.

## VI.   <u>PROTECTIVE ORDER</u>

If the Court is inclined to grant any portion of Plaintiffs' Motion to Compel, Elizabeth Arden respectfully requests that any resulting production be considered "highly confidential" under the terms of the Protective Order agreed to by Plaintiffs and the Swift Defendants and entered by the federal court in the California Lawsuit. A protective order is particularly necessary given Plaintiffs' willingness to provide the entertainment media with statements concerning the case and its Subpoenas to Elizabeth Arden.

14

Dated: July 20, 2015

Respectfully submitted,

**STACK FERNANDEZ ANDERSON**
**& HARRIS, P.A.**
Attorneys for Elizabeth Arden
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel. 305.371.0001

By: s/ Robert Harris
       Brian J. Stack
       Fla. Bar No. 0476234
       E-mail: bstack@stackfernandez.com
       Robert Harris, Esq.
       Fla. Bar No. 0817783
       E-mail: rharris@stackfernandez.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2015, a true and correct copy of the foregoing has been sent by email/CM-ECF to:

Louis R. Gigliotti, Esq.
LOUIS R. GIGLIOTTI, PA
1605 Dewey Street
Hollywood, Florida 33020
Tel. 954.471.4392
Email: lgigliotti@bellsouth.net
**Attorneys for Movant Blue Sphere, Inc. and Robert A. Kloetzly**

By: s/ Robert Harris
       Robert Harris

15

# EXHIBIT H

Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
STRADLING YOCCA CARLSON &
RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

Attorneys for Plaintiffs Blue Sphere, Inc.,
doing business as Lucky 13, and Robert A.
Kloetzly

Gary J. Rinkerman (*Pro Hac Vice*)
  Gary.Rinkerman@dbr.com
Brian A. Coleman (*Pro Hac Vice*)
  Brian.Coleman@dbr.com
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone:  (202) 842-8868
Facsimile:  (202) 842-8465

Attorneys for Plaintiffs
Blue Sphere, Inc. doing business as
Lucky 13 and Robert A. Kloetzly

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, AMERICAN GREETINGS CORPORATION, an Ohio Corporation; et al.,<br><br>Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>**PLAINTIFF LUCKY 13'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS TAYLOR A. SWIFT, TAYLOR NATION, LLC, TAYLOR SWIFT PRODUCTIONS, INC., SWIFT MERCHANDISING, INC., AND TAS RIGHTS MANAGEMENT, LLC** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 61

PROPOUNDING PARTY:    Plaintiff Blue Sphere, Inc., doing business as Lucky 13

RESPONDING PARTIES:    Defendants Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., and TAS Rights Management, LLC

SET NUMBER:    Three

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Blue Sphere, Inc., doing business as Lucky 13, hereby requests that Defendants Taylor A. Swift, Taylor Nation, LLC, Taylor Swift Productions, Inc., Swift Merchandising, Inc., and TAS Rights Management, LLC respond to and produce all documents responsive to the numbered requests set forth below, at the offices of Stradling Yocca Carlson & Rauth, P.C., 100 Wilshire Blvd, Suite 400, Santa Monica, California 90401 within 30 days of the date of this request.

## DEFINITIONS

1.    The term "DOCUMENT" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments or any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**EXHIBIT H - Page 62**

1  records or representations of any kind (including without limitation, e-mail, tapes,

2  cassettes, discs and records).

3      2.      The term "AGREEMENT" shall mean a negotiated and legally

4  binding arrangement between parties as to a course of action.

5      3.      The terms "CONCERNING," "EVIDENCING," "MENTION,"

6  "REFER," "REFERRING," "REFLECTING," "RELATE," "RELATING" and

7  shall be construed in their broadest sense and shall mean describing, setting forth,

8  discussing, mentioning, commenting on, having any connection, association, or

9  concern with, or any relevance, relation, pertinence, or applicability to, or any

10  implication or bearing upon, or constituting evidence of the subject of the inquiry.

11      4.      The term "PHOTOGRAPH(S)" means a picture made using a camera

12  or other electronic device, in which an image is focused onto film or other light-

13  sensitive material and then made visible and permanent by chemical treatment, or

14  stored digitally.

15      5.      The term "VIDEO(S)" means the recording, reproducing, or

16  broadcasting of moving visual images; a recording of moving visual images made

17  digitally or on videotape.

18      6.      The term "TAYLOR SWIFT," "YOU," and "YOUR," shall mean and

19  refer to Defendant Taylor A. Swift.

20      7.      The term "SWIFT MANAGEMENT" shall mean and refer to any or

21  all of the following:

22          a.      Defendant Taylor Nation, LLC, its agents, employees,

23  servants, representatives, accountants, attorneys, and all other persons acting

24  or purporting to act on its behalf;

25          b.      Defendant Taylor Swift Productions, Inc., its agents,

26  employees, servants, representatives, accountants, attorneys, and all other

27  persons acting or purporting to act on its behalf;

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DOCSSM/3017333v6/102261-0094          EXHIBIT H - Page 63

1   c.   Defendant Swift Merchandising, Inc., its agents, employees,

2   servants, representatives, accountants, attorneys, and all other persons acting

3   or purporting to act on its behalf;

4   d.   Defendant TAS Rights Management, LLC, its agents,

5   employees, servants, representatives, accountants, attorneys, and all other

6   persons acting or purporting to act on its behalf;

7   e.   Firefly Entertainment, Inc., its agents, employees, servants,

8   representatives, accountants, attorneys, and all other persons acting or

9   purporting to act on its behalf; and,

10   f.   13 Management, LLC, its agents, employees, servants,

11   representatives, accountants, attorneys, and all other persons acting or

12   purporting to act on its behalf.

13   8.   The term "APPLE" shall mean and refer to Apple, Inc., its agents,

14   employees, servants, representatives, accountants, attorneys, and all other persons

15   acting or purporting to act on its behalf.

16   9.   The term "ELIZABETH ARDEN" shall mean and refer to Elizabeth

17   Arden, Inc., 2400 S.W. 145th Avenue, 2nd Floor, Miramar, Florida 33027, its

18   agents, employees, servants, representatives, accountants, attorneys, and all other

19   persons acting or purporting to act on its behalf.

20   10.   The term "ETSY" shall mean and refer to Etsy, Inc., its agents,

21   employees, servants, representatives, accountants, attorneys, and all other persons

22   acting or purporting to act on its behalf.

23   **INSTRUCTIONS**

24   1.   When producing the documents, please keep all documents segregated

25   by the file in which the documents are contained and indicate the name of the file

26   in which the documents are contained.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
DOCSSM/3017333v6/102261-0094
**EXHIBIT H - Page 64**

2.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

3.     In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose and are unavailable to be produced, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

4.     If any document to be produced has been destroyed or is otherwise incapable of production, state:

    a.     the date, place and means of destruction;

    b.     the name and address of each person deciding upon, participating in and having knowledge of the destruction;

    c.     the reason for the destruction; and,

    d.     if not destroyed, the reason why the document is incapable of production.

5.     If you claim that the attorney/client or any other privilege or the attorney work-product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, author(s), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work-product doctrine as will permit the adjudication of the propriety of the claim.

6.     The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

7.     The terms "each," "any," and "all" shall be construed as necessary to make the request more inclusive.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
DOCSSM/3017333v6/102261-0094   EXHIBIT H - Page 65

8.    As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall include each of the other genders.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUTCTION NO. 98:**

All DOCUMENTS YOU have signed that concern, in whole or part, YOUR trademark rights or claims.

**REQUEST FOR PRODUCTION NO. 99:**

All DOCUMENTS that REFER or RELATE to YOUR written statement on June 23, 2015, that ". . . Every artist has the right to and should protect the use of their name and likeness."

**REQUEST FOR PRODUCTION NO. 100:**

All DOCUMENTS that REFER, RELATE to or MENTION YOUR efforts to stop the purported infringement of YOUR trademarks and other intellectual property rights by users and shop owners of ETSY.

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS that REFER, RELATE to or MENTION YOUR efforts to stop the purported infringement of YOUR trademarks and other intellectual property rights by users and shop owners of Café Press.

**REQUEST FOR PRODUCTION NO. 102:**

All DOCUMENTS that REFER, RELATE to or MENTION YOUR efforts to stop the purported infringement of YOUR trademarks and other intellectual property rights by third parties.

**REQUEST FOR PRODUCTION NO. 103:**

All AGREEMENTS between YOU and APPLE between January 1, 2012 and the present that REFER, RELATE to or MENTION YOUR ownership and retention of intellectual property.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 66

**REQUEST FOR PRODUCTION NO. 104:**

All DOCUMENTS that REFER, RELATE to or MENTION YOUR June 21, 2015 written statement entitled "To Apple, Love Taylor," that, "I'm not sure you know that Apple Music will not be paying writers, producers or artists for those three months. . . .  I find it to be shocking, disappointing and completely unlike this historically progressive and generous company. . . .  We don't ask you for free iPhones.  Please don't ask us to provide you with our music for no compensation," including all drafts.

**REQUEST FOR PRODUCTION NO. 105:**

DOCUMENTS sufficient to show the PERSON responsible for posting each specific message on any of YOUR personal social media accounts, including but not limited to Twitter, Facebook, and Instagram, since 2012.

**REQUEST FOR PRODUCTION NO. 106:**

All DOCUMENTS that REFER or RELATE to YOUR negotiations with ELIZABETH ARDEN REGARDING a business or license agreement in 2010 or thereafter, including but not limited to a fully executed copy of any such business or license agreement.

**REQUEST FOR PRODUCTION NO. 107:**

All DOCUMENTS REFERRING to any of YOUR songs as "rockabilly."

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS REFERRING to any of YOUR songs as "rock" or a form of "rock."

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS that REFER or RELATE to YOUR participation in a photo shoot or video production in a tattoo parlor, including, but not limited to any discussed by your representative and a representative of Plaintiffs.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 67

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS that REFER or RELATE to YOUR participation in a photo shoot or video production that used latex apparel purchased or otherwise obtained from a store that offer erotic apparel, such as fetish clothing.

**REQUEST FOR PRODUCTION NO. 111:**

All DOCUMENTS that REFER or RELATE to YOUR participation in a photo shoot or video production that involved a motorcycle, vintage car, hot rod, or an American automobile manufactured before 1980.

**REQUEST FOR PRODUCTION NO. 112:**

All DOCUMENTS that REFER or RELATE to YOUR participation in a photo shoot or video production that involved clothing in a vintage style associated with or emulating styles of the 1940s, 1950s or 1960s.

**REQUEST FOR PRODUCTION NO. 113:**

All PHOTOGRAPHS and VIDEOS of YOU in which YOU are shown with a real or fake tattoo (*i.e.*, ink of any kind on YOUR body), as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

**REQUEST FOR PRODUCTION NO. 114:**

All PHOTOGRAPHS and VIDEOS of YOU in which YOUR breasts are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

**REQUEST FOR PRODUCTION NO. 115:**

All PHOTOGRAPHS and VIDEOS of YOU in which YOUR buttocks are at least partially visible, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 68

**REQUEST FOR PRODUCTION NO. 116:**

All PHOTOGRAPHS and VIDEOS of YOU wearing the apparel depicted on the next page, which is from the 2014 MTV Video Music Awards, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO and when.



STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
DOCSSM/3017333v6/102261-0094  EXHIBIT H - Page 69

**REQUEST FOR PRODUCTION NO. 117:**

All PHOTOGRAPHS and VIDEOS of YOU wearing the apparel depicted below, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.



-9-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
EXHIBIT H - Page 70
DOCSSM/3017333v6/102261-0094

**REQUEST FOR PRODUCTION NO. 118:**

All PHOTOGRAPHS and VIDEOS of YOU wearing the lingerie depicted on the next page at least as part of the 2014 Victoria's Secret show, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such video or photograph and when.



/ / /

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-10-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094   EXHIBIT H - Page 71

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



© David Fisher/REX

17 | **REQUEST FOR PRODUCTION NO. 119:**

18      All PHOTOGRAPHS and VIDEOS of YOU wearing the apparel on the next

19 page, which YOU wore at least to the 2013 County Music Awards, as well as all

20 DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such

21 PHOTOGRAPH and VIDEO, and where and when.

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-11-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094     EXHIBIT H - Page 72

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



© Kevin Mazur/WireImage

21

22 **REQUEST FOR PRODUCTION NO. 120:**

23     All PHOTOGRAPHS and VIDEOS of YOU wearing lingerie or attire

24 procured from an adult or sex shop, including but not limited to the images on the

25 next page, as part of YOUR "Bad Blood" music video, as well as all

26 DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such

27 PHOTOGRAPH and VIDEO, and where and when.

28 / / /

STRADLING YOCCA
CARLSON & RAUTH
Lawyers
Santa Monica

-12-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
DOCSSM/3017333v6/102261-0094     EXHIBIT H - Page 73

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-13-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**
DOCSSM/3017333v6/102261-0094   EXHIBIT H - Page 74

**REQUEST FOR PRODUCTION NO. 121:**

All PHOTOGRAPHS and VIDEOS of YOU wearing the below apparel, which is from YOUR "Blank Space" video, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.





/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

DOCSSM/3017333v6/102261-0094   EXHIBIT H - Page 75

**REQUEST FOR PRODUCTION NO. 122:**

All PHOTOGRAPHS and VIDEOS of YOU wearing red dresses, including, but not limited to, the below apparel, as well as all DOCUMENTS REFLECTING, EVIDENCING, or revealing who took each such PHOTOGRAPH and VIDEO, and where and when.

 

/ / /

/ / /

/ / /

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-15-

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 76

**REQUEST FOR PRODUCTION NO. 123:**

DOCUMENTS sufficient to show any and all PRODUCTS affiliated with YOU that were marketed or sold through Journeys.

**REQUEST FOR PRODUCTION NO. 124:**

DOCUMENTS sufficient to show any and all PRODUCTS affiliated with YOU that were marketed or sold through Hot Topic.

**REQUEST FOR PRODUCTION NO. 125:**

DOCUMENTS sufficient to show any and all PRODUCTS affiliated with YOU that were marketed or sold through Disney.

**REQUEST FOR PRODUCTION NO. 126:**

DOCUMENTS sufficient to show any and all PRODUCTS affiliated with YOU that were marketed or sold at one or more of the following locations: (a) Bridgewater Commons in Bridgewater, New Jersey; (b) Circle Centre in Indianapolis, Indiana; (c) Coastland Center in Naples, Florida; (d) Greenbrier Mall in Chesapeake, Virginia; (e) Marley Station in Glen Burnie, Maryland; (f) Smith Haven Mall in Lake Grove, New York; (g) Southern Park Mall in Youngstown, Ohio; (h) The Mall at Robinson in Pittsburgh, Pennsylvania; (i) The Mall in Columbia, located in Columbia, Maryland; (j) Westroads Mall in Omaha, Nebraska; (k) Governor's Square Mall in Nashville, Tennessee; (l) Sawgrass Mills in Sunrise, Florida; (m) South Hills Village in Bethel Park, Pennsylvania;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Stradling Yocca
Carlson & Rauth
Lawyers
Santa Monica

-16-

THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

DOCSSM/3017333v6/102261-0094

EXHIBIT H - Page 77

1   (n) Westfield Culver City in Culver City, California; (o) Westfield Topanga in

2   Topanga, California; and, (p) Westminster Mall in Westminster, California.

3

4   DATED:  July 8, 2015                    STRADLING YOCCA CARLSON
                                            & RAUTH, P.C.
5
                                    By:    *s/ Justin Klaeb*_____
6                                          Mark L. Skaist
                                           Jason de Bretteville
7                                          Gary J. Rinkerman
                                           Brian A. Coleman
8                                          Justin Klaeb
                                           Attorneys for Plaintiffs,
9                                          Blue Sphere, Inc., doing business as
                                           Lucky 13, and Robert A. Kloetzly
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-17-

**THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

EXHIBIT H - Page 78

# CERTIFICATE OF SERVICE

I certify that on <u>July 8, 2015</u> the foregoing document

**PLAINTIFF LUCKY 13'S THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS TAYLOR A. SWIFT, TAYLOR NATION, LLC, TAYLOR SWIFT PRODUCTIONS, INC., SWIFT MERCHANDISING, INC., AND TAS RIGHTS MANAGEMENT, LLC**

was served on all parties or their counsel of record through email by serving a true and correct copy at the addresses listed below:

J. Douglas Baldridge (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4703
Facsimile:  (202) 344-8300
Email:  jbaldridge@venable.com

Tamany Vinson Bentz
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901
Email:  tjbentz@venable.com

Andrew T. Hernacki (*pro hac vice*)
Venable LLP
575 7th Street, NW
Washington D.C., 20004
Telephone:  (202) 344-4264
Facsimile:  (202) 344-8300
Email:  athernacki@venable.com

Attorneys for Defendants Taylor A. Swift; Taylor Nation, LLC; Taylor Swift Productions, Inc.; Swift Merchandising, Inc.; TAS Rights Management, LLC; and American Greetings Corporation


<u>s/ Sarah Lee</u>                                   July 8, 2015
                                                              Date

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

- 1 -

CERTIFICATE OF SERVICE

DOCSSM/3017333v6/102261-0094          **EXHIBIT H - Page 79**

# EXHIBIT I



**THR,**
**ESQ.**

**SUBSCRIBE**

POWER            POWER BUSINESS

JULY 15, 2015 2:07pm PT by Eriq Gardner

# Taylor Swift Resisting Deposition About Trademarks and Perfumes



Eric Jamison/Invision/AP

ADVERTISEMENT

**Taylor Swift** might have to open up about her closely-followed business endeavors, but it will be up to a California judge to decide whether she

**EXHIBIT I - Page 80**



should appear for a deposition.

The superstar singer is currently being sued by the Orange County-based clothing company Blue Sphere Inc. for selling "Lucky 13" apparel and, in partnership with a greeting card company, conducting a "Lucky 13" sweepstakes. Blue Sphere holds several registered trademarks on

  

# As a clothing company aims to pin the singer as a sophisticated entrepreneur who understands the finer points of her business, Swift's reps are warning the judge not to allow harassment.

the "Lucky 13" mark and has alleged that Swift's merchandising is confusing consumers.

Last September, a California federal judge rejected a motion to dismiss and allowed the parties to pursue discovery in advance of a trial currently scheduled for November, though it may be pushed back to January.

Given the green light to proceed, the plaintiff has undertaken a broad inquiry into the way Swift files trademark registrations and decides which marks to use. This investigation has potential to shed light on a lot of the speculation that occurred after Swift sought protection on "this sick beat" and other lines from her *1989* album.

Blue Sphere has also been researching Swift's endorsement deals and negotiations. Subpoenas have been served to Elizabeth Arden, Coca-Cola Company, Proctor & Gamble, Toyota Motor Sales and Papa John's, among others.

The interest in Elizabeth Arden is particularly acute after attorneys for the plaintiff noticed blog and social media posts from 2013 that referenced a "Lucky 13" fragrance. The plaintiffs believe that Swift and Arden may have considered naming a perfume as such before backing off. The plaintiff wants to know whether they conducted a trademark search and had early awareness

**EXHIBIT I - Page 81**

that someone else held registration on "Lucky 13."

Arden is resisting a subpoena, and so is William Morris Endeavor, the agency that Blue Sphere's attorneys believe brokered negotiations.

Perhaps most importantly there is the question of whether Swift will have to testify under oath about her business dealings. A motion seeking to force her to sit for a deposition is being filed under seal, but other court papers hint that the issue could go beyond scheduling as the plaintiff has indicated a willingness to travel and depose her on a break from her tour.

**Gary Rinkerman**, an attorney for Blue Sphere, tells *The Hollywood Reporter* he's limited by what he can say about the matter, but does offer that, "Ms. Swift would prefer not to be deposed, and their attorneys are acting on it. We have come back with the argument that she is very much in charge of her business and can say yes or no to a trademark."

Swift's sophistication on business matters, like her well-publicized battles with Spotify and Apple, have been the subject of fawning news articles, but could end up harming her in this litigation if such savvy becomes evidence of how she plays a hands-on role in her commercial endeavors and was aware that "Lucky 13" was already trademarked. A deposition would surely address her well developed portfolio of trademarks, but could also venture into unexpected territory. It's become common for celebrities and corporate CEOs to see deposition demands and to fight them as a fishing expedition.

A source within Taylor's organization says they have filed a motion to quash the deposition request and adds, "Our side has submitted a sworn signed statement that says she has no relevant first hand knowledge of the allegations in their complaint. The defendants are opposing the effort to take the deposition because it is harassing and burdensome, especially in light of her lack of relevant knowledge and her *1989* world tour."

**EXHIBIT I - Page 82**