Mark L. Skaist (SBN 156090)
  mskaist@SYCR.com
Jason de Bretteville (SBN 195069)
  jdebretteville@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Telephone:  (949) 725-4000
Facsimile:  (949) 823-5094

Justin Klaeb (SBN 254035)
  jklaeb@SYCR.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, California 90401
Telephone:  (424) 214-7000
Facsimile:  (424) 214-7010

Attorneys for Plaintiffs Blue Sphere, Inc. doing business as Lucky 13 and Robert A. Kloetzly

Gary J. Rinkerman
(*Pro Hac Vice*)
  Gary.Rinkerman@dbr.com
Brian A. Coleman
(*Pro Hac Vice*)
  Brian.Coleman@dbr.com
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W.
Washington, DC 20005-1209
Telephone:  (202) 842-8868
Facsimile:  (202) 842-8465

Attorneys for Plaintiffs
Blue Sphere, Inc. doing business as Lucky 13 and Robert A. Kloetzly

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE SPHERE, INC., a California Corporation doing business as LUCKY 13, and ROBERT A. KLOETZLY, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR A. SWIFT, an individual, TAYLOR NATION, LLC, a Tennessee Limited Liability Company, TAYLOR SWIFT PRODUCTIONS, INC., a Tennessee Corporation, SWIFT MERCHANDISING, INC., a Tennessee Corporation, TAS RIGHTS MANAGEMENT, LLC, a Tennessee Limited Liability Company, AMERICAN GREETINGS CORPORATION, an Ohio Corporation; et al.,<br><br>Defendants. | CASE NO.:  8:14-cv-00782 CJC-DFM<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER**<br><br>Hearing: August 10, 2015<br>Time: 1:30 p.m.<br>Courtroom:  9B<br><br>Complaint Filed:  May 20, 2014<br>Trial:  November 17, 2015 |

Plaintiffs Lucky 13 and Robert A. Kloetzly (collectively, "Plaintiffs" or "Lucky 13") respectfully submit this reply brief in support of their Motion to Amend the Scheduling Order.

## I. INTRODUCTION

In their opposition brief Defendants seek to deflect the Court's focus from their abusive and dilatory discovery tactics to Plaintiffs' purported "harassing" attempt to depose one of the defendants in this action. There is no basis for Defendants' claims. Lucky 13 has diligently sought party and nonparty discovery in this action while Defendants have sought to delay Plaintiffs' efforts at every opportunity. That is the only reason why Plaintiffs now seek a modest amendment to the schedule. Defendants' claims of prejudice are equally hollow and unsubstantiated, including a blanket and unsupported statement that they are not available *at all* "in the fall and winter." Defendants' own actions and obstinate delays forced Plaintiffs to seek this amendment, and Defendants' purported showing of prejudice falls far short.

## II. ARGUMENT

### A. Defendants' Opposition Brief Only Highlights Plaintiffs' Diligence in Attempting to Obtain Discovery in This Action.

Because Defendants cannot deny their sustained effort to thwart discovery this matter, they instead attempt to shift the Court's focus to the purportedly "harassing" discovery Plaintiffs have sought.[1] Dkt. No. 56 at 2. Defendants' baseless mudslinging does not stand up under scrutiny.

For example, despite the number of document requests Plaintiffs served, the six Defendants have *collectively* produced fewer than 1,500 documents. Second Declaration of Justin Klaeb ("Second Klaeb Decl.") ¶ 2. Defendants produced

---

[1] Defendants also raise a number of plainly irrelevant arguments, such as Plaintiffs' recent voluntary dismissal of their trademark dilution claim, a routine narrowing of claims for trial that has no bearing on the discovery Defendants have prevented Plaintiffs from completing.

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**
LITIOC/2121619v1/102261-0094

more than one-third of those documents between June 18 and July 2, 2015, in response to the Court's order on Plaintiffs' motion to compel—well after the April 30, 2015 "document production completion" date that Defendants would have the Court believe they somehow met. *Id.*

Defendants have repeatedly flouted Plaintiffs' discovery requests and agreements made during meet and confer discussions, forcing Plaintiffs to move to compel more than seventy document requests and interrogatories and to engage in motion practice simply to depose named defendant Taylor Swift.[2]  Dkt. Nos. 41, 55.  Conversely, Plaintiffs have cooperated in discovery, giving Defendants no reason to file any motions regarding their discovery requests.

Moreover, contrary to Defendants' opposition brief, Dkt. No. 56 at 5-6, Defendants supplemented their interrogatory responses only after Plaintiffs' repeated efforts to obtain proper substantive responses, through meet and confer efforts and the aforementioned motion to compel.  For example, on March 6, 2015 Defendants responded to multiple interrogatories by stating that responsive information would be provided "once a protective order has been entered."  Second Klaeb Decl. Ex. 11.  The Court entered the Protective Order on April 2, 2015.  Dkt. No. 40.  Defendants then failed to provide the responsive information, or even timely responses to Plaintiffs' inquiries.  For example, Plaintiffs followed-up on June 18, 2015.  *Id.* Ex. 12.  It took Defendants almost two weeks just to respond to Plaintiffs' follow-up email, and another nine days to provide the promised

---

[2] Plaintiffs filed their motion to compel because Defendants refused to state whether or not they would produce responsive documents to dozens of requests. Only *after* Plaintiffs filed the motion did Defendants acknowledge that they would produce responsive documents to about forty of the requests at issue.  Dkt. Nos. 41-1 and 42.  The parties further resolved several requests at the hearing on the motion, at the Court's urging.  Dkt. No. 43.  The Court then ruled on the remaining twenty-four unresolved requests and granted ***all*** of them, subject to the Court's minor modifications to a subset of the requests.  Thus, it took a motion to compel simply to force Defendants to properly respond to over forty requests after months of feet-dragging, and to produce documents responsive to dozens more.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-2-

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**

LITIOC/2121619v1/102261-0094

responses on July 10, 2015, *over three months after the Protective Order was entered*. Id. Exs. 12-13.

Defendants have routinely refused to respond to discovery in good faith and have forced Plaintiffs to expend countless hours just to obtain plainly discoverable materials and information, necessitating the modest extension to the schedule Plaintiffs seek here. They have delayed and forced delay via motions practice, and they now seek to be rewarded for their inappropriate behavior.

### B. Plaintiffs Have Demonstrated Good Cause For a Short Extension.

As explained in their opening brief and above, Defendants' actions have caused significant delays in Plaintiffs' ability to complete discovery within the current schedule. Among other things, the parties are now engaged in motion practice simply over whether Plaintiffs can take the deposition of defendant Taylor Swift. If the Court orders Ms. Swift to sit for her deposition, it will necessarily take place after the current discovery cutoff. Plaintiffs have remained flexible as to the scheduling of the deposition; Ms. Swift has not.

Moreover, Plaintiffs may need to seek to depose additional individuals based on Ms. Swift's testimony.[3] As Plaintiffs have explained in detail in their briefing on Defendants' motion for a protective order (Dkt. Nos. 55-1, 62), Ms. Swift has extensive relevant knowledge, her self-serving declaration notwithstanding. Moreover, Lucky 13 noticed Ms. Swift's deposition well-within the discovery period and, contrary to Defendants' assertions, *before* Defendants completed their document production.[4] Plaintiffs offered to accommodate Ms. Swift's schedule

---

[3] Defendants claim that Plaintiffs would have insufficient time to do so even if Ms. Swift appeared for her deposition as noticed, but twenty days is sufficient time to notice a deposition or issue a subpoena.

[4] Defendants noticed all of their depositions in this action in May and June 2015. Second Klaeb Decl. ¶ 6. Defendants seem to argue that Lucky 13 was under an obligation to notice Ms. Swift's deposition well in advance of any other "normal" person's deposition. Plaintiffs are not required to conduct their case differently just because a celebrity is one of the defendants.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-3-
**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**
LITIOC/2121619v1/102261-0094

(including location), as Ms. Swift has several periods of multiple days in a row without performances, but Defendants have rejected that offer.[5]  Dkt. No. 55-1 at 24.

Plaintiffs also have been delayed in obtaining nonparty discovery. Plaintiffs' motion to compel against Elizabeth Arden ("Arden") in the Southern District of Florida is fully briefed as of today, but there is no hearing scheduled and no timeline for an order.  The motion seeks documents and a deposition, which would be nearly impossible to fit within the existing discovery cutoff.  Regarding the purported "delay" in filing the motion, Defendants agreed to "tell [Plaintiffs] when we think all Elizabeth Arden documents have been produced or whether there were none to produce" – but they never did.  Klaeb Decl. Exs. 8-9.  When Lucky 13 sought to meet and confer with Arden (also represented by Defendants' counsel), Arden refused even to meet in confer in good faith, promising to respond in writing and then never doing so, forcing Lucky 13 to file a motion against Arden in Florida.  Second Klaeb Decl. ¶ 7.  True to form, only *after* filing that motion has Arden attempted to resolve the dispute on terms it deems acceptable but in fact largely ignored the actual requests in the subpoena.  *See id.*

Furthermore, based on this history, it is reasonable to assume that Plaintiffs may be forced to file yet another motion to compel against Defendants concerning discovery that is still outstanding.  *See* Dkt. No. 56 n.4 ("Upon an initial review [of pending requests], Defendants do not believe they will need to produce additional documents.").  Of course, Plaintiffs do not have time to file another motion to compel under the current schedule.

---

[5] Contrary to their assertion, Defendants did in fact wait nine days to inform Lucky 13 that Ms. Swift would not sit for her deposition.  Klaeb Decl. ¶¶ 9-10 & Exs. 4-5. The idea that Ms. Swift's refusal to sit for her deposition is tied in any way to Plaintiffs' deposition testimony is laughable.  Moreover, Plaintiff is not required to know precisely what Ms. Swift will testify about prior to her deposition.  She stands accused of infringing Lucky 13's trademark and is a proper defendant.  She lost on her motion to dismiss (*see* Dkt. No. 29) and is subject to a deposition, just like any other defendant.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-4-

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**

LITIOC/2121619v1/102261-0094

### C. **Defendants Have Shown No Actual Prejudice, Only the Transparent Attempt to Create an Illusion of it.**

The focus of the inquiry on a motion to amend the schedule is on the moving party's diligence, not the existence or degree of prejudice to the nonmoving party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Regardless, Defendants' claim of "prejudice" is hollow and manufactured.

First, Defendants claim that Plaintiffs are using discovery to harass them. This is an attempt to distract the Court's attention from Defendants' refusal to participate in good faith in discovery. Defendants fail to provide a single example of a "duplicative request" or any instance in which they have had to point out "documents already produced," if even such actions would constitute harassment. *See* Dkt. No. 56 at 2. Moreover, the two "salacious" document requests Defendants include in their opposition brief are tied *directly to their own counsel's deposition questioning of Plaintiffs*:

> Q. Have you ever seen a photograph of Taylor Swift in any remotely similar look to what we see on this page?
> MR. RINKERMAN: Object[ion] as vague.
> THE WITNESS: I've actually just seen a video not that long ago with, I think, similar – similar characteristic of it, yes.
> Q. *You've seen her showing her breasts?*
> A. No. This woman is not showing her breasts either.
> Q. *That's one of things where we might disagree on that. If you see Taylor showing her top of her buttocks in a thong?* [sic]
> A. I'd have to go watch the whole video again to tell you exactly what I thought about it. But no, I don't know offhand.

Second Klaeb Decl. Ex. 14 (emphasis added). Defendants, not Plaintiffs, have made an issue of whether and to what extent Ms. Swift dresses and portrays herself in a manner similar to the image of Lucky 13, which is what the discovery requests concern. Defendants also claim that Lucky 13 has had a "14 month discovery period" to purportedly harass Defendants but fail to explain how that could be

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-5-

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**

LITIOC/2121619v1/102261-0094

accurate. *See* Dkt. No. 56 at 3. Lucky 13 served its first discovery requests in August and September 2014, after conducting Rule 26(f) conferences with the Swift Defendants and American Greetings in August and September 2014. Klaeb Decl. ¶ 2; Dkt. No. 48 at 5.

Second, as another purported example of prejudice, Defendants contend that Plaintiffs' counsel commented to a reporter about information "filed under seal." Dkt. No. 56 at 10. This is a complete falsity. Not surprisingly, Defendants fail to explain what Plaintiffs' counsel stated that was "filed under seal." The full article at issue is attached to Ms. Bentz's Declaration. Bentz Decl. Ex. I. It contains no mention whatsoever of any information filed under seal.[6] Notably, "[a] source within Taylor's organization" also commented for the article on Defendants' argument for seeking a protective order. *Id.*

Third, Defendants claim that they have scheduled "other trials in fall and winter." Dkt. No. 56 at 8. They provide no specifics or support for the statement. It is not even clear if lead counsel or someone else on the trial team has a purported scheduling conflict, and if so when. Defendants merely state that their counsel is not available, *at all*, in the entirety of the fall and winter (*i.e.*, a sixth month period) other then the current trial date. This is a transparent and baseless attempt to create prejudice from whole cloth.

## III. CONCLUSION

Defendants' delays have prejudiced Plaintiffs' ability to conduct and complete discovery within the current schedule. Plaintiffs request a modest amendment to the Scheduling Order to permit them to complete discovery by late

---

[6] Lucky 13 filed an application to file under seal certain limited references to materials produced by a nonparty, which the Court granted. Dkt. Nos. 51-52. Other than a handful of lines that were redacted (per Lucky 13's request), the filings at issue were filed publically. Lucky 13 has gone to great lengths to ensure that materials designated under the Protective Order are not revealed to the public. Defendants' baseless accusation that Lucky 13's counsel has disregarded the Protective Order and its own under seal filing is shameful (not to mention completely irrelevant to the issue before the Court).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-6-

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**

LITIOC/2121619v1/102261-0094

September instead of mid-August, and have demonstrated good cause for the request. Plaintiffs respectfully request that the Court grant their Motion to Amend the Scheduling Order.

DATED: July 27, 2015         STRADLING YOCCA CARLSON & RAUTH, P.C.

By: /s/ Justin Klaeb
    Mark L. Skaist
    Jason de Bretteville
    Gary J. Rinkerman
    Brian A. Coleman
    Justin Klaeb
    Attorneys for Plaintiffs Blue Sphere, Inc., doing business as Lucky 13, and Robert A. Kloetzly

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
SANTA MONICA

-7-

**PLAINTIFFS' REPLY BRIEF ISO MOTION TO AMEND**

LITIOC/2121619v1/102261-0094